UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., ) | CV F 02 6583 AWI SMS |
| ) | |
| Plaintiffs, ) | ORDER GRANTING DEFENDANTS' MOTION |
| ) | TO COMPEL DISCOVERY RESPONSES AND |
| ) | FOR ATTORNEY'S FEES (DOC. 266) |
| v. ) | |
| ) | ORDER DIRECTING PLAINTIFF TERRY |
| ) | D. HAMILTON TO RESPOND TO |
| HENRY W. WILLMS, et al., ) | INTERROGATORIES AND TO PRODUCE |
| ) | DOCUMENTS NO LATER THAN AUGUST |
| Defendants. ) | 12, 2005 |
| ) | |
| ) | ORDER DIRECTING PLAINTIFF TERRY |
| | D. HAMILTON TO PAY ATTORNEY'S |
| | FEES NO LATER THAN AUGUST 12, |
| | 2005 |

Plaintiffs are proceeding with counsel with a civil action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

I. <u>Background</u>

On June 23, 2005, Defendants Dolly G. Willms, V. R. McClune, Lend-Teck Financial, Inc., and Redwood Trust Deed Services filed a motion to compel discovery responses to be heard on July 14, 2005. The motion included declarations of Steven R. Stoker and Donald J. Pool as well as exhibits consisting of the pertinent

1

discovery requests.

A search of the docket reveals that no opposition to the motion was filed. On July 11, 2005, Defendants filed notice of non-opposition to the motion; Defendants state that since the motion was filed, Defendants received responses to the interrogatories propounded by Redwood Trust Deed Services, but they received no responses to the interrogatories propounded by Defendants Dolly G. Willms, Lend-Teck Financial, Inc., or Victor R. McClune to Plaintiff Terry Hamilton; further, they received no responses or compliance with the requests for production.

By separate order, the hearing on the motion to compel was vacated and submitted for decision.

II. <u>Analysis</u>

A. <u>Legal Standard</u>

A party, upon reasonable notice and after certifying that the parties have met in a good faith effort to resolve the dispute and secure the material without court action, may apply for an order compelling disclosure or discovery, or further disclosure or discovery. Fed. R. Civ. P. 37(a); Local Rule 37-251. A stipulation regarding the discovery disagreement must be filed except in cases involving a complete and total failure to respond to a discovery request or order, and when the only relief sought by the motion is the imposition of sanctions. Local Rule 37-251(e).

Fed. R. Civ. P. 37(d) provides:

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify

2

> on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

Further, Fed. R. Civ. Proc. 37(a)(4)(A) states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion is filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including reasonable attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

The scope of discovery is established. Parties have a right to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party; further, for good

cause shown, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. Information relevant to a party's claim or defense includes information that a party may use to support its denial or rebuttal of the claims or defenses of another party. Adv. Comm. Note to 2000 Amendment; see Schwarzer, Tashima and Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, § 11:21.2. Information relevant to the subject matter of the action, available with leave of court for good cause shown, means information that might reasonably assist a party in evaluating a case, preparing for trial, or facilitating settlement. Hickman v. Taylor, 329 U.S. 495, 506-07 (1947).

      B. Discovery

    Defendants established by declaration that the motion was brought due to the complete and total failure of Plaintiff to respond to the discovery requests; thus, a joint statement regarding a discovery disagreement is not required. Further, the declarations and exhibits establish that the moving defendants attempted in good faith to meet and confer with respect to the discovery, but those efforts were unsuccessful.

    Defendants propounded interrogatories and requests for production to Plaintiff Terry D. Hamilton, and served them on

4

Plaintiff's counsel on or about April 1, 2005. The responses sought by Defendants' interrogatories, and the documents sought by Defendants' requests for production, concern relevant matters. No motion for a protective order has been filed. Responses were due on or about May 4, 2005, but were not received.

### C. Attorney's Fees

The declarations of attorneys Pool and Stoker establish that attorney Stoker, whose hourly rate is $200.00, spent 7.7 hours preparing the notice, motion, and supporting documents.[1] The hourly rate and amount of time spent was reasonable.

The Court does not find that the failure to respond to the discovery requests was substantially justified or that other circumstances make an award of expenses unjust.

Accordingly, it IS ORDERED that

1. Defendants' motion to compel discovery responses and for attorney's fees IS GRANTED; and

2. Plaintiff Terry Hamilton IS DIRECTED to respond no later than August 12, 2005, to Defendant Dolly G. Willm's interrogatories to Terry D. Hamilton, set no. one; Defendant Lend-Teck Financial, Inc.'s interrogatories to Terry D. Hamilton, set no. one; and Defendant Victor R. McClune's interrogatories to Terry D. Hamilton, set no. one; and

3. Plaintiff Terry Hamilton IS DIRECTED to respond to, and to provide the documents requested by, no later than August 12, 2005, Defendant Redwood Trust Deed Services, Inc.'s request for production of documents and things to Terry D. Hamilton, set no.

---

[1] Because the hearing is being vacated, the Court will not award fees for counsel's preparation and attendance at the hearing, which will be eliminated.

5

one; Defendant Dolly G. Willms' request for production of documents and things to Terry D. Hamilton, set no. one; Defendant Lend-Teck Financial, Inc.'s request for production of documents and things to Terry D. Hamilton, set no. one; and Defendant Victor R. McClune's request for production of documents and things to Terry D. Hamilton, set no. one; and

    4. Plaintiff Terry D. Hamilton IS DIRECTED to pay no later than August 12, 2005, $1,540.00 in attorney's fees to the law firm of Powell & Pool, located at 7522 N. Colonial Avenue, suite 100, Fresno, California 93711-5706.

IT IS SO ORDERED.

**Dated:   July 12, 2005**                        /s/ Sandra M. Snyder
icido3                                UNITED STATES MAGISTRATE JUDGE