UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., ) | CV F 02 6583 AWI SMS |
| ) | |
| Plaintiffs, ) | ORDER DEEMING REQUEST TO FILE |
| ) | LATE RESPONSE TO MOTION TO COMPEL |
| ) | TO BE REQUEST TO CONSIDER LATE |
| v. ) | RESPONSE (DOCS. 276) |
| ) | |
| ) | ORDER DENYING REQUEST TO CONSIDER |
| HENRY W. WILLMS, et al., ) | THE LATE RESPONSE TO MOTION TO |
| ) | COMPEL DISCOVERY RESPONSES (DOCS. |
| Defendants. ) | 276, 275) |
| ) | |

Plaintiffs are proceeding with counsel with a civil action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

On June 23, 32005, Defendants filed a motion to compel discovery responses and for attorney's fees. No opposition was filed by Plaintiffs. On July 11, 2005, Defendants filed a notice of non-opposition. On July 12, 2005, Plaintiffs filed a request to file a late response to the motion to compel, as well as a late response. On July 13, 2005, the Court's orders vacating the hearing on the motion to compel and granting the motion to compel

1

and for attorney's fees were filed.[1] On July 13, 2005, Defendants filed a reply to the request for consideration of a late response and response.

The Court determined the motion to compel responses and for attorney's fees on the basis of the Defendants' moving papers and the Defendants' notice of non-opposition.

Because the Plaintiff's response and request to file late response have been electronically filed, the Court DEEMS the request to file late response TO BE a request to consider the late response.

The discovery responses in question went out in early April. In the request to consider the late response, Plaintiffs' counsel declares that he received a meet and confer letter, that appears to have been dated June 10, 2005 (and apparently sent by facsimile as well as United States Mail) from Defendants' counsel on June 13, 2005, with a deadline of June 15, 2005; Plaintiff's counsel was out of town on legal business on June 14 through June 15, 2005. He did not respond to the meet and confer letter until June 23, 2005, and then sought to have his clients assemble the needed information by June 27, 2005. However, the Court notes that by that time, the motion to compel had been filed. There is no indication that Plaintiffs' counsel attempted to communicate with Defendants' counsel between June 13, 2005, and June 23, 2005. Plaintiffs' counsel was unavailable because he was out of town between June 23, 2005 (the date the motion to compel

---

[1] The Court had its staff call counsel for the parties on July 12, 2005, to inform them that the Court was already processing an order vacating the hearing on the motion, and that an order that was dispositive of the motion would issue forthwith.

2

discovery responses was received) and June 24, 2005. He was busy with preparation for sentencing hearings in another case from June 28, 2005, through July 6, 2005. For undisclosed reasons, he could not prepare a response on July 7, 2005; and he was scheduled to be out of town for a legal appearance on July 14, 2005, the date on which the hearing on the motion was scheduled.

The Court sympathizes with the position of a busy sole practitioner involved in complex litigation; the Court is also mindful of the demands placed on counsel by other proceedings in this action which appear of record. However, the Court is likewise concerned with the efficient administration of justice and the intelligent and economical use of the Court's resources.

Despite counsel's involvement in related proceedings in this case and in other matters, there is no precise indication why Plaintiff's counsel could not have communicated with counsel after June 10, 2005, and before June 23, 2005, the date on which the motion to compel was filed. Likewise, despite counsel's involvement in other matters, there is no clear explanation of why it was not possible for counsel to have prepared a short declaration and timely to have sought an extension of time with respect to opposing the motion. The Court emphasizes that even if there were a basis for granting a timely sought extension of time, the failure of counsel to seek such an extension rendered the motion unopposed and put the Court, which must adhere to the schedule set by the pertinent rules and notices, in the position of expending resources in considering the motion without input from Plaintiff's counsel. Although Plaintiffs' counsel declares that all of the responses have now been completed, this does not

3

1  address the necessity of the filing of the motion in the first
2  instance, which is what resulted in the generation of the
3  attorney's fees granted in connection with the motion.
4      Local Rule 6-144(d) provides that counsel shall seek to
5  obtain a necessary extension from the Court or from other counsel
6  or parties in an action as soon as the need for an extension
7  becomes apparent. Requests for Court-approved extensions brought
8  on the required filing date for the pleading or other document
9  are looked upon with disfavor. Counsel here has not shown an
10 excuse or justification for failing to comply with this local
11 rule. Significant resources of the Court and of the moving party
12 have been expended.
13     Accordingly, the request to consider the late response IS
14 DENIED. The late response IS DISREGARDED.

16 IT IS SO ORDERED.

17 **Dated:   July 14, 2005**                    **/s/ Sandra M. Snyder**
   icido3                                       UNITED STATES MAGISTRATE JUDGE

4