IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al.,          ) | CV F 02-6583 AWI SMS |
|                     Plaintiffs, ) | |
| v.                                                        ) | ORDER GRANTING PLAINTIFF'S EX PARTE REQUESTS TO CONTINUE HEARING DATE |
| HENRY W. WILLMS, et al.,           ) | ORDER MOVING HEARING DATE OF AUGUST 15, 2005 TO SEPTEMBER 26, 2005 |
|                     Defendants.  ) | |
| _____) | (Documents # 289) |

Defendant Catherine Lock's's motion for summary judgment is pending in this action and is set for oral argument to be heard on August 15, 2005. On July 29, 2005, Plaintiffs filed an ex parte request to continue the hearing date until September 26, 2005. On August 1, 2005, Defendants filed an opposition to Plaintiffs' request.

Rule 6(b) of the Federal Rules of Civil Procedure provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Fed. R. Civ. Pro. 6(b). In their motion, Plaintiffs show good cause for the continuance. Defendant Catherine Lock's deposition is not scheduled until August 17, 2005. After the

deposition, Plaintiffs will be in a better position to oppose the motion or file a statement of non-opposition. The court recognizes that Plaintiffs have delayed taking depositions in this case. However, given Plaintiffs' attorney's other cases, which were explained to the court in Plaintiffs' July 7, 2005 filing, and the fact Plaintiffs have now taken reasonable steps to associate other counsel to avoid further delays, the court will not deny Plaintiffs' current request to continue.[1] However, Plaintiffs are forewarned that if Plaintiffs delay conducting discovery beyond the schedule cited by Plaintiffs in their request, the court may not be inclined to grant further continuances.[2]

Accordingly, GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that:

1. Plaintiffs' ex-parte request to continue the hearing date is GRANTED;

2. The previously set hearing date of August 15, 2005, is VACATED, and the parties shall not appear at that time; and

3. The hearing on Defendant Catherine Lock's motion for summary judgment is set for September 26, 2005.

IT IS SO ORDERED.

**Dated:   August 2, 2005**              **/s/ Anthony W. Ishii**
0m8i78                                      UNITED STATES DISTRICT JUDGE

---

[1] In the documents filed along with Plaintiffs' request to continue the motion for summary judgment filed by Defendant Catherine Lock, Plaintiffs' attorney also makes reference to continuing the pending motions for summary judgment filed by Defendant Susan Willms Thurston and Defendant Redwood Trust Deed Services. These motions are set for hearing on September 22, 2005. Because Plaintiffs have not filed a request to continue these motions, the court declines to do so sue sponte. In addition, the court notes that it has already granted Plaintiffs a month continuance to file any oppositions.

[2] This action is set for trial on December 5, 2005. A review of the parties' briefs indicates that Defendants intend on filing at least one more motion for summary judgment in late August. Plaintiffs' attorneys are requested to review their schedules and make appropriate arrangements to avoid further delays in this action.

2