IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al.,           )<br>                                              )<br>            Plaintiffs,              )<br>    v.                                       )<br>                                              )<br>HENRY W. WILLMS, et al.,        )<br>                                              )<br>            Defendants.           )<br>_____) | CV F 02 6583 AWI SMS<br><br>**ORDER GRANTING APPLICATION<br>TO CONTINUE MOTIONS**<br><br>(Documents #294, #295, & #296) |

       This action proceeds on Plaintiffs' second amended complaint.  Defendants have filed several motions for summary judgment, including Defendant Susan Willms Thurston's ["Defendant Thurston"]  motion for summary judgment and Defendant Redwood Trust Deed Services' motion for summary judgment.

       On December 23, 2004, Defendant Thurston first filed a motion for summary judgment.  On January 24, 2005, Plaintiffs filed an opposition and requested the court deny Defendant Thurston's motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  On April 13, 2005, the court denied Defendant Thurston's motion for summary judgment without prejudice to refiling after May 6, 2005 because Plaintiffs needed more time to conduct discovery.

       On June 16, 2005, Defendant Thurston re-filed her motion for summary judgment.   On June 20, 2005, Defendant Redwood Trust Deed Services filed a motion for summary judgment.

       On July 7, 2005, Plaintiffs filed an ex parte request to continue the hearing date on both motions until August 22, 2005, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.  On July 8, 2005, Defendants filed an opposition to Plaintiffs' request.   On July 15, 2005, the

court granted Plaintiffs' request and moved the hearings until August 22, 2005.  The court found good cause for the continuance based on Plaintiffs' attorney schedule.

On August 4, 2005, Plaintiffs' filed an application to continue the August 22, 2005 hearing date.  This time, Plaintiffs' application is based on Rule 56(f).  Plaintiffs state that the depositions of Catherine Locke, Susan Thurston, Redwood Trust Deed Services, Victor McClune, and Henry Willms are scheduled in the next three weeks and these depositions are necessary for Plaintiffs to oppose Defendants' motions.

Rule 56(f) allows the court to deny or continue a motion for summary judgment to allow the opposing party additional time to oppose a motion.  Rule 56(f) provides as follows:

> (f) When Affidavits are Unavailable.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Ninth Circuit has explained that in order to prevail on a Rule 56(f) motion, the party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998).  The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.  Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).  The Ninth Circuit reviews a court's decision not to permit additional discovery pursuant to Rule 56(f) for abuse of discretion. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920 (9th Cir. 1996).

> "Moreover, the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." Id. (citing Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir.1995)). Stated another way, "[w]e will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir.1998).

Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Factors courts have considered in granting motions pursuant to Rule 56(f) include: (1) the summary judgment motion was made early in the litigation and before relevant discovery could be completed; (2) the discovery was stayed by court order; (3) the case involved complex facts requiring additional discovery; (4) the material facts are within the exclusive knowledge of the moving party; (5) discovery requests are currently outstanding to the moving party; and (6) the motion raises new and unanticipated issues.  See Schwarzer, Tashima, Wagstaffe, Cal. Practice Guide: Fed.Civ.Pro. Before Trial, § 14:115 (The Rutter Group 2005) (citing Garrett v. San Francisco, 818 F.2d 1515 (9th Cir. 1987), DiMartini v. Ferrin, 889 F.2d 922  (9th Cir. 1989), and Weir v. Anaconda Co., 773 F2d 1073 (10th Cir. 1985).

Plaintiffs offer the declaration of Plaintiffs' attorney in support of their Rule 56(f) request.  From this declaration and the court's knowledge of this case, the court finds that taking the depositions of the parties would greatly assist Plaintiffs in both determining if an opposition is needed and opposing Defendants' motions.  Thus, it is clear that the sought after facts are essential to filing a response to the pending motions for summary judgment.

The only reason to deny Plaintiffs' application is Plaintiffs' lack of diligence in conducting any discovery in this case.  Defendant Thurston's motion was originally filed in December 2004.  Plaintiffs have been on notice that Defendant Thurston would re-file her motion as early as May 6, 2005.  This action was filed in July 2002.  To date, Plaintiffs have still not deposed Defendant Thurston, Defendant Redwood Trust Deed Services, or Defendant Henry Willms, the alleged mastermind behind Defendants' unlawful conduct.  Plaintiffs have simply failed to timely pursue discovery.   A court does not abuse its discretion in refusing to allow a Rule 54(f) continuance where the plaintiffs delay discovery.  See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) (finding no abuse of discretion in district court's refusal to allow discovery before summary judgment where the movant took no discovery for four months).  Plaintiffs' failure to conduct discovery despite knowing that Defendants had and were filing motions for summary judgment and knowing that the court had already continued

the motions to allow Plaintiffs' more time to file oppositions is inexcusable. However, the hearing on another motion for summary judgment is currently set for September 26, 2005. Defendants have also indicated that they will file at least one more motion for summary judgment in September 2005. The pending motions will not resolve most of the dispute between the parties nor completely clarify the claims for trial. While Defendant Thurston and Defendant Redwood Trust Deed Services have an understandable desire to know whether they will be required to defend this action as soon as possible, the court finds the prejudice to Defendants in continuing Defendant Thurston's and Defendant Redwood Trust Deed Service's motions one month is minimal. Thus, the court will grant Plaintiffs' Rule 56(f) application and continue Defendant Thurston's and Defendant Redwood Trust Deed Services' motions. Because the court has already continued these motions twice, absent a conflict in the court's calendar or a request from Defendants, the court will not continue Defendant Thurston's and Defendant Redwood Trust Deed Services' motions a third time.

      Accordingly, the court ORDERS that:

      1. Plaintiffs' application to continue the hearing date is GRANTED;

      2. The previously set hearing date of August 22, 2005, is VACATED, and the parties shall not appear at that time; and

      3. The hearing on Defendant Thurston's motion for summary judgment and Defendant Redwood Trust Deed Services' motion for summary judgment is set for September 26, 2005.

IT IS SO ORDERED.

**Dated:  August 12, 2005**          /s/ Anthony W. Ishii
0m8i78          UNITED STATES DISTRICT JUDGE

4