**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,**  )<br>                    )<br>              **Plaintiffs**,    )<br>       v.              )<br>                    )<br>                    )<br>**HENRY W. WILLMS, et al.,**    )<br>                    )<br>                    )<br>              **Defendants.**   )<br>_____) | CV F 02-6583 AWI SMS<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE REQUEST FOR MORE TIME TO FILE AN OPPOSITION**<br><br>**ORDER MOVING HEARING DATE OF SEPTEMBER 26, 2005 TO OCTOBER 3, 2005**<br><br>(Document # 306) |

        Defendant Catherine Lock's's motion for summary judgment is pending in this action and is set for oral argument to be heard on September 26, 2005.  On September 8, 2005, Plaintiffs filed an ex parte request for more time in which to file their opposition.  On September 8, 2005, Defendants filed an opposition to Plaintiffs' request.

        Rule 6(b) of the Federal Rules of Civil Procedure provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Fed. R. Civ. Pro. 6(b).   In their motion, Plaintiffs show good cause for the continuance.    The evidence before the court indicates that Defendant Catherine Lock's deposition was taken on

August 17, 2005. The normal practice of the reporting company who recorded the deposition is to deliver depositions within 10 business days after the deposition. Plaintiffs' counsel did not receive the deposition until September 8, 2005. Without evidence that Plaintiffs' counsel knew the reporting company would take additional time to complete the deposition, the court does not find Plaintiffs' counsel should have ordered expedited copies of the deposition. The court recognizes that Plaintiffs delayed taking depositions in this case. However, the court finds a one week continuance is reasonable.

Accordingly, GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that:

1. Plaintiffs' ex-parte request to for more time to respond is GRANTED;
2. The previously set hearing date of September 26, 2005, is VACATED, and the parties shall not appear at that time;
3. Plaintiffs may file any opposition to Defendant Catherine Lock's motion for summary judgment by 4:00 p.m. on September 16, 2005;
4. Defendants may file any reply by 4:00 p.m. on September 23, 2005; and
5. The hearing on Defendant Catherine Lock's motion for summary judgment is set for October 3, 2005 at 1:30 p.m.

IT IS SO ORDERED.

**Dated:   September 13, 2005**             **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE

2