1
2
3
4
5
6
7
8
9
10
11
12
13
14

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,** ) | **CV F 02 6583 AWI SMS** |
| ) | |
| **Plaintiffs,** ) | **MEMORANDUM OPINION AND** |
| **v.** ) | **ORDER GRANTING DEFENDANT** |
| ) | **CATHERINE LOCKE'S MOTION** |
| ) | **FOR SUMMARY JUDGMENT** |
| **HENRY W. WILLMS, et al.,** ) | |
| ) | (Document #278) |
| **Defendants.** ) | |
| _____ ) | |

15      This action proceeds on Plaintiffs' second amended complaint.  The court has jurisdiction

16  over the RICO claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law

17  claims under 28 U.S.C. § 1367.    Pending before the court is Defendant Catherine Locke's

18  motion for summary judgment.

19                          **PROCEDURAL HISTORY**

20      This action was filed on July 17, 2002, in the United States District Court for the District

21  of Colorado.  The first amended complaint contained nine claims for relief.  Pursuant to

22  Defendants' motion, on December 11, 2002, the District of Colorado transferred the action to

23  this court.

24      On June 11, 2003, Plaintiffs filed a second amended complaint.  The first claim alleges a

25  RICO violation pursuant to 18 U.S.C. §§ 1962(c) & 1962(d).   The second claim alleges

26  forbearance on foreclosure agreements concerning California properties.  The third claim alleges

27  breach of contract concerning foreclosures on California properties.  The fourth claim alleges

28  fraud in relation to a note taken on Colorado Property and is brought under Colorado law.   The

fifth claim alleges theft of Colorado Property in violation of Colorado law.  The sixth claim alleges fraud in relation to California property and is brought under California law.  The seventh claim alleges theft regarding JCB's personal property in violation of California law.

On July 13, 2005, Defendant Locke filed a motion for summary judgment.   Defendant Locke contends that she is entitled to summary judgment on the first claim because the undisputed facts show that she did not participate in the operation or management of the Willms Enterprise, she did not commit any acts of extortionate extension of credit, and she did not commit mail or wire fraud.   Defendant Locke contends that she is entitled to summary judgment on the second, third, fifth, and sixth claims for relief.

On July 29, 2005, Plaintiffs filed an ex parte application to continue the hearing date on Defendant Locke's motion for summary judgment pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.   Plaintiffs' request was based on the fact that Defendant Locke's deposition would not be taken until August 17, 2005.   Plaintiffs asked that the hearing on Defendant Locke's motion be moved until September 26, 2005.   On August 1, 2005, Defendants filed an opposition to Plaintiffs' request.   Defendants contended that Plaintiffs delayed conducting discovery and investigating their case.   On August 15, 2005, the court granted Plaintiffs' request and continued the hearing until September 26, 2005.   The court based the continuance on the fact Defendant Locks' deposition would not be taken until August 17, 2005.   The court warned Plaintiffs that the court may not be inclined to grant further continuances if Plaintiffs conducted discovery beyond the schedule cited in Plaintiffs' request.

On September 8, 2005, Plaintiffs filed an ex parte request for more time in which to file their opposition.   In this request, Plaintiffs stated that there was a delay in receiving the transcript of Defendant Locks' deposition.   On September 8, 2005, Defendants filed an opposition to Plaintiffs' request.   On September 13, 2005, the court continued the hearing on Defendant Locks' motion until October 3, 2005.   In light of the late receipt of the transcript, the court found a one week continuance reasonable.

On September 16, 2005, Plaintiffs filed an opposition to Defendant Locke's motion for summary judgment.   Plaintiffs request that the motion be denied as premature pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.    Plaintiffs state discovery is not complete. Specifically, Plaintiffs cite to the fact that the deposition of Defendant Henry Willms is scheduled for September 21, 2005 and the deposition of Plaintiff  Terry Hamilton has not yet been completed.   In the alternative, Plaintiffs contend that based on the evidence presented, there are material issues in dispute.   Plaintiffs contend that there is ample evidence to demonstrate that Defendant Locke participated in the Willms Enterprise's affairs because she worked for Defendant Willms.

On September 23, 2005, Defendant Locke filed a reply brief.    Defendant Locke contends that Plaintiffs have failed to carry their burden pursuant to Rule 56(f) because they fail to show what specific facts they hope to elicit from further discovery.   Defendant Locke also contends that Plaintiffs fail to show a disputed issue of fact on Defendant Locke's liability under RICO. Defendant Locke argues that the undisputed facts show that she did not participate in the operation or management of the Willms Enterprise.

## FACTS[1]

**A. Defendant Locke's Undisputed Facts**

Defendant Locke is an individual residing in California.

Defendant Locke has never, individually, made a loan to any Plaintiff.   Defendant Locke never, individually, foreclosed on any real property owned by any Plaintiff.   Defendant Locke never, individually, foreclosed on any real property in which any Plaintiff held an interest at the time of the foreclosure sale.   Defendant Locke is not a trustee of any trust that made a loan to any Plaintiff.   Defendant Locke did not individually extend credit to any Plaintiff.   Defendant Locke never executed any forbearance agreements with any Plaintiff.

Defendant Locke has never, individually, made a loan to any Plaintiff for any real

---

[1] These facts are deemed undisputed for the purposes of this motion.

3

property foreclosed in Colorado.  Defendant Locke never, individually, foreclosed on any real property owned by Plaintiffs in Colorado.   Defendant Locke never acted as a trustee of any trust that foreclosed on any real property in Colorado.

Defendant Locke never owned any real property in Colorado.  Defendant Locke never, individually, took possession of any real property in Colorado.

**B. Plaintiffs' Additional Undisputed Facts**

Defendant Locke is one of the beneficiaries of the 1982 Trust.

Defendant Locke worked for Defendant H. Willms "off and on for the past 10 to 15 years."[2]  Defendant Locke's duties included filing, receipt of funds, and helping the accountant gather information.   Defendant Locke understands the loan process and how McClune / Willms / Land-Tech work together.

Defendant Locke has ownership in the company Two Sassy Sisters, LLC.  Defendant Locke has no idea what that means.[3]

Defendant Locke communicated with Defendant McClune.

Defendant Locke is aware of all the different Hamilton investments in California and Colorado.[4]

Defendant Locke received correspondence from Defendant McClune regarding wire transfers and communicated with him.

---

[2]  This statement reflects Defendant Locke's testimony closer than that used by the parties.

[3]  While Defendant Locke objects that this evidence is not material, it does appear to be undisputed.   However, Defendant Locke is correct that there is no evidence or allegation that Two Sassy Sisters, LLC made loans, collected loans, or entered into any contracts with Plaintiffs.

[4]  Plaintiffs submit as an undisputed fact that Defendant Locke transferred property to a trust.   At her deposition, Defendant Locke was apparently shown a copy a document indicating this transfer.   Defendant Locke testified that she did not remember transferring property from herself and her sister to the trust.  See Locke Depo. at 98 (Gilmore Exhibit 14).   Thus, the issue of Defendant Locke's transfer is deemed disputed.

1    Defendant Locke was present at one of the foreclosure sales.[5]

2    Defendant Locke owned the Country Girl Truck Stop.   Defendant Locke obtained this

3    property after it was foreclosed on by Defendants.[6]

4    Defendant Locke received an advance of $700,000 from the 1982 Trust to purchase the

5    Country Girl Truck Stop.   Defendant Locke did not have the funds to purchase the note.[7]

6    Despite owning the Country Girl Truck Stop, Defendant Locke kept no separate records.

7    The records were maintained by Defendant Willms.

8    Defendant Locke participated in the selling of parcels from the Country Girl Truck Stop

9    after they were split.   One of the parcels sold for $1,300,000. See   Locke Depo. at 60 (Gilmore

10   Exhibit 10).[8]

11   When Defendant Locke owned the Country Girl Truck Stop rent checks did not go to

---

[5] Plaintiffs offer as an additional undisputed fact that Defendant Locke participated in the sale. Defendant Locke's deposition does not state she "participated." See Locke Depo. at 67-72 (Gilmore Exhibit 12).   A review of the deposition indicate that she was present and had knowledge of a conversation with Shelly Drewry about a forbearance agreement, and the possible delay of the sale. See id. Defendant Locke did not look at the forbearance agreement. See id. at 68.   At the end of the sale, the 1986 trust owned the property. See id. at 71-72.   At some point, it appears Defendant Locke may have had some ownership in the property.   This evidence is insufficient to conclude Defendant Locke "participated" in the sale.

[6] Plaintiffs claim Defendant Locke owned two properties by virtue of Defendants' foreclosure.   The cited testimony only discusses the Country Girl Truck Stop.   See Locke Depo. at 48-59 (Gilmore Exhibit 9).

[7] Plaintiffs also submit that Defendant Lock did not know how she ended up with the property.   Defendant Locke's deposition does not state this. See Locke Depo. at 48-59 (Gilmore Exhibit 9).   At the deposition, Defendant Locke testified that she purchased the property for $700,000 cash and the money came from the 1982 trust. See id. at 49.   Defendant Locke was unsure how she borrowed or received the money from the trust and her attorney "handled it." See id. at 49-54, 56.   Defendant Locke testified that, based on her attorney's suggestion, she acquired the note on the property because a senior note was being foreclosed. See id. at 54-56.

[8] Plaintiffs contend that the parcels sold for a total of 2.3 million.   At her deposition, Defendant Locke testified the property was split into two parcels. Locke Depo. at 89 (Gilmore Exhibit 10).   At her deposition, Defendant Locke could not recall the purchase price of the other parcel. See id. at 90.   Defendant Locke was then apparently shown a document that indicated a purchase price of $1,389,000.   See id. at 91.   Because the documents have not been provided to the court and Defendant Locke did not know the purchase price, Defendants objection that the cited testimony does not establish the amount the parcels sold for must be sustained.

1  Defendant Locke.  See  Locke Depo. at 64 (Gilmore Exhibit 11).   The rent checks were made

2  out to Defendant Locke, and she indorsed the checks to the 1982 Trust.  See id. at 64-65.[9]

3  **LEGAL STANDARD**

4          Summary judgment is appropriate when it is demonstrated that there exists no genuine

5  issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

6  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v.

7  Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710

8  (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th

9  Cir. 1984).

10              Under summary judgment practice, the moving party
                [A]lways bears the initial responsibility of informing the district
11              court of the basis for its motion, and identifying those portions of
                "the pleadings, depositions, answers to interrogatories, and
12              admissions on file, together with the affidavits, if any," which it
                believes demonstrate the absence of a genuine issue of material
13              fact.

14  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the

15  burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

16  in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on

17  file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and

18  upon motion, against a party who fails to make a showing sufficient to establish the existence of

19  an element essential to that party's case, and on which that party will bear the burden of proof at

20  trial.  Id. at 322.  "[A] complete failure of proof concerning an essential element of the

21  nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a

22  circumstance, summary judgment should be granted, "so long as whatever is before the district

23  court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

24  satisfied."  Id. at 323.

25

26          [9] Defendant Locke argues that this is consistent with the fact that she purchased the note
27  with funds from the 1982 Trust.

28                                                    6

1   If the moving party meets its initial responsibility, the burden then shifts to the opposing

2   party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec.

3   Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities

4   Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280

5   (9th Cir. 1979), cert. denied, 455 U.S. 951 (1980).    In attempting to establish the existence of

6   this factual dispute, the opposing party may not rely upon the mere allegations or denials of its

7   pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or

8   admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e);

9   Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d

10  747, 749 (9th Cir. 1973).   In the endeavor to establish the existence of a factual dispute, the

11  opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient

12  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'

13  differing versions of the truth at trial."  First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809

14  F.2d at 631.

**DISCUSSION**

**A.  Rule 56(f) Continuance**

17      In their opposition to Defendant Locke's motion for summary judgment, Plaintiffs request

18  that the court deny or continue Defendant Locke's motion for summary judgment pursuant to

19  Rule 56(f) of the Federal Rules of Civil Procedure.   Rule 56(f) allows the court to deny or

20  continue a motion for summary judgment to allow the opposing party additional time to oppose a

21  motion.  Rule 56(f) provides as follows:

> (f) When Affidavits are Unavailable.  Should it appear from the affidavits of a party
> opposing the motion that the party cannot for reasons stated present by affidavit facts
> essential to justify the party's opposition, the court may refuse the application for
> judgment or may order a continuance to permit affidavits to be obtained or depositions to
> be taken or discovery to be had or may make such other order as is just.

25  The Ninth Circuit has explained that in order to prevail on a Rule 56(f) motion, the party "must

26  show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from

further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998). "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists. Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987). The Ninth Circuit reviews a court's decision not to permit additional discovery pursuant to Rule 56(f) for abuse of discretion. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920 (9th Cir. 1996).

> " . . . the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." Id. (citing Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir.1995)). Stated another way, "[w]e will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir.1998).

Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Factors courts have considered in granting motions pursuant to Rule 56(f) include: (1) the summary judgment motion was made early in the litigation and before relevant discovery could be completed; (2) the discovery was stayed by court order; (3) the case involved complex facts requiring additional discovery; (4) the material facts are within the exclusive knowledge of the moving party; (5) discovery requests are currently outstanding to the moving party; and (6) the motion raises new and unanticipated issues. See Schwarzer, Tashima, Wagstaffe, Cal. Practice Guide: Fed.Civ.Pro. Before Trial, § 14:115 (The Rutter Group 2005) (citing Garrett v. San Francisco, 818 F.2d 1515 (9th Cir. 1987), DiMartini v. Ferrin, 889 F.2d 922 (9th Cir. 1989), and Weir v. Anaconda Co., 773 F2d 1073 (10th Cir. 1985).

Plaintiffs offer the declaration of Plaintiffs' attorney, David M. Gilmore, in support of their request pursuant to Rule 56(f). Mr. Gilmore states in his declaration that:

1   Discovery is yet to be completed.  The deposition of H. Willms is scheduled to be
2   completed on September 21.  The deposition of Plaintiff is to be completed in
    early October.  The motion for summary judgment should not be heard before
3   those depositions are completed.  In addition, the Rule 26 disclosure documents
    identified by Defendants have yet to be made available to Plaintiffs.

4   See Gilmore Dec. at ¶ 3.

5       In the present case, Plaintiffs' request pursuant to Rule 56(f) for an extension of time to

6   conduct discovery to oppose Defendant Locke's motion for summary judgment is lacking.

7   Plaintiffs have not identified any specific facts that they seek to elicit from further discovery.

8   Merely alleging that discovery is not complete is insufficient to support a motion pursuant to

9   Rule 56(f).   Because Plaintiffs have not provided details about what they believe additional

10  discovery will show and how this will assist them in responding to Defendant Locke's motion,

11  the court must deny the Rule 56(f) request.   Plaintiffs have failed to meet their burden of proof

12  by clearly showing what information they seek and how it will preclude summary judgment.

13  Instead, Plaintiffs appear to be hoping that Defendant Willms deposition reveals "something" to

14  implicate Defendant Locke because Defendant Locke's own deposition was unhelpful.   The

15  hope that a further discovery might assist the Plaintiffs' position is not sufficient.

16      In addition, Plaintiffs' Rule 56(f) motion must be denied because Plaintiffs have not

17  diligently conducted discovery.   At the filing of Defendant Locke's motion, Plaintiffs had

18  undertaken very little discovery.  Plaintiffs had not deposed Defendant Locke nor Defendant

19  Willms, the alleged mastermind behind the Willms Enterprise.   The stay in discovery was lifted

20  in May 2004.   Over the past several months the court has granted numerous motions to continue

21  Defendants' various motions for summary judgment because Plaintiffs needed more time to

22  conduct discovery.  Given the July 17, 2002 filing date of this action and the December 2005 trial

23  date, Plaintiffs have failed to diligently pursue discovery.   Plaintiffs' delay in conducting

24  discovery is grounds to deny Plaintiffs' request.  See, e.g., Brae Transp., Inc. v. Coopers &

25  Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) (finding no abuse of discretion in district court's

26  refusal to allow discovery before summary judgment where movant took no discovery for four

27

28                                              9

1   months after issue of shareholder complicity in accounting fraud had arisen).

2          Plaintiffs' contention that they need Defendant Willms' testimony is a new argument

3   which only arose after Defendant Locke's deposition.   In their July 29, 2005 motion to continue,

4   Plaintiffs informed the court that they would be able to oppose Defendant Locke's motion if the

5   court continued the hearing until September 26, 2005.  At that time, Plaintiffs only stated a need

6   for Defendant Locke's deposition to oppose Defendant Locke's motion.   Plaintiffs have now

7   taken Defendant Locke's deposition.   Thus, based on their representations in the July 29, 2005

8   motion, Plaintiffs have been given all they claimed to have needed to opposed Defendant

9   Locke's motion.  No mention was made in the July 29, 2005 motion to continue that Defendant

10  Willms' deposition was also needed to oppose Defendant Locke's motion.  In the schedule set

11  forth in the July 29, 2005 motion, Defendant Willms' deposition was to be taken on August 23,

12  2005.   There is no explanation for the further delay in Defendant Willms' deposition.  Given the

13  court's warning in granting Plaintiffs their first continuance on Defendant Locke's motion that

14  the court may not grant continuances beyond the discovery schedule cited by Plaintiffs in their

15  motion and Plaintiffs' prior representation that they only needed the deposition of Defendant

16  Locke, the court will not allow further discovery before ruling on Defendant Locke's motion.

17         Finally, denying the motion will not preclude Plaintiffs' suit in its entirety, only the action

18  against Defendant Locke.   Thus, because Plaintiffs failed to provide specific details on

19  Defendant Willms' possible testimony or documents not yet disclosed that implicate Defendant

20  Locke, the court will not deny or continue the motion for summary judgment pursuant to Rule

21  56(f).[10]

22  //

23

24

25         [10]  While not mentioned in Plaintiffs' motion, in Mr. Gilmore's declaration he also
    mentions Rule 26 disclosures that Plaintiffs have not yet received.   Plaintiffs have not stated what
26  document in Defendants' Rule 26 disclosures Plaintiffs believe will implicate Defendant Locke.
    Plaintiffs have also not shown that they have specifically requested the documents listed in
27  Defendants' Rule 26(a)(3) Pretrial Disclosures through the discovery process.

28                                            10

**B.  Merits of Motion**

Defendant Locke moves for summary judgment on all claims against her.    In their

opposition, Plaintiffs oppose summary judgment on Plaintiffs' first claim.    Plaintiffs state that

their first claim includes alleged violations of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d).

Plaintiffs do not address Defendant Locke's motion on the other claims.

***1.   RICO Claim in Violation of 18 U.S.C. § 1962(c)***

Civil damages for RICO violations is provided for by 18 U.S.C. § 1964.  Title 18 U.S.C.

§ 1962(c) prohibits a person from engaging in a pattern of racketeering while operating or

managing an "enterprise."

> It shall be unlawful for any person employed by or associated with any enterprise
> engaged in, or the activities of which affect, interstate or foreign commerce, to
> conduct or participate, directly or indirectly, in the conduct of such enterprise's
> affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).    To state a civil RICO claim, a plaintiff must prove "(1) conduct (2) of an

enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs'

'business or property.'"    Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001).    Section 1962(d)

prohibits conspiracies to engage in violations of Section 1962(c).    See 18 U.S.C. § 1962(d).

Defendant Locke contends that she cannot be liable for any actions of the alleged Willms

Enterprise because she did not conduct or participate in any of the enterprise's alleged affairs.

The Supreme Court in Reves v. Ernst & Young, 507 U.S. 184 (1993), created the "operation

management" test for determining RICO liability.    Liability under Section 1962(c) is limited to

"those who participate in the operation or management of an enterprise through a pattern of

racketeering activity."    Reves, 507 U.S. at 184; United States v. Fernandez,  388 F.3d 1199,

1228 (9th Cir. 2004).

The undisputed evidence reveals that Defendant Locke is a beneficiary to the 1982 trust.

However, the undisputed evidence also reveals that Defendant Lock never made a loan to any

Plaintiff, never foreclosed on any real property owned by any Plaintiff, is not a trustee of any

11

trust that made a loan to any Plaintiff, and she did not extend credit to any Plaintiff.    Defendant

Locke never threatened any Plaintiff and never executed any forbearance agreement with any

Plaintiff.   Based on this undisputed evidence, Defendant Locke did not play any part in directing

the affairs of the alleged Willms Enterprise.   The evidence shows Defendant Locke did not

direct or control the improper activities alleged in complaint, such as loaning money, foreclosing

on loans, and making threats.   The evidence shows that Defendant Locke did not personally

commit any extortionate extensions of credit within the meaning of 18 U.S.C. § 892.    The

evidence submitted by Defendant Locke reveals that she did not participate in the operation or

management of the alleged Willms Enterprise through a pattern of racketeering activity.

Because Defendant Locke has shown that, based on the undisputed facts, she did not operate or

manage the alleged Willms Enterprise's actions, the burden shifts to Plaintiffs to provide

evidence that there is a genuine issue for trial.  See Celotex Corp., 477 U.S. at 324.

    In their opposition, Plaintiffs come forward with evidence that Defendant Locke knew

something about the operations of Defendant Willms' business.   The undisputed evidence

reveals that Defendant Locke worked for Defendant Willms on and off for ten to fifteen years.

Defendant Locke testified that she did the filing in Defendant Willms' office concerning

investments.    Defendant Locke testified she overheard many conversations between Defendant

Willms and Defendant McClune concerning investments.    Plaintiffs assert that the 1982 Trust,

of which Defendant Locke is a beneficiary, and other trust instruments, are integral to the Willms

Enterprise's "laundering" of its ill-gotten gains.   Plaintiffs contend that Defendant Locke is

sufficiently associated with the Willms Enterprise to be liable pursuant to Section 1962(c)

because she worked in the office, visited properties, processed correspondence, and obtained title

to a property.

    This evidence does not suggest that  Defendant Locke directed any part of the alleged

RICO enterprise.   The only evidence is that Defendant Locke might have provided secretarial

services to Defendant Willms.   Courts have held that it is not sufficient to merely take directions

1    and perform tasks that may be necessary or helpful to a RICO enterprise.  Allstate Ins. Co. v.

2    Seigel, 312 F.Supp.2d 260, 274 (D. Conn. 2004); Schmidt v. Fleet Bank, 16 F.Supp.2d 340, 346

3    (S.D.N.Y.1998).   The best evidence of Defendant Locke's possible involvement with the alleged

4    Willms Enterprise is her ownership of the County Girl Truck Stop.   However, Plaintiffs have

5    failed to submit any evidence, as opposed to vague allegations, indicating the foreclosure on and

6    subsequent purchase of the County Girl Truck Stop was part of any racketeering activity by the

7    alleged Willms Enterprise.   Even assuming this foreclosure was part of the Willms Enterprise's

8    illegal activities, Plaintiffs have failed to provide any evidence indicating that Defendant Locke

9    directed any of the Willms Enterprise's affairs concerning the foreclosure and purchase of the

10   Country Girl Truck Stop.   The only evidence is that someone purchased this property on

11   Defendant Locke's behalf with money loaned from a trust on the advice of Defendant Locke's

12   attorney.   The evidence reveals that Defendant Locke knew very little about the details of this

13   transaction.   Thus, even viewing the evidence in the light most favorable to Plaintiffs and

14   drawing all reasonable inferences in Plaintiffs favor, see Amarel v. Connell, 102 F.3d 1494, 1521

15   (9th Cir.1996), there is simply not enough evidence to prove that Defendant Locke participated in

16   the operation or management of the alleged Willms Enterprise.

17          In their opposition, Plaintiffs acknowledge that Defendant Locke states she did not have

18   knowledge of how or why things were done, she trusted her father, and that she let her attorney

19   handle everything.   Plaintiffs contend that Defendant Locke's admission that she did overhear

20   conversations and that she visited the properties but that she never asked questions as to "how or

21   why" does not make her an innocent party in this action.   Plaintiffs claim Defendant Locke

22   cannot escape liability because she "chose" not to know what was going on.   Evidence that a

23   defendant knew of a scheme or even benefitted from the scheme is not enough to impose RICO

24   liability. Neibel v. Trans World Assurance Co., 108 F.3d 1123, 1128 (9th Cir.1997), implied

25   overruling on other grounds recognized by United States v. Fernandez, 388 F.3d 1199 (9th Cir.

26   2004).  The allegations that Defendant Locke should have known or might of known about

27

28                                                13

1  certain things the alleged Willms Enterprise was doing at most suggests that Defendant Locke

2  was aware of and may have benefitted from the alleged enterprise.   Knowledge of a RICO

3  enterprise's actions is simply not sufficient.   Defendant Locke cannot be said to have operated

4  or managed the alleged Willms Enterprise in violation of § 1962(c).

5          In finding Defendant Locke is entitled to summary judgment the court is not finding that

6  only those Defendants alleged to have been at "the top" of the alleged Willms Enterprise can be

7  held liable.  Reeves does not stand for the proposition that there can be only one person or entity

8  participating in the management of a RICO enterprise.   "An enterprise is operated not just by

9  upper management but also by lower rung participants in the enterprise who are under the

10  direction of upper management."  Reves, 507 U.S. at 178-79 (internal quotation marks omitted).

11  However, Reeves does require that a person charged with a RICO violation have some part in

12  directing the management or affairs of the enterprise itself.   In this case, Plaintiffs have not

13  shown that Defendant Locke had any sufficient degree of influence and control over any of the

14  actions of the alleged Willms Enterprise.  Thus, Defendant Locke's motion for summary

15  judgment on the Section 1962(c) claim must be granted.

16  ***2.   RICO Conspiracy Claim in Violation of 18 U.S.C. § 1962(d)***

17          In their opposition, Plaintiffs also state that they are proceeding in their first claim against

18  Defendant Locke pursuant to Section 1962(d).  Defendant Locke takes the position that the same

19  evidence showing Defendant Locke did not operate or manage the actions of the alleged Willms

20  Enterprise also provides evidence that Defendant Locke was not involved in any conspiracy to

21  violation Section 1962(c).

22          As discussed above, in Reves v. Ernst & Young, 507 U.S. 170 (1993), the Supreme Court

23  interpreted the language of Section 1962(c) to require proof that the defendant "participate[d] in

24  the operation and management of the enterprise itself."   Several years later, the Supreme Court

25  in Salinas v. United States, 522 U.S. 52 (1997), rejected an argument that, for a defendant to be

26  guilty of conspiring to commit a substantive RICO offense under Section 1962(d), the defendant

27

28                                              14

must have committed or agreed to commit two predicate acts himself. <u>Id</u>. at 63-66.   After

<u>Salinas</u>, the Ninth Circuit has held that a defendant is guilty of conspiracy to violate Section

1962(c) if the evidence shows that the defendant knowingly agreed to facilitate a scheme which

includes the operation or management of a RICO enterprise. <u>Fernandez</u>,  388 F.3d at 1230.   To

prove a RICO conspiracy violation, the plaintiff need not show that the defendant agreed to

personally participate in the operation or management of the enterprise.   <u>Fernandez</u>, 388 F.3d at

1229; <u>see also</u>  <u>Smith v. Berg</u>, 247 F.3d 532, 538 (3d Cir. 2001) (holding that "plain implication

of the standard set forth in <u>Salinas</u> is that one who opts into or participates in a conspiracy is

liable for the acts of his co-conspirators which violate section 1962(c) even if the defendant did

not personally agree to do, or to conspire with respect to, any particular element"); <u>United States</u>

<u>v. Zichettello</u>, 208 F.3d 72, 99 (2d Cir. 2000) (finding defendant must know the general nature of

the conspiracy and that the conspiracy extends beyond individual role); <u>Brouwer v.</u>

<u>Raffensperger, Hughes & Co.</u>, 199 F.3d 961, 967 (7th Cir. 2000) (holding defendant need not

agree personally to be an operator or manager, but must knowingly agree to facilitate activities of

those who operate or manage enterprise); <u>United States v. Posada-Rios</u>, 158 F.3d 832, 857 (5th

Cir. 1998) (two or more people must agree to commit substantive RICO offense and defendant

must know of and agree to overall objective of RICO offense).   Unlike a violation of Section

1962(c), a violation of Section 1962(d) does not require more than an agreement to facilitate the

enterprise's activities.   <u>Fernandez</u>, 388 F.3d at 1229.

Applying this standard, the court cannot simply grant Defendant Locke summary

judgment on Plaintiffs' Section 1962(d) RICO conspiracy claim merely because Defendant

Locke is entitled to summary judgment on Plaintiffs' Section 1962(c) RICO claim.   In their

opposition, Plaintiffs have alleged that Defendant Locke was aware of the general nature of the

Willms Enterprise, she assisted the conspiracy, and that she knew the conspiracy extended

beyond her individual role.   Such facts, if proven, are sufficient to show a Section 1962(d) RICO

conspiracy.   <u>See</u> <u>United States v. Zichettello</u>, 208 F.3d 72, 100 (2d Cir.2000) (quoting trial

1   court's jury instructions).   Evidence that Defendant Locke knew what the other conspirators

2   "were up to" and knew or suspected that she was part of a larger enterprise is sufficient.  See id.

3   at 99.

4          The problem in this case is that there is insufficient evidence, as opposed to accusations,

5   for the court to conclude that Defendant Locke "must have" known what the Willms Enterprise

6   was "up to" and impliedly joined the conspiracy by taking actions that furthered the conspiracy.

7   The evidence before the court is that Defendant Locke never made a loan to Plaintiffs, never

8   foreclosed on any real property owned by Plaintiffs or in which Plaintiffs had an interest, never

9   extend credit to any Plaintiff, never threatened any Plaintiff, and never executed any forbearance

10  agreements with Plaintiff.   The evidence Plaintiffs claim show Defendant Locke's liability is the

11  fact Defendant Locke worked for Defendant Willms, knew the 1982 trust, of which Defendant

12  Locke is a beneficiary, made loans, understood the loan process and how McClune / Willms /

13  Lend Teck worked together, was aware of Plaintiff Hamilton's investments, and corresponded

14  with Defendant McClune.   The evidence also shows Defendant Locke ended up owning the

15  County Girl Truck Stop after a foreclosure sale, Defendant Locke turned over rent to Defendant

16  Willms, and Defendant Locke and/or the 1982 Trust profited from owning this property.   This

17  constitutes **all** of the evidence before the court at this time.

18         Here, Defendant Locke has provided evidence indicating that she did not violate RICO by

19  loaning Plaintiffs money, foreclosing on property, or executing forbearance agreements.   If the

20  moving party satisfies its initial burden on summary judgment, the nonmoving party cannot

21  defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to

22  the material facts." Matsushita Elec. Indus. Co., Ltd., 475 U.S. at 586.   Rather, the nonmoving

23  party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to

24  interrogatories, and admissions on file, designate specific facts showing that there is a genuine

25  issue for trial." Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)) (internal quotations

26  omitted).   In ruling on a motion for summary judgment, the "district court may limit its review to

27

28                                                16

1  the documents submitted for purposes of summary judgment and those parts of the record

2  specifically referenced therein." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026,

3  1030 (9th Cir. 2001).   A party opposing summary judgment must direct the court's attention to

4  specific, triable facts, and general references without page or line numbers are not sufficiently

5  specific.   Southern California Gas Co. v. City of Santa Ana,  336 F.3d 885, 889 (9th Cir. 2003).

6  The court is not obligated to "scour the record in search of a genuine issue of triable fact."

7  Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).

8       The evidence before the court in the pending motion for summary judgment, at best,

9  shows that Defendant Locke was generally involved in a business that lent money run by

10  Defendant Willms and that she bought at least one piece of property at a foreclosure sale.   From

11  the evidence before the court, the details of the lending operation are unclear and it is unknown

12  whose property Defendant Locke bought.   The evidence before the court is insufficient to show

13  that any Defendant or any other individual committed RICO violations.   At this time, there is no

14  evidence before the court indicating that there was anything improper about loans issued to

15  Plaintiffs and the way the Defendants collected on these loans.   There is no evidence of threats.

16  In fact, Plaintiffs have not cited evidence showing that Defendant Willms even loaned Plaintiffs

17  money or foreclosed on Plaintiffs' property.   Simply put, there is insufficient evidence that

18  Defendant Locke knowingly agreed to facilitate a scheme, which includes the operation or

19  management of a RICO enterprise, because there is insufficient evidence of any scheme.

20  Because Plaintiffs have failed to show that there are disputed issues of material fact regarding a

21  RICO enterprise and Defendant Locke's participation in that enterprise, Defendant Locke is

22  entitled to summary judgment on the first claim alleging a Section 1962(d) RICO conspiracy.[11]

23  ────────────

24       [11]  In her motion, Defendant Locke also moves for summary judgment on claims for
    collection by extortionate means pursuant to 18 U.S.C. § 894 and mail fraud pursuant to 18

25  U.S.C. § 1341.   In their opposition, Plaintiffs state that their only contentions in the first claim
    concern violations of Section 1962(c) and Section 1962(d).   Thus, further analysis of 18 U.S.C.

26  § 894 and 18 U.S.C. § 1341 is unnecessary.   It appears these sections were mentioned in the
    complaint as possible predicate acts committed by the alleged Willms Enterprise that establish

27  RICO liability.

28                                    17

1    ***3.   Remaining Claims***

2          Defendant Locke contends that she is entitled to summary judgment on the second claim,

3    third claim, fifth claim, and sixth claim.    Plaintiffs have not opposed Defendant Locke's motion

4    on these claims.  Where a plaintiff fails to oppose a motion for summary judgment, the court may

5    grant summary judgment if the defendant has supported the motion with sufficient papers that on

6    their fact reveal no genuine issue of material fact.  <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 950

7    (9th Cir. 1993).  "If the nonmoving party fails to oppose a summary judgment motion, the district

8    court is not required to search the record sua sponte for some genuine issue of material fact.   It

9    may rely entirely on the evidence designated by the moving party showing no such triable issue."

10   <u>Contreras v. Corinthian Vigor Ins. Brokerage, Inc.</u>, 103 F.Supp.2d 1180, 1183 (N.D. Cal. 2000);

11   <u>see also</u> <u>Guarino v. Brookfield Township Trustees</u>, 980 F.2d 399, 403 (6th Cir. 1992).    It is

12   unfair to the district court, to other litigants, and to the movant to impose a duty on the district

13   court to "search and sift the factual record for the benefit of a defaulting party."   <u>Carmen v. San</u>

14   <u>Francisco Unified Sch. Dist.</u>, 237 F.3d 1026, 1030-31 (9th Cir. 2001).

15   <u>a.  Second Claim</u>

16         The second claim alleges fraud regarding forbearance on foreclosure agreements.  The

17   second claim is based on Defendant Willms' alleged false promises regarding a delay in the

18   foreclosure of Plaintiffs' properties.    The elements of fraud are: (1) a misrepresentation (false

19   representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent

20   to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  <u>Robinson</u>

21   <u>Helicopter Co., Inc. v. Dana Corp.</u>,  34 Cal.4th 979, 990 (2004);  <u>Lazar v. Superior Court</u>, 12

22   Cal.4th 631, 638 (1996).   At this time, there is no evidence that Defendant Locke made any false

23   representation, concealment, or nondisclosure.  Rather, this claim appears to be based on

24   Defendant Willms' alleged conduct.   Thus, Defendant Locke is entitled to summary judgment.

25   <u>b.  Third Claim</u>

26         The third claim alleges breach of contract to forbear on foreclosures.   This claim is based

27

28                                                  18

on Defendant Willms' failure to follow the terms of a contract, entered into with Plaintiff Hamilton, to delay the foreclosure of certain properties.  The elements of breach of contract are (1) a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to plaintiff.  <u>Reichert v. General Ins. Co. of America</u>, 68 Cal.2d 822, 830 (1968).  Defendant Locke has submitted evidence that she did not loan Plaintiffs money and was not a party to any forbearance agreements.   Plaintiffs have failed to provide evidence that Plaintiffs made an agreement, oral or written, with Defendant Locke. Thus, Defendant Locke is entitled to summary judgment.

c.  Fifth Claim

The Fifth Claim alleges theft of Weld County property pursuant to Colorado Revised Statute § 18-1-401.  This claim is based on Defendants' foreclosure of property in Weld County, Colorado by making allegedly fraudulent statements about the amount owed on the loan.   Title 18 is the Criminal Code of Colorado.   Section 18-1-401 provides:

> (1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:
> (a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or
> (b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or
> (c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; or
> (d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.

There is no showing that Plaintiffs can maintain a civil cause of action pursuant to Section 18-1-401.  The Colorado Supreme Court has found that Section 18-4-405 was intended to serve primarily a punitive, rather than a remedial, purpose.  <u>In re Marriage of Allen</u>,  724 P.2d 651, 656 (Colo. 1986).   Thus, to the extent Plaintiffs rely on Colorado Revised Statue § 18-4-401 as the basis of their fifth claim, summary judgment in favor of Defendant Locke is appropriate because plaintiffs have not shown how they have a private cause of action pursuant to this criminal

1  statute.[12]   In addition, the undisputed facts show that Defendant Locke never made a loan to any

2  Plaintiff, never foreclosed on real property in Colorado, and never owned any real property in

3  Colorado.  As such, Plaintiffs cannot maintain a claim that requires them to show that a note or

4  property was taken from Plaintiffs by Defendant Locke.

5        It is possible that Plaintiffs are attempting to raise a claim for fraud rather than theft in the

6  fifth claim.  The elements of fraudulent misrepresentation under Colorado law are: (1) a

7  fraudulent misrepresentation of material fact; (2) the plaintiffs' reliance on the material

8  representation; (3) the plaintiffs' right or justification in relying on the misrepresentation; and (4)

9  reliance resulting in damages.  M.D.C./Wood, Inc. v. Mortimer, 866 P.2d 1380, 1382

10  (Colo.1994); Nielson v. Scott, 53 P.3d 777, 780 (Colo.App. 2002).   The elements of fraudulent

11  concealment under Colorado law are: (1) concealment of a material existing fact that in equity

12  and good conscience should be disclosed; (2) knowledge on the part of the party against whom

13  the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of

14  the one from whom the fact is concealed; (4) the intention that the concealment be acted upon;

15  and (5) action on the concealment resulting in damages.  Eckley v. Colorado Real Estate Com'n,

16  752 P.2d 68, 78-79 (Colo. 1988); Kopeikin v. Merchants Mortgage & Trust Corp., 679 P.2d 599,

17  601 (Colo. 1984); Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458 (1937).   There is no

18  evidence that Defendant Locke made a false representation or concealed a material fact

19  concerning the Weld County property.   Thus, even if the fifth claim alleges fraud instead theft,

20  Defendant Locke is entitled to summary judgement.

21  d.  Sixth Claim

22        The sixth claim alleges fraud regarding the North Hart Road property.   This cause of

23  action concerns Defendant Willms' alleged misrepresentations to Plaintiff Hamilton that induced

24

25      [12]  At least one district court has implied that theft in violation of Section 18-4-401 could
be a predicate act on which to base a RICO claim.  See Southway v. Central Bank of Nigeria,

26  149 F.Supp.2d 1268, 1272 (D. Colo. 2001).   However, Plaintiff's fifth claim appears to be based
on a separate private cause of action and not merely a predicate act in support of Plaintiffs' RICO

27  claim.   Regardless, there is insufficient evidence to show theft by Defendant Locke.

28

1  Plaintiffs to retire a $100,000 debt senior to Defendants' liens on the North Hart Road Property.

2  As discussed above, the elements of fraud are: (1) a misrepresentation (false representation,

3  concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e.,

4  to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Robinson,  34 Cal.4th at

5  990.  There is no evidence or allegation indicating that Defendant Locke made any false

6  representation, concealment, or nondisclosure concerning the North Hart Road Property.   There

7  is no authority for the proposition that Defendant Locke's work for Defendant Willms makes her

8  responsible for Defendant Willms' alleged misrepresentations.   In addition, in their opposition,

9  Plaintiffs have failed to point to evidence, as opposed to allegations in the complaint, that

10  Defendant Willms even made misrepresentations about the North Hart Road Property.   Thus,

11  Defendant Lock is entitled to summary judgment on the sixth claim.

12  **ORDER**

13          Accordingly, based on the above memorandum opinion, the court ORDERS that

14  Defendant Locke's motion for summary judgment is GRANTED.

15  IT IS SO ORDERED.

16  **Dated:    October 27, 2005                      /s/ Anthony W. Ishii**
    0m8i78                              UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28                                          21