1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,** ) | **CV F 02 6583 AWI SMS** |
| ) | |
| **Plaintiffs**, ) | **ORDER GRANTING APPLICATION** |
| ) | **FOR ATTORNEY'S FEES AND** |
| **v.** ) | **COSTS** |
| ) | |
| **HENRY W. WILLMS, et al.,** ) | |
| ) | (Documents #286) |
| **Defendants.** ) | |
| _____ ) | |

**BACKGROUND**

This action proceeds on Plaintiffs' second amended complaint.  The court has jurisdiction over the RICO claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

In this action, Defendants filed a motion to expunge notices of lis pendens.   These motions were referred to United States Magistrate Judge Sandra M. Snyder pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.  On February 6, 2004, the Magistrate Judge filed Findings and Recommendations, recommending that the court expunge three notices of lis pendens and award Defendants $4,950 in attorney's fees.   On March 31, 2004, the court adopted the Findings and Recommendations, ordered three notices of lis pendens expunged, and awarded Defendants $4,950 in attorney's fees.   The court's order regarding attorney's fees stated:

8.      Defendants' request for attorney's fees is GRANTED, and Plaintiffs are
        ordered to pay $4,950.00 jointly and severally, excepting Plaintiff Terry
        Hamilton, with reservation of a right to seek recovery of the fees at a later

1    date or in bankruptcy.

2    On July 14, 2005, Defendants filed an application for attorney's fees and costs incurred to

3    expunge the lis pendens.   Defendants present evidence that the Plaintiffs have not paid the

4    outstanding attorneys fees.   Defendants present evidence that Plaintiff Hamilton's bankruptcy

5    was closed in February 2005.   Defendants contend that the court should now award the

6    attorney's fees against Defendant Hamilton because the sole reason the court did not previously

7    award the fees against Defendant Hamilton – the bankruptcy – has been resolved.

8    On August 1, 2005, Plaintiff Hamilton filed an opposition.   Plaintiff contends that his

9    liability for the fees was discharged by the Bankruptcy Court because all debts were discharged

10   on February 9, 2005.   Plaintiff claims Defendants never sought relief from the bankruptcy court

11   to recover the fee award, and as such cannot ask this court to award fees.

12   On August 12, 2005, Defendants filed a reply.

13                                                **DISCUSSION**

14   "A lis pendens is recorded by someone asserting a real property claim, to give notice that

15   a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real

16   property described in the notice." <u>FDIC v. Charlton</u>, 21 Cal.Rptr.2d 686, 689 (1993) (emphasis

17   omitted) (citing statutes).   A party may request that a lis pendens be expunged pursuant to

18   California Civil procedure Code Section 405.30.   California Civil Procedure Code Section

19   405.38 provides that the court should award reasonable attorney's fees and costs incurred to

20   remove a lis pendens.   In this case, the court has already found an award of $4,950.00

21   appropriate.

22   When the court previously awarded attorney's fees, the court found, in the interests of

23   caution, that the court would exempt Plaintiff Hamilton from the attorneys fee award because of

24   Plaintiff Hamilton's pending bankruptcy.   However, the court's order allowed Defendants to

25   request fees against Plaintiff Hamilton at a later date.   Defendants have now come forward with

26   evidence that Plaintiff Hamilton's bankruptcy case is over.   Thus, the court's sole reason for not

27

28                                                     2

1    previously awarding fees against Plaintiff Hamilton has now been resolved.

2          In his opposition, Plaintiff Hamilton contends that the Bankruptcy Court discharged the

3    attorney's fee award.    However, Plaintiff Hamilton provides no evidence that the Bankruptcy

4    Court ever considered a potential award of attorney fees against Plaintiff Hamilton in this action.

5    Plaintiff Hamilton also provides no legal authority for the proposition that the Bankruptcy

6    Court's order discharging debts and closing Plaintiff Hamilton's bankruptcy case resolved a

7    potential liability Plaintiff Hamilton might have in the future for attorney's fees.   At the time the

8    bankruptcy was resolved, the court had not yet ordered Plaintiff Hamilton to pay attorney's fees.

9    Plaintiff Hamilton was only facing the potential for liability once his bankruptcy case was over.

10   Without evidence or authority showing how the Bankruptcy Court's order discharged Plaintiff

11   Hamilton from any order this court will make regarding attorney's fees, the court finds it

12   appropriate to now award attorney's fees against Plaintiff Hamilton based on the reasoning in the

13   February 6, 2004 Findings and Recommendations.

14                                          **ORDER**

15         Accordingly, the court ORDERS that:

16   1.    Defendants' request for attorney's fees is GRANTED; and

17   2.    Plaintiffs are ordered to pay $4,950.00 in attorneys fees jointly and severally, including

18         Plaintiff Terry Hamilton.

19

20   IT IS SO ORDERED.

21   **Dated:    October 27, 2005**              _____/s/ Anthony W. Ishii_____
     0m8i78                                      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28                                          3