IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HENRY W. WILLMS, et al., <br><br> Defendants. | CV F 02-6583 AWI SMS <br><br> MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PARTIAL ENTRY OF JUDGMENT <br><br> ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF REDWOOD TRUST AND THURSTON <br><br> (Document #378) |

This action proceeds on Plaintiffs' second amended complaint. The court had jurisdiction over the RICO claims under 28 U.S.C. § 1331 and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Pending before the court is Defendants' motion to enter separate judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**PROCEDURAL HISTORY**

This action was filed on July 17, 2002, in the United States District Court for the District of Colorado. The first amended complaint contained nine claims for relief. Pursuant to Defendants' motion, on December 11, 2002, the Colorado District Court transferred the action to this court.

On June 11, 2003, Plaintiffs filed a second amended complaint. The first claim alleges a RICO violation pursuant to 18 U.S.C. §§ 1962(c) & 1962(d). The second claim alleges

forbearance on foreclosure agreements concerning California properties.  The third claim alleges breach of contract concerning foreclosures on California properties.  The fourth claim alleges fraud in relation to a note taken on Colorado Property and is brought under Colorado law.   The fifth claim alleges theft of Colorado Property in violation of Colorado law.  The sixth claim alleges fraud in relation to California property and is brought under California law.  The seventh claim alleges theft regarding JCB's personal property in violation of California law.

On June 17, 2005, Redwood Trust Deed Services ("Redwood Trust") filed a motion for summary judgment.  On September 8, 2005, Plaintiffs filed a notice of non-opposition to Redwood Trust's motion.  On September 13, 2005, the court granted Redwood Trust's motion for summary judgment.

On June 16, 2005, Defendant Susan Willms Thurston ("Thurston") filed a motion for summary judgment.  On September 8, 2005, Plaintiffs filed a notice of non-opposition to Thurston's motion.  On September 13, 2005, the court granted Thurston's motion for summary judgment.

On July 13, 2005, Defendant Catherine Locke ("Locke") filed a motion for summary judgment. On September 16, 2005, Plaintiffs filed an opposition to Locke's motion.   On October 28, 2005, the court granted Locke's motion for summary judgment.

On December 15, 2005, Defendants filed a motion to enter separate judgment pursuant to Rule 54(b) in favor of Redwood Trust, Thurston, and Locke.   Defendants contend that there is no just reason to delay entering judgment in favor of Redwood Trust, Thurston, and Locke. Defendants contend that there are no claims left concerning these Defendants and these Defendants are entitled to be free from worry and further preparation for the upcoming trial.

On January 6, 2006, Plaintiffs filed an opposition to Defendants' motion to enter separate judgment.  Defendants do not oppose the entry of judgment as to Redwood Trust or Thurston, but question why it is necessary at this point.  Defendants oppose entry of judgment in favor of Locke because there is no reason to enter a separate judgment.

On January 10, 2006, Defendants filed a reply.  Defendants contend review of Plaintiffs' claims against Locke requires review of different facts than the claims against the other parties. Defendants contend that Locke should not be forced to delay her attempts to recover attorney's fees and costs.

On February 6, 2006, the court held a hearing.   After hearing oral arguments, the court stated that it would grant Defendants' motion as to Redwood Trust and Thurston and deny Defendants' motion as to Locke.   This memorandum opinion follows.

## LEGAL STANDARD

Normally, a final judgment is not entered in an action until all claims have been resolved. However, Rule 54(b) of the Federal Rules of Civil Procedure allows for the entry of final judgment with respect to less than all parties or claims in an action if the court makes "an express determination that there is no just reason for delay" and expressly directs "entry of judgment." Fed.R.Civ.P. 54(b).  In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956).  Second, the court must determine whether there is any just reason for delay. Curtiss-Wright Corp., 446 U.S. at 7.

Whether to grant a Rule 54(b) motion is  within the discretion of the district court. Dannenberg v. Software Toolworks Inc., 16 F.3d 1073, 1078 (9th Cir. 1994); Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234, 236 (9th Cir.1967).  When reviewing the district court's decision under Rule 54(b) the Ninth Circuit has stated that the present trend is toward great deference to a district court's decision under Rule 54(b). Cadillac Fairview/California, Inc. v. United States, 41 F.3d 562, 564 (9th Cir. 1994); Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).  The Ninth Circuit has found that the district court must make specific findings setting forth the reasons for granting a Rule 54(b) motion.  In re Lindsay, 59 F.3d 942, 951 (9th Cir. 1995);

Morrison-Knudsen v. Archer, 655 F.2d 962, 965 (9th Cir.1981).

A Rule 54(b) certification is proper if it will aid "expeditious decision" of the case, but the court must remember the policy of preventing piecemeal appeals in cases that should be reviewed on appeal as a single unit. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797-98 (9th Cir. 1991); McIntyre v. United States, 789 F.2d 1408, 1410 (9th Cir.1986). The Ninth Circuit has stated that the appropriate focus for a court's Rule 54(b) decision is, "severability and efficient judicial administration." Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir.1987). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

In determining whether there are just reasons for a delay, the district court "must take into account judicial administrative interests as well as equities involved." Curtiss-Wright Corp., 446 U.S. at 8. When considering judicial interests, the court must determine "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once." Id. Equitable factors considered by the court include, but are not limited to, (1) the prejudgment interest rate, (2) the liquidity of the debts at issue, (3) the threat of either party becoming insolvent, (4) the possibility that counterclaims will create setoffs against the judgment. Id. at 10-12.

**DISCUSSION**

The court has granted Redwood Trust's, Thurston's, and Locke's motions for summary judgment. These orders effectively ended the litigation for Redwood Trust, Thurston, and Locke. Thus, there has been a final ruling in favor of Redwood Trust, Thurston, and Locke that ultimately disposed of the claims against them. The issue is whether the judicial administrative

interests as well as the equities involved necessitate the entry of judgment in favor of Redwood Trust, Thurston, and Locke at this time.

**A.  Redwood Trust and Thurston**

Plaintiffs did not oppose Redwood Trust's and Thurston's motions for summary judgment.  Plaintiffs do not oppose the entry of judgment as to these Defendants pursuant to Rule 54(b) now.   Based on Plaintiffs non-opposition, the court will grant Defendants' request for judgment and direct the Clerk of the Court to enter judgment in favor of Redwood Trust and Thurston.

**B.  Locke**

Defendants ask for entry of judgment in favor of Locke.   Plaintiffs opposed Locke's motion for summary judgment.   Plaintiffs now oppose the Clerk of the Court entering final judgment in favor of Locke pursuant to Rule 54(b).

*1. Judicial Economy*

Judicial economy does not necessitate the entry of a final judgment in favor of Locke at this time.  Plaintiffs' claims against all defendants are based on the same facts.   The claims arise from Defendant Willms' actions in lending Plaintiffs' money, Willms' collection practices, and Willms' alleged promises and statements when foreclosing on Plaintiffs' properties.   The court granted summary judgment in favor of Locke because the evidence did not show a disputed issue of fact on whether she committed a RICO violation or committed the state law violations.   Other than scant evidence concerning Locke's personal liability for the RICO claim, Plaintiffs have never offered additional facts to establish Locke's liability for any claims other than those facts used to establish the other Defendants' liability.   While Plaintiffs did offer additional facts pertaining to Locke to show Locke's liability for the RICO violations, Locke's liability overlaps the other Defendants' liability for the RICO claims because all involve resolution of whether there was an enterprise and whether there was a pattern of racketeering activity.   The court granted summary judgment to Locke on the RICO claim by focusing on whether there was

5

sufficient evidence of her involvement with an alleged racketeering enterprise. The court later granted summary judgment to all Defendants on the RICO claim because there was insufficient evidence of a pattern of racketeering. The RICO claim against Locke overlaps with the RICO claim against the other Defendants.

Determining whether claims are severable "depends not on whether there are any facts in common between the adjudicated and the unadjudicated claims, but rather whether the factual issues 'at the heart' of the claims are sufficiently distinct." Angoss II Partnership v. Trifox, Inc., 2000 WL 288435, *3 (N.D.Cal. 2000); Prudential Ins. Co. v. Curt Bullock Builders, Inc., 626 F.Supp. 159, 169 (D.Ill. 1985). The facts that support summary judgment on Locke's motion for summary judgment are not distinct in time and place from the claims against the remaining Defendants. The court does not find the facts, or lack of facts, concerning Locke are easily severable from the remaining claims. Thus, judicial economy does not call for the entry of judgment pursuant to Rule 54(b) in favor of Locke at this time.

## 2. Equitable Concerns

Locke raises minimal equitable reasons for entering a Rule 54(b) judgment at this time. There simply is insufficient authority and argument showing why a Rule 54(b) judgment is necessary. Defendants only make two arguments in favor of why they need a judgment now.

Defendants' first argument is that Defendant Locke needs to be certain that her involvement in this case is over. The court has already found Locke's involvement in this case is over. Plaintiffs have not filed a motion for reconsideration and there is no indication that Plaintiffs intend to re-visit the issue of Locke's liability before trial. At this stage of the litigation, the court is not inclined to reconsider the grant of summary judgment absent a showing of significant new evidence. Entering judgment now would require Plaintiffs to appeal any issues regarding Locke immediately. This would place the court in the awkward position of proceeding to trial as to certain Defendants while a possible appeal is pending. Locke's desire for finality simply does not outweigh the desire to avoid piecemeal litigation.

Defendants' second argument is that Locke should be able to seek attorney's fees and costs incurred in her defense now. Preliminarily, it is not entirely clear how Locke would be entitled to attorney's fees. However, assuming both costs and attorney's fees are available, this is not a sufficient reason to enter judgment at this time. All Defendants are represented by the same attorney. Other than the costs and fees associated with her motion for summary judgment, Locke's costs and attorney's fees overlap with the other Defendants. Further, this case is on the eve of trial. Trial has been set for June 27, 2006. Locke is only looking at a delay of a few months before she can file a motion pertaining to her costs and fees. Given the length of time this case has been pending, a delay of a few more months is not sufficient to enter judgment at this time.

**ORDER**

Based on the above memorandum opinion, the court ORDERS:

1. Defendants' motion for entry of judgment pursuant to Rule 54(b) is GRANTED in part and DENIED in part;
2. The Clerk of the Court is DIRECTED to enter judgment in favor of Redwood Trust and Thurston;
3. The Clerk of the Court shall not enter judgment in favor of Locke until judgment is entered as to the remaining parties.

IT IS SO ORDERED.

Dated:   **February 8, 2006**          /s/ **Anthony W. Ishii**
0m8i78                                 UNITED STATES DISTRICT JUDGE