IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HENRY W. WILLMS, et al.,<br><br>    Defendants. | CV F 02-6583 AWI SMS<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Document #370) |

    This action proceeds on Plaintiffs' second amended complaint. The court had jurisdiction over the RICO claims under 28 U.S.C. § 1331 and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Pending before the court is Defendants' motion for reconsideration of the court's order denying Defendants summary judgment on the second, third, and sixth claims.

**PROCEDURAL HISTORY**

    This action was filed on July 17, 2002, in the United States District Court for the District of Colorado. The first amended complaint contained nine claims for relief. Pursuant to Defendants' motion, on December 11, 2002, the Colorado District Court transferred the action to this court.

    On June 11, 2003, Plaintiffs filed a second amended complaint. The first claim alleges a RICO violation pursuant to 18 U.S.C. §§ 1962(c) & 1962(d). The second claim alleges forbearance on foreclosure agreements concerning California properties. The third claim alleges

breach of contract concerning foreclosures on California properties. The fourth claim alleges fraud in relation to a note taken on Colorado Property and is brought under Colorado law. The fifth claim alleges theft of Colorado Property in violation of Colorado law. The sixth claim alleges fraud in relation to California property and is brought under California law. The seventh claim alleges theft regarding JCB's personal property in violation of California law.

On September 21, 2005, Defendants filed a motion for partial summary judgment on the second, third, fifth, and sixth claims for relief. Defendants contended that they were entitled to summary judgment on the second claim because Plaintiffs could not show Henry Willms ever intended to honor his alleged promise to forbear and Plaintiffs could not show justifiable reliance. Defendants contended that they were entitled to summary judgment on the third claim because the undisputed facts showed Terry Hamilton failed to perform under the alleged oral agreement. Defendants contended that they were entitled to summary judgment on the fifth claim because Plaintiffs could not submit admissible evidence to make a claim for theft. Defendants contended that they were entitled to summary judgment on the sixth claim because there was no evidence Henry Willms ever intended to honor his promise, Plaintiffs did not tender the amount due, and Plaintiffs could not show damages.

On November 7, 2005, Plaintiffs filed a response to Defendants' motion for summary judgment. Plaintiffs contended that there are material disputed issues of fact underlying the second claim because there are facts showing Hamilton had the money to pay Defendants. Plaintiffs contended that there are also material disputed issue of fact regarding the breach of contract claim. Plaintiffs contended that there are material disputed issues of fact on whether Willms fraudulently concealed or misrepresented the status of a $150,000 note. Plaintiffs contended that there are significant factual questions existing as to the fraud claim on the Hart Road Property.

On November 14, 2005, Defendants filed an objection and motion to strike Plaintiffs' untimely opposition.

On November 22, 2005, the court denied Defendants' motion to strike and granted in part and denied in part Defendants' motion for summary judgment.  The court granted Defendants summary judgment on the fifth claim for relief to the extent it is based on a theft theory and a misrepresentation theory.  The court struck the requests in the third claim for relief and sixth claim for relief to set aside foreclosure sales and restore title.  In all other respects, the court denied the motion for summary judgment.

On December 5, 2006, Defendants filed a motion for reconsideration.  Defendants contend that the court should reconsider its ruling on the second, third, and sixth claims for relief as to Defendants Victor McClune, Lend-Teck Financial, Inc. ("Lend-Tech"), and Dolly Willms.  Defendants contend that the court's order only addressed Henry Willms' actions.  Defendants argue that there is no evidence that Henry Willms was acting on behalf of Defendants Victor McClune, Lend-Teck, and/or Dolly Willms.  Defendants also contend that the court should reconsider it ruling on the second claim for relief as to Agreement 3.  Defendants argue that the court only addressed Plaintiffs' second claim to the extent it is based on Agreement 2, but the court did not address this claim to the extent it is based on Agreement 3.

On December 23, 2005, Plaintiffs filed an opposition.  Plaintiffs contend that Defendants are making arguments already raised and rejected by the court.

On December 29, 2005, Defendants filed a reply.

On February 6, 2006, the court held a hearing.  After hearing oral arguments, the court took the pending motion for reconsideration under submission.  This memorandum opinion follows.

**LEGAL STANDARD**

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood

Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## DISCUSSION

**A.  Defendants Victor McClune, Lend-Teck, and Dolly Willms**

Defendants contend that the court should reconsider its ruling as to Defendants Victor McClune, Lend-Teck, and Dolly Willms.  Defendants argue that Plaintiffs failed to provide, and the court's opinion does not cite, any evidence that these Defendants were parties to the agreements underlying the second claim for fraud regarding forbearance agreements, the third claim for breach of contract, or the sixth claim for fraudulent misrepresentation.   Defendants point out that the person who made the allegedly false statements and entered into the alleged agreements was Defendant Willms and there is no evidence Defendants Victor McClune, Lend-Teck, or Dolly Willms had any part in the alleged statements or agreements.

A district court does not abuse its discretion in declining to consider a party's new arguments that are raised for the first time in a motion for reconsideration.  Rosenfeld v. United

4

States Dep't of Justice, 57 F.3d 803, 811 (9th Cir.1995).  A review of Defendants' motion for summary judgment reveals that Defendants did not make any specific argument concerning Defendants Victor McClune, Lend-Teck, or Dolly Willms in their original motion for summary judgment.  Defendants did not contend that these Defendants were entitled to summary judgment because there is no evidence that they made they allegedly false statements and no evidence that they entered into the alleged agreements underlying the second, third, and sixth claims.  A motion for reconsideration is not the proper avenue for raising legal theories that could have been, but were not, raised before the court issued the order for which reconsideration is sought.  In re Agric. Research & Tech. Group, Inc., 916 F.2d 528, 542 (9th Cir.1990).

      The court does recognize that all Defendants, including Victor McClune, Lend-Teck, and Dolly Willms, moved for summary judgment on the second, third, and sixth claims in the original motion for summary judgment.  In their brief, Defendants cited to the alleged evidence of potential agreements.  For the second claim, Defendants argued that there was no evidence Willms ever intended to honor his promise and Plaintiffs could not show justifiable reliance.  For the third claim, Defendants argued that Terry Hamilton failed to perform and Plaintiffs could not show tender of outstanding amounts.  For the sixth claim, Defendants argued that there was no evidence Willms intended to honor the alleged promise, Plaintiffs could not show tender, and Plaintiffs could not show damages.  These were the reasons Defendants gave for why summary judgment on the second, third, and sixth claims was appropriate.  These are the arguments the court addressed in its order.  Nowhere in their motion did Defendants contend Victor McClune, Lend-Teck, and Dolly Willms were entitled to summary judgment because they had no part in the allegedly false statements and alleged agreements underlying the second, third, and sixth claims.  Because Defendants did not make this argument, Plaintiffs were not on notice that they should oppose this argument, and the court was not required to address this argument.

      In their motion for reconsideration, Defendants are making an argument concerning Victor McClune, Lend-Teck, and Dolly Willms not made in their original motion.  The court

retains discretion to refuse to address issues raised for the first time in a motion for reconsideration. See Northwest Acceptance Corp., 841 F.2d at 925-26. Thus, Defendants are not entitled to reconsideration to the extent the court denied Victor McClune, Lend-Teck, and Dolly Willms summary judgment on the second, third, and sixth claims.

**B. Claim Two**

Defendants contend that the court should reconsider it ruling on the second claim as to Agreement 3. Defendants argue that the court only addressed Plaintiffs' second claim to the extent it is based on Agreement 2, but the court did not address this claim to the extent it is based on Agreement 3.

The second claim alleges fraud regarding foreclosure agreements. Defendants made two arguments in their motion for summary judgment: (1) Plaintiffs could not show Henry Willms intended to honor his alleged promise to forbear at the time he made the agreement; and (2) Plaintiffs could not show justifiable reliance for Agreement 2 or Agreement 3. The court addressed the first argument in its order. However, the court only addressed one aspect of the second argument. The court considered whether there was a disputed issue of fact on whether Plaintiffs justifiably relied on Agreement 2 – Willms alleged promise not to foreclose on Property Group Three in return for $5,000. However, the court did not consider whether there was a disputed issue of fact on whether Plaintiffs justifiably relied on Agreement 3 – Hamilton's agreement with Henry Willms and Dolly Willms that, among other things, Enviro-Safe would not attempt to stop the trustee's sale of Property Four in exchange for a right to repurchase Property Group Three and Property Four after the foreclosure sale.

At the hearing regarding the motion for reconsideration Plaintiffs stated that claim two is based on both Agreement 2 and Agreement 3. Plaintiffs indicated, however, that they are not attempting to raise two separate misrepresentation claims, one based on Agreement 2 and one based on Agreement 3. Rather, Plaintiffs implied that claim two is based on a course of conduct that includes false statements made in connection with both Agreement 2 and Agreement 3.

**1. Relevant Facts**

The following facts regarding Agreement 2 and Agreement 3 were submitted by the parties on the summary judgment motion:

*a. Undisputed Facts*

On or about May 24, 2001, Defendants caused to be published a Notice of Trustee's Sale for the real property located at 1217 South 7th Street, 341-517 West Hatch Road, and 835 North Hart Road, Modesto ("Property Group Three"). The parties dispute whether this notice was accurate and whether the property should have been sold.

On or about June 25, 2001, Plaintiffs allege Defendants entered into an oral agreement with Terry Hamilton, which was fully performed by Terry Hamilton, to postpone the trustee's sale of Property Group Three for one week in exchange for (1) payment by Terry Hamilton of $2,000; (2) a promise by Terry Hamilton not to file bankruptcy, and (3) a promise by Terry Hamilton not to transfer Property Group Three to any third party without the written consent of Trust 1. ("Agreement 2")

Plaintiffs further allege that they reasonably believed Defendants fraudulent representations and regarding forbearance on the planned foreclosures and relied upon said representations to their detriment, allowing the Defendants to fraudulently foreclose on Property Group Three and Property Four.

Henry Willms allegedly breached his promise to postpone the trustee's sale of Property Group Three, pursuant to the terms of Agreement 2.

On or about June 25, 2001, Trust 1 conducted the foreclosure sale of property Group Three.

After the foreclosure sale of Property Group Three on June 25, 2001, and not later than July 2, 2001, Plaintiffs allege Henry and Dolly Willms, on behalf of Trust 1, entered into another oral agreement with Terry Hamilton on behalf of Enviro -Save, Inc. ("ESI") ("Agreement 3").

Under the terms of Agreement 3, the parties allegedly agreed that, among other things,

7

ESI would not attempt to stop the trustee's sale of property Four in exchange for the right to re-purchase Property Group Three and property Four after the foreclosure.

On or about July 2, 2001, Property Four was sold at a foreclosure sale.

Defendants have not sold Property Group Three or Property Four to Plaintiffs.

*b.  Additional Evidence*

The parties dispute whether Hamilton made arrangement to have $2,000 available for Willms on June 25, 2001, and whether Willms' own actions caused Willms not to receive the $2000.

Willms told Hamilton not to interfere with the foreclose of Property Group Four, and promised to sell the property back to Hamilton if Hamilton paid amounts due and did not file bankruptcy.   See Hamilton Dec. at ¶ 27.

Hamilton relied on Willms because Willms controlled Hamilton's properties and promised to get them back.   See Hamilton Dec. at ¶ 28.

**2.  Legal Standard for Summary Judgment**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 322.   If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

**3. Discussion**

The second claim alleges fraud. The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 990 (2004); Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996).

> "Promissory fraud" is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud. An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract.

Lazar, 12 Cal.4th at 638 (internal citations omitted). The application of this doctrine is clear when the defendant makes an affirmative promise without any intention to perform that promise. See e.g., Engalla v. Permanente Medical Group Inc., 15 Cal.4th 951, 973-74 (1997) (promise of expeditious arbitration); Lazar, 12 Cal.4th 631 [promise of employment].)

Defendants contend that the court never addressed their contention that Plaintiffs did not justifiably rely on Agreement 3. Under the terms of Agreement 3, the parties allegedly agreed that, among other things, ESI would not attempt to stop the trustee's sale of Property Four in exchange for the right to re-purchase Property Group Three and Property Four after the foreclosure. Defendants argue Plaintiffs' reliance was not justified because Defendants had just allegedly breached Agreement 2 one week prior to Agreement 3. This argument was made in Defendants' motion for summary judgment.

Justifiable reliance is determined "in light of the plaintiff's intelligence and experience." Atari Corp. v. Ernst & Whinney, 981 F.2d 1025, 1031 (9th Cir.1992). In Seeger v. Odell, 18 Cal.2d 409 (1941), the California Supreme Court stated as follows:

> If the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable . . . however, he will be denied a recovery. . . . He may not put faith in representations which are preposterous, or which are shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth. . . .

Id. at 415.  Whether a party's reliance on alleged misrepresentations is reasonable is a question of fact. Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1239 (1995).

In general, where person learns one representation is false, he may not assume other representations are true.  See  Roland v. Hubenka, 12 Cal.App.3d 215, 225 (1970) (knowledge of seller's false representation).   If a person distrusts the defendant's honesty from the beginning, they cannot have had a justifiable reliance on the defendant's false representation.  Julrik Productions, Inc. v. Chester, 38 Cal.App.3d 807, 811 (1972) (finding trial court did not error in accepting testimony why plaintiff did not question defendant's statements in a letter and concluding that the letter did not show that plaintiff could not have reasonably relied upon defendant's statements).

Defendants contend Plaintiffs' reliance on Agreement 3 was not justified because Willms had just failed to comply with the terms of Agreement 2.    At the hearing, Plaintiffs clarified that the fraud claim found in claim two is based on both Agreement 2 and Agreement 3. Plaintiffs indicated that there are not two separate fraud claims.   Rather, Plaintiffs stated that the issue in claim two is Defendants' alleged fraud as a whole, and it is not possible to separate Agreement 2 from Agreement 3.  It is a general rule of federal pleading that Plaintiffs are the masters of their own claims and causes of action.  See Burlington Ins. Co. v. Oceanic Design & Const., Inc.,  383 F.3d 940, 953 (9th Cir. 2004); Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).   Thus, the court and Defendants must accept that Plaintiffs' claim two is based on only one fraud, which encompasses both Agreement 2 and Agreement 3.

Taking the alleged fraud surrounding Agreement 2 and Agreement 3 together, the court cannot find no disputed issue of fact on whether Plaintiffs justifiably relied on Agreement 3.  The court recognizes that Plaintiffs offered no evidence or argument why Plaintiffs' reliance on Agreement 3 was justifiable despite the fact Defendants had just breached Agreement 2.  However, the question of whether a plaintiff's reliance is reasonable is a question of fact. Blankenheim v. E. F. Hutton & Co., 217 Cal.App.3d 1463, 1475 (1990).    The court cannot find

that no reasonable jury could find that Plaintiffs' reliance on the entire fraud underlying claim two was not justified.  See Alliance Mortgage Co., 10 Cal.4th at 1239.   Here, there is evidence on why Plaintiffs' reliance on the totality of acts underlying claim two was justified.   There is evidence that three days prior to Agreement 2, on June 22, 2001, Willms and Hamilton agreed to continue another sale, and the sale was continued.  See Hamilton Dec. at ¶ 22.   In addition, when Hamilton and Willms agreed to use the Hart Road Property and Hatch Road Property as collateral for Loan 1098, Willms stated that he simply wanted additional protection and that he would not foreclose on these properties.  See Hamilton Dec. at ¶ 16.  This evidence provides an inference that Hamilton's reliance was justifiable.   There is also evidence that Plaintiffs' reliance was not justified because of Defendants' false statements in January or February 2001 about the Weld County Property, Defendants' threats, and Defendants' failure to follow the terms of Agreement 3.   However, viewing Agreement 2 and Agreement 3 as one fraudulent transaction, as Plaintiffs have stated claim two must be viewed, the court finds a disputed issue of fact on whether Plaintiffs' reliance was justified.

**ORDER**

Based on the above memorandum opinion, the court ORDERS that Defendants' motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:    February 10, 2006**          /s/ Anthony W. Ishii
9h0d30                                                   UNITED STATES DISTRICT JUDGE

11