IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **TERRY D. HAMILTON, et al.,** | ) | **CV F 02-6583 AWI SMS** |
| | ) | |
| **Plaintiffs,** | ) | **PRETRIAL ORDER** |
| | ) | |
| | ) | **Motions In Limine Hearing:** |
| **v.** | ) | **November 21, 2006** |
| | ) | **9:00 a.m., Courtroom 2** |
| | ) | |
| **HENRY W. WILLMS, et al.,** | ) | **Trial:  December 5, 2006** |
| | ) | **8:30 a.m., Courtroom 2** |
| **Defendants** | ) | |
| | ) | **RULES OF CONDUCT** |

The pretrial conference was held on October 27, 2006.   The trial in this matter is set for December 5, 2006.   The parties currently estimate that the trial shall take approximately two weeks.

**I.  Jurisdiction and Venue**

The parties agree that jurisdiction and venue are proper pursuant to 28 U.S.C. § 1367(a).

**II.  Jury Trial**

The Plaintiffs request a jury trial in this matter.  Defendants do not request a jury.

This action will be tried to a jury of eight.

**III.  Facts**

    **A.  Undisputed Facts**

        Venue is proper.

    **B.  Disputed Facts**

       ***1.  Plaintiffs' Disputed Facts***

       a.     Whether the foreclosures were fraudulent and improper.

       b.     Whether the defendants made any threats to the plaintiffs.

       c.     Whether plaintiffs suffered any damages.

       d.     Whether plaintiffs tendered the amounts due under the various notes and deeds of trust.

       e.     Whether plaintiffs were impaired from tendering amounts due under the various notes and deeds of trusts that were directly or in-directly caused by defendants actions.

       f.     Whether or not defendants' interference with plaintiffs' business relationships with Cheyenne Development, plaintiffs' attorneys or others, caused plaintiffs damages.

       g     Whether plaintiffs paid principal and interest on the due date of February 1, 2001 on Loan 1098.

       h.     Whether plaintiffs made partial payments of interest on Loan 1091 by authorizing Kona Ventures, LLC to collect rent on Chemical Way and pay same to H. Willms during the foreclosure procession on about January 2001 through the foreclosure sale on June 25, 2001.

       i.     Whether plaintiffs were damaged by defendants' actions with Kona Ventures, LLC related to cross-collateral Deed of Trust on Chemical Way for Loan 1091.

       j.     Whether there were any agreements to forbear and; if so, whether the

2

1   agreements were breached.

2   k.   Whether defendants breached the oral agreement to obtain the $2,000.00

3        forbearance fee from Mr. Bateman on June 25, 2001.

4   l.   Whether defendants refused to accept the $2,000.00 forbearance fee from

5        Shelley (Drewry) Shahen on June 25, 2001.

6   m.   Whether on June 25, 2001, defendants allowed a reasonable amount of

7        time for Shelly (Drewry) Shahen to go to the Bank and return to the

8        courthouse with the forbearance fee after defendants did not obtain the

9        $2,000.00 forbearance from Mr. Bateman as agreed.

10  n.   Whether defendants advanced approximately $100,000.00 to

11       WestAmerica Bank to protect defendant's security in the Hart Road

12       property actually constituted an advance against Willms Note and Deed of

13       Trust on Loan 1098.

14  o.   Whether at the time Plaintiffs performed under a Forbearance Agreement

15       drafted by Hanno Powell in March 2001, for the defendants, by tendering

16       more than $25,000.00 cash pursuant to that agreement;  was in fact a

17       portion of the proceeds to be applied to the Hart Road property amount

18       due under the Willms/WestAmerica Loan or were the proceeds in fact to

19       be credited against the Note under Loan 1098,

20  p.   Whether in March 2001, plaintiffs tendered the balance of approximately

21       $75,000.00, the amount due under the Willms/WestAmerica loan or were

22       those proceeds in fact to be credited against the Note under Loan 1098.

23  q.   Whether the defendants had a duty to disclose defendants' purchase of the

24       WestAmerica Note and Deed of Trust to plaintiffs.

25  r.   Whether the defendants advance of approximately $100,000.00 to

26       WestAmerica Bank to protect defendants' security interest in the Hart

27

28                                      3

Road Property affected the amount due under Loan 1098 on or before June 25, 2001, the date of the sale.

### *2. Defendants' Disputed Facts*

a.  Whether there were enforceable agreements to forbear foreclosures, whether those agreements, if any, were breached, and whether plaintiffs have suffered damages as a result of the purported breaches.

b.  Whether defendants intended to perform under any forbearance agreements at the time the agreements were allegedly made and whether plaintiffs reasonably relied on defendants' agreement(s) to forbear foreclosure.

c.  Whether defendants committed "theft" of plaintiffs' real or personal property under Colorado law, whether plaintiffs suffered damage as a result, and the amount of damages.

d.  Whether defendants committed fraud in connection with the payoff of the WestAmerica Bank loan on the 835 North Hart Road property.

e.  Whether plaintiff suffered damages, if any, beyond the unsatisfied indebtedness on Loan 1098.

f.  The amount of defendants' offset to plaintiffs' damages, if any.

g.  Whether plaintiffs have standing to assert damages, if any, in connection with Loan 1091.

## C.  Disputed Evidentiary Issues

The Plaintiffs are not aware of any disputed evidentiary issues at this time other than those identified by Defendants herein.  However, Plaintiffs reserve the right to assert appropriate evidentiary objections.

Defendants' Disputed Evidentiary Issues

a.  The admissibility of certain tape recordings purportedly made by Terry Hamilton

4

without the knowledge or consent of Henry Willms in violation of California criminal statutes.

b.    The admissibility of testimony and/or copies of a promissory note stamped "Cancelled" from the Weld County, Colorado Public Trustee's file relating to a foreclosure of certain real property previously owned by plaintiff Estates in Eagle Ridge, LLLP.

c.    The admissibility of evidence related to Sharon Hamilton's parents, their health and/or deaths.

d.    The admissibility of evidence related to Loan 1089.

e.    The admissibility of evidence related to Loan 1091.

f.    The admissibility of evidence related to the sale of the real property at 5401 Hood Lane, the Promissory Note marked, "Cancelled," (the "Eagle Ridge Note") and any deed of trust in favor of plaintiffs that secured the Eagle Ridge Note.

g.    The admissibility of evidence relating to any purported threats made relating to plaintiffs' assignment of the Hood Lane Note and Deed of Trust to Cheyenne Wyoming Development in October 2001.

h.    The admissibility of any evidence related to the sale of 5401 Hood Lane from Willms to Cheyenne Wyoming Development, any litigation between Willms and Cheyenne Wyoming Development and any settlement between Cheyenne Wyoming Development and Willms.

i.    The admissibility of any evidence related to any personal property purportedly stolen from James Bateman Petroleum, Inc., dba SEMCO, as alleged in the Seventh Claim for Relief.

j.    The admissibility of any expert testimony regarding the value of any real or personal property.

k.    The admissibility of any evidence contrary to the written agreements of the parties

1         (i.e., parol evidence).

2         The parties may file motions in limine concerning these potential evidentiary issues.   The

3 briefing schedule of motions in limine is set forth below.

4         **D.  Special Factual Information**

5         None.

6 **IV.  Relief Sought**

7         Plaintiffs seek monetary damages, and punitive damages; and attorney fees and costs.

8 Defendants do not seek any affirmative relief.

9 **V.  Points of Law**

10         **A.  Plaintiffs' Contentions**

11         Plaintiffs' remaining claims sound in contract and fraud and hence Plaintiffs will rely on

12 general principles of those claims.

13         ***1.  Contract***

14         The basic rules for contract claims are set forth in Witkin, Summary of California Law,

15 "Contracts".   To establish a contract claim, Plaintiffs must establish the existence of the contract,

16 its terms, breach thereof, causation and damages.  The basic principles in this regard are set forth

17 by Defendants in their analysis herein.  The dispute that exists is in the application of those

18 principles to the facts herein.

19         ***2.  Fraud***

20         As to fraud, Plaintiffs will rely again on basic principles of fraud as set forth in Witkin,

21 Summary of California Law, "Torts."  Plaintiffs will have to establish that false representations

22 were made or that Defendants failed to make required disclosures or concealed material facts,

23 falsity of the statements or concealment, reasonable and justifiable reliance, causation and

24 damages.  Again, Defendants have set forth most of the basic principles herein and the issues will

25 be in the application of those principles.

26         ***3.   Colorado Law***

27

28         6

See Below.

### B.  Defendants' Contentions

#### *1.  Fraud*

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. See Witkin, Summary of Cal. Law (9th ed. 1988) Torts, §676, p. 778; see also Civ. Code, §1709." Simpson v. Allstate Insurance, 2000 U.S. Dist. LEXIS 10069, 10076 (N.D. Cal. 2000).

Therefore, in order to avoid summary judgment on a fraud claim, the plaintiff must produce evidence establishing that the defendant made a false representation, which at the time he made it, he had no intent to honor. Lazar v. Superior Court, 12 Cal.4th 631, 638, 909 P.2d 981 (1996). The fact that a promise was made and not fulfilled is insufficient to prove fraud. Tenzer v. Superscope, Inc., 39 Cal.3d 18, 30, 216 Cal.Rptr. 130, 702 P.2d 212 (1985).

The California Supreme Court has made clear that "something more than nonperformance is required to prove defendant's intent not to perform his promise. To be sure, fraudulent intent must often be established by circumstantial evidence. However, if plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury." Id. When opposing a motion for summary judgment, "the plaintiff must present significant probative evidence relevant to the issue of intent, e.g., the time, place, or nature of the alleged fraudulent activities; mere conclusory allegations are insufficient to require that the motion for summary judgment be denied."   Vaughn v. Teledyne, Inc., 628 F.2d 1214, 1220 (9th Cir. 1980)."

Moreover, as a general matter, the test for determining the justifiability of reliance is whether the person claiming reliance was justified in believing the representation in the light of his own knowledge and experience. Gray v. Don Miller & Assoc., 35 Cal.3d. 498, 503 (1984).

A plaintiff who has a generalized distrust of the defendant's honesty or who actually mistrusted the defendant's statements with regard to the fraudulent transaction may be unable to show the required justifiable and reasonable reliance on the defendant's statements.  Jurlik Productions, Inc. v. Chester, 38 Cal.App.3d 807, 810 (1974). If a plaintiff learns that one representation by a defendant is false, the plaintiff may not assume other representations by the defendant were true. Roland v. Hubenka, 12 Cal.App.3d 215, 225 (1970); see also American Air Equipment, Inc. v. Pacific Employers Ins. Co., 37 Cal.App.3d 322, 328 (1974).

### *2.  Breach of Contract*

The elements for a claim for breach of contract are (1) the contract, (2) plaintiffs' performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiffs.  Reichert v. General Ins. Co., 68 Cal.2d 822, 830 (1968).

### *3.  Colorado Law*

Section 18-1-401 of the Colorado Revised Statutes states as follows:

> It is the intent of this part 4 to confer upon every person accused of an offense the benefits arising from said part 4 as a matter of substantive right, in implementation of minimum standards of criminal justice within the concept of due process of law.

Section 18-4-401 of the Colorado Revised Statutes, in contrast, is the Colorado criminal code for theft. Section 18-4-401 provides, in relevant part:

> 1.  A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and;
>   a.  Intends to deprive the other person permanently of the use or benefit of the thing of value; or
>   b.  Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or
>   c.  Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; or
>   d.  Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.

8

## VI.  Abandoned Issues

None.

## VII.  Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

### A.  Plaintiffs' Witnesses

a.     Terry Hamilton

b.     Sharon Hamilton

c.     Richard Hamilton

d.     Mary Hamilton

e.     Henry Willms

f.     Dolly Willms

g.     Victor McClune

h.     Ed Stoermer

i.     John Stout

j.     William Holtz

k.     Dan Compton

l.     Robert W. Ryckman

m.     Arnold Fredrick

n.     Ronald DuHamel

o.     Catherine Locke

p.     Susan Thurston

q.     Robert Cullen

1   r.      David Abshier

2   s.      Syed Nawab

3   t.      Syed Amjad

4   u.      Lewis "Jim" Westlake

5   v.      Mary Westlake

6   w.      Chris Westlake

7   x.      Dennis Cowan, Esq.

8   y.      Michael Brotheroton

9   z.      William Henry Martin Willms

10  aa.     Marvin Hyatt

11  bb.     David Johnston, Esq.

12  cc.     Brad Johnston

13  dd.     Debra Berg, WT Capital

14  ee.     Michael Abbot, Esq.

15  ff.     Gabriel S. Gabriel

16  gg.     John Lewis

17  hh.     Joseph Gonsalvas

18  ii.     Linda Birch

19  jj.     Paul Grant, Esq.

20  kk.     Guy Puccio

21  ll.     Beverly Martin

22  mm.     Larry Grimp

23  nn.     Michael Rein, Esq.

24  oo.     Wylie Cashman, Esq.

25  pp.     Thomas Kerrins

26  qq.     David Brown, Esq. Fidelity Title

27

28                              10

rr.     Michael Gergich, Fidelity Title

ss.     Suzanne Conry, individually and on behalf of Cheyenne Wyoming

Development

tt.     Nadine Privratski

uu.     Walter Snelling

vv.     Tom Forester

ww.     James Bateman

xx.     Shelley Shahen (formerly Drewry)

yy.     Marshall Hydorn, Kona Ventures, LLC

zz.     Lawrence Benson

aaa.    Allan G. Hedberg, Ph.D.

bbb.    Mike Gruber, Rams Point, LLC

ccc.    Kathy Palombi, Fidelity Title Co.

ddd.    Annette Ross, North American Title Co.

eee.    John Cavin, Esq.

fff.    Linda Birch, Commonwealth Title

ggg.    Joleen Palmer, Loan rep, Kaweah Mortgage

hhh.    Anthony Barns, Homelink Mortgage

**B.  Defendants' Witnesses**

a.     Victor McClune

b.     William Holtz

c.     Marshall Hydorn

d.     David Abshier

e.     Catherine Locke

f.     Henry Willms

g.     Dolly Willms

1    h.    Debra Berg

2    i.    William Mann

3    j.    Ed Stoermer

4    k.    Terry Hamilton

5    l.    Sharon Hamilton

6    m.    Robert Cullen

7    n.    Larry Grimp

8    o.    Thomas Kerrins

9    p.    Lawrence Benson

10    q.    Shelley Shahen

11    r.    James Bateman

12    s.    Suzanne Conry

13    t.    Lewis "Jim" Westlake

14    u.    Syed Nawab

15    v.    Khalid Masood

16    w.    Gabriel Gabriel

17    x.    Susan Thurston

18    y.    Dianna Alexander

19    z.    John Cavin

20    aa.    Rosanne Ruiz

21    bb.    Michael Abbott

22    cc.    Tom Forster

23    **VIII.  Exhibits**

24         The following is a list of documents or other exhibits that the parties expect to offer at

25    trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE

26    ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS

27

28                                        12

ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11).

**A.  Plaintiffs' Exhibits**

a.     Loan 1089

     i.      Application dated March 2000

     ii.     Note dated March 2000

     iii.    Deed of Trust dated March 2000

     iv.    Truth in Lending Statement dated March 2000

     v.     Estimated Closing Statement March 2000

     vi.    Closing Statement dated March 2000

     vii.   Escrow Instructions dated March 2000

     viii.  Correspondence dated in 2000 from McClune with payment coupons

     ix.    Title Insurance Policies

     x.     Accounting Documents

b.     Loan 1091

     i.      Application dated 2000

     ii.     Note dated May 23, 2000

     iii.    Deed of Trust on Weld County property dated May 23, 2000

     iv.    Deed of Trust on Chemical Way property dated May 23, 2000

         ($150,000.00 cross-collateral loan 1091)

     v.     Truth in Lending Statement

     vi.    Estimated Closing Statement

     vii.   Closing Statement

     viii.  Escrow Instructions

     ix.    Title Insurance Policies

     x.     Accounting Documents

xi.    Foreclosure Bid

xii.   Audio Tapes

xiii.  Assignment/Assumption agreements re: $150k Kona Ventures and Loan 1091 Note and Deed of Trust

xiv.   Documents related to pay-off of loan 1091 by Golden Eye Investments of Weld County Colorado and Michael Guber

c.   Loan 1098 including Loan Request

i.    Application

ii.   Purpose of Loan dated October 2, 2000

iii.  Terry Hamilton sources to repay loan dated September 26, 2000

iv.   Note dated October 2, 2000

v.    Deeds of Trust dated October 2, 2000 on:

   (a)   Hart Road

   (b)   Hatch Road

   (c)   1217 S. 7th Street

   (d)   1207 S. 7th Street (February 9, 2001)

   (e)   Chemical Way (October 2, 2000)

   (f)   Leslie Street (January 16, 2001)

vi.   Federal Truth in Lending Statement dated October 2, 2000

vii.  Mortgage Loan Disclosure Statement/Good Faith Estimate executed on October 4, 2000

viii. Release Agreement dated October 4, 2000 (Loan 1098)

ix.   Protection of Lender's Security Rider dated October 4, 2000

x.    Balloon Payment Disclosure dated October 4, 2000

xi.   Guarantee dated October 4, 2000

xii.  Declaration of Disclosure dated October 2, 2000

14

| | | |
|---|---|---|
| 1 | xiii. | Disclosures regarding residential loan |
| 2 | xiv. | Escrow Instructions dated October 2, 2000 |
| 3 | xv. | Fidelity Title Closing Statement dated October 9, 2000 |
| 4 | xvi. | Lend-Teck Financial Estimated Closing Statement dated October 4, 2000 |
| 5 | xvii. | Title Insurance Policies as to each property |
| 6 | xviii. | Federal Truth in Lending Statement by Kaweah Mortgage |

d.   Deeds of Trust dated October 2000 and January 2001 for property on:

  i.  Cedar Street

  ii.  Chemical Way

  iii.  Hart Road

  iv.  Hatch Road

  v.  1217 S. 7th Street

  vi.  1201 S. 7th Street (February 9, 2001)

  vii.  Trustees Deed dated January 9, 2002 (Document No. 2002-0002911-00 to Locke)

  viii.  Leslie Street dated January 16, 2001

    (a)  104.1 Endorsement or Title Insurance for Leslie Street

e.   Notices of Default for

  i.  Loan 1089

  ii.  Loan 1091

  iii.  Loan 1098

  iv.  Willms/WestAmericia $100,000.00 Loan

f.   Notices of Sale for

  i.  Loan 1089

  ii.  Loan 1091

  iii.  Loan 1098

g.    Forbearance Agreement dated June 22, 2001

h.    Forbearance Agreement dated June 25, 2001

    i.    Terry Hamilton letter to H. Willms and Sheriff's Office dated February 2002 regarding Willms cut gate lock and trespassed on to SEMCO's property violating tenant rights.

j.    Excerpts from deposition transcripts of October and December 2002 in Case No. 02-CV-215

k.    Willms (WAB) Forbearance on or about March 25, 2001 (drafted by Hanno Powell)  Terry Hamilton paid more than $25,000.00 for Hart Road

l.    Release Agreement for 1098 properties/collateral dated October 2000

m.    Reconveyance of 3rd Deed of Trust on Chemical Way dated February 1, 2001

n.    Purchase Agreement by Kona Ventures for Chemical Way

o.    Assignment/Assumption of Willms' Deeds of Trust by Kona Ventures for Chemical Way

p.    Letter dated March 5, 2001 from Chem-Away to Kona Ventures

q.    Letter: Holtz-McClune LTF W00723

r.    Letter from H. Willms to Terry Hamilton dated January 11, 2002, mailed from California to Colorado

s.    Letter from Terry Hamilton to Henry Willms dated September 26, 2000 regarding sources to repay loan

t.    Syed Nawab – Three Day Notices

u.    Assignment of West American Deed of Trust to Willms' 1982 Trust dated March 8, 2001

v.    Declaration of Suzanne Conry dated November 14, 2005

w.    Documents related to Terry Hamilton, Eagle Ridge and Willms et al. in the possession of  Suzanne Conry

16

x.      Beverly Martin letters dated April 17, May 23, and June 5, 2003

y.      Purpose of loan dated October 2, 2000

z.      Documents showing payment by Hamilton to WT Capital of $100,000 to pay WAB

aa.      Series of taped messages/phone conversations between Terry Hamilton and Henry Willms in Colorado Case 02-215 and others in the possession of Suzanne Conry

bb.      Trust Agreement for 1982 Trust

cc.      Trust Agreement for 1986 Trust

dd.      Authorizations signed by Dolly Willms to Lend-Teck Financial, Inc.

ee.      Hood Lane Property transactions including

     i.      Agreement of Sale to Willms dated November 2, 2000

     ii.      Letter:  Summit State Bank dated November 2, 2000 regarding wire funds

     iii.      Lease and Option Agreement between Eagle Ridge and Willms dated November 3, 2000 and related documents.

     iv.      Agreement to the Assignment of Lease and Option Agreement between Eagle Ridge and Avalanche Funding, LLC dated March 29, 2001 and related documents

     v.      Summit Bank of Santa Rosa letter regarding wired funds to Colorado for Hood Lane Willms IRS 1031 exchange and related documents

     vi.      Closing Statement dated November 3, 2000

     vii.      Escrow Instructions

     viii.      Promissory Note in face amount of $161,825.35

     ix.      Copy of (e) marked "Paid in Full"

     x.      Title Insurance Policies for Seller and Buyer

     xi.      Correspondence by Willms to Lender-Teck

     xii.      Depositions of Willms dated October 21, 2002 and December 18, 2002

17

1  and related exhibits in Colorado case of H. Willms, et al., Plaintiffs v.

2  Estates in Eagle Ride, Defendant, Action No. 02-CV-215

3        xiii.   Verified Amended Complaint in Action No. 02-CV-215 filed June 17,

4                2002 and related documents

5        xiv.   Settlement Agreement between Willms/Cheyenne Wyoming Development

6                in Action No. 02-CV-215

7        xv.   Agreement between Hamilton/Estates of Eagle Ridge and Cheyenne

8                Wyoming Development Co. including Assignment of $161,825.35 note

9        xvi.   Hearing transcript in case No. 02-CV-215 held on August 8, 2005

10        xvii.   Eagle Ridge Assignment of Deed of Trust to Cheyenne on September 25,

11                2001 at Reception No.  2001085728

12        xviii.   Commonwealth Title Company documents that relate to business

13                transactions between Terry Hamilton, Eagle Ridge and Willms, et al.

14  ff.   Correspondence from Hamilton to Willms regarding the accounting of loans

15  gg.   Accounting provided on April 9 and April 25, 2002 (letter to Wylie Cashman)

16  hh.   Loan 1098 Assignment of Leslie Street Deed of Trust and $750,000.00 note to

17       Lawrence Benson dated August 20, 2001

18  ii.   Loan 1098 Promissory Note and Leslie Street Deed of  Trust from Lawrence

19       Benson after Willms' 86 Trust Assignment to Benson, as it exists today

20  jj.   Trustee's Deeds for sales of property at:

21        i.   Hart Road

22        ii.   Hatch Road

23        iii.   1207 S. 7th Street

24        iv.   1217 S. 7th Street

25        v.   Cedar Street

26        vi.   Chemical Way

27

28  18

1              vii.    Leslie Street

2    kk.    Bidding instructions by Willms

3    ll.    Grant Deed from Willms to Diane Alexander on Hart Road

4    mm.    Deed of Trust from Diane Alexander to H. Willms on Hart Road

5    nn.    Willms/Alexander Westlake's bankruptcy documents

6    oo.    Unlawful detainer trial transcript in Willms v. Hamilton, Case No. 309222

7    pp.    Assignment of Deed of Trust on Country Girl Truck Stop to Catherine Locke

8    qq.    Documents relating to split of Country Girl Truck Stop property signed by
9           Catherine Locke

10   rr.    Agreement of Sale between Willms/Locke and Nawab for sale of Country Girl
11          Truck Stop

12   ss.    Agreement of Sale between Willms/Locke and Syed Nawab for sale of Country
13          Girl Truck Stop

14   tt.    Application and related documents showing attempts to get financing from
15          Morgan Weinstein including payment of fees of over $100,000

16   uu.    Judgment of Conviction of Morgan Weinstein in Central District of California,
17          Case No. SA CR 02-28

18   vv.    Order dated October 25, 2002 In Re: Terry D. Hamilton, United States
19          Bankruptcy Court, District of Colorado Case No. 02-24213-SBB, and Willms
20          Motion and Supporting Documents related to Willms' Motion for Order
21          Shortening time for Hearing for relief from automatic stay and Willms' Notice
22          Motion for relief from automatic stay and T. Hamilton's opposition including
23          exhibits to Willms motion for relief from automatic stay

24   ww.    Certified records from the State of California showing Victor McClune's status as
25          a real estate salesperson

26   xx.    Certified records from the State of California showing Edward Stoermer's status

27

28                                        19

1    as a real estate broker

2    yy.    Certified records from the State of California William Holtz's status as a real

3           estate salesperson or broker

4    zz.    Certified records from the State of California showing John Stout's status as a real

5           estate broker

6    aaa.   Note regarding Weld County property marked as "Cancelled" by the Weld County

7           Public Trustee

8    bbb.   Deed of Trust on Weld County property marked as "Cancelled" by Weld County

9           Trustee

10   ccc.   Sale of Agreement for attempted sales by Hamilton for following properties:

11          i.     Cedar Street

12          ii.    Leslie Street

13          iii.   Chemical Way

14          iv.    1201 S. 7th Street

15   ddd.   Promissory Notes/Agreements between Willms/Lewis Westlake

16   eee.   Willms/Alexander Joinder Westlake Bankruptcy Case No. 00-21583

17   fff.   McClune declaration dated August 22, 2000 with exhibits and related documents

18          in Westlake's bankruptcy Case No. 00-21583

19   ggg.   H. Willms application for emergency TRO including exhibits Order after Hearing

20          on Petition for Injunction Prohibiting Civil Harassment, filed July 8, 2004,

21          Willms v. Westlake, Shasta County Superior Court Case No. 151870

22   hhh.   Lewis J. Westlake Hospital records, including declaration and exhibits related to

23          order prohibiting harassment in case no. 151870

24   iii.   Promissory Notes/Agreements between Willms/Ronald DuHamel

25   jjj.   Promissory Notes/Agreements between Willms/Arnold Frederick

26   kkk.   Judgment regarding redemption rights on Weld County property in Case No.

27

28                                          20

1    02-CV-168 in Colorado

2    lll.    Response of H. Willms to Request for Admissions in Case No. 02-CV-215 in

3    Colorado

4    mmm.  Depositions in Action No. 02-CV-215 of:

5          i.      Willms

6          ii.     Burch

7          nnn.    Documents to memorialize advance by McClune/Lend-Teck of $7,000

8    ooo.    Assignment of first Deed of Trust and second Deed of Trust on Cedar Street on

9    Leslie Street from Heller Financial by Willms

10   ppp.    January 11, 2002 letter from Terry Hamilton to H. Willms

11   qqq.    Letter from H. Willms to Hamilton (undated)

12   rrr.    Loan commitment from Homelink Mortgage for Shelley Drewry

13   sss.    Documents related to Sugar Maple Holdings, LLC

14   ttt.    Documents related to Two Sassy Sisters, LLC

15   uuu.    Documents related to William Henry Martin Willms

16   vvv.    Grant Deed dated August 22, 2000, document no. 20000084958 from Skyhawk

17   Investors, LLC t D. Willms, Trustee of Willms 1982 Trust, between William

18   Henry Martin and Dolly G. Willms, Trustors or any successor trustee and related

19   documents

20   www.    Washington Mutual Deed of Trust dated September 28, 2000, reception no.

21   20000101165 and related documents

22   xxx.    Grant Deed of real property including Shasta County and related documents from

23   Willms Trusts to Sugar Maple Holdings, LLC and Two Sassy Sisters, LLC

24   yyy.    Letter from Don Pool to David Gilmore regarding Susanne Conry dated

25   November 17, 2005

26   zzz.    Willms answers to Request for admissions in case no. 02-CV-215, dated May 14,

27

28                                    21

2003

aaaa.   Documents related to Estates in Eagle Ridge P.U.D.

bbbb.   Documentation related to Michael Brotheroton, individually and as Trustee for the Willms 1982 and/or 1986 Trusts

cccc.   Declaration of Michael Abbott

dddd.   Acknowledgment to Cheyenne dated November 21, 2001

eeee.   Notice of Default recorded by Cheyenne recorded November 27, 2001

ffff.   Audio tapes and transcripts from Suzanne Conry

gggg.   Agreement dated September 25, 2001 between Eagle Ridge and Cheyenne

hhhh.   Foreclosure File from Dual Arch International on Loan 1098

**B.  Defendants' Exhibits**

a.   Loan 1089

i.  Application dated March 2000

ii. Note dated March 2000

iii.   Deed of Trust dated March 2000

iv.   Truth in Lending Statement dated March 2000

v. Estimated Closing Statement March 2000

vi.   Closing Statement dated March 2000

vii.   Escrow Instructions dated March 2000

viii.   Correspondence dated in 2000 from McClune with Payment coupons

a.   Loan 1091

i.  Application dated 2000

ii. Note dated May 23, 2000

iii.   Deed of Trust on Weld County property dated May 23, 2000

    iv.    Deed of Trust on Chemical Way property dated May 23, 2000 ($150,000.00 cross-collateral loan 1091)

    v.  Truth in Lending Statement

    vi.    Estimated Closing Statement

    vii.    Closing Statement

a.  Loan 1098 including Loan Request

    i.  Application

    ii.  Purpose of Loan dated October 2, 2000

    iii.    Terry Hamilton sources to repay loan dated September 26, 2000

    iv.    Note dated October 2, 2000

    v.  Deeds of Trust dated October 2, 2000 on:

        (a)    Hart Road

        (b)    Hatch Road

        (c)    1217 S. 7th Street

        (d)    1207 S. 7th Street (February 9, 2001)

        (e)    Chemical Way (October 2, 2000)

        (f)    Leslie Street (January 16, 2001)

    vi.    Federal Truth in Lending Statement dated October 2, 2000

    vii.    Mortgage Loan Disclosure Statement/Good Faith Estimate executed on October 4, 2000

    viii.    Release Agreement dated October 4, 2000 (Loan 1098)

    ix.    Balloon Payment Disclosure dated October 4, 2000

x.  Guarantee dated October 4, 2000

xi.     Declaration of Disclosure dated October 2, 2000

xii.    Disclosures regarding residential loan

xiii.   Escrow Instructions dated October 2, 2000

xiv.    Fidelity Title Closing Statement dated October 9, 2000

xv.     Lend-Teck Financial Estimated Closing Statement dated October 4, 2000

a.  Deeds of Trust dated October 2000 and January 2001 for property on:

    i.  Cedar Street

    ii. Chemical Way

    iii.    Hart Road

    iv.     Hatch Road

    v. 1217 S. 7th Street

    vi.     1201 S. 7th Street (February 9, 2001)

    vii.    Trustees Deed dated January 9, 2002 (Document No. 2002-0002911-00 to Locke)

    viii.   Leslie Street dated January 16, 2001

b.  Notices of Default for

    i.  Loan 1089

    ii. Loan 1091

    iii.    Loan 1098

    iv.     Willms/Westamerica $100,000.00 Loan

c.  Notices of Sale for

24

  i.  Loan 1089

  ii. Loan 1091

  iii. Loan 1098

d.  Forbearance Agreement dated June 22, 2001

e.  Forbearance Agreement dated June 25, 2001

f.  Release Agreement for 1098 properties/collateral dated January 4, 2000

g.  Reconveyance of 3rd Deed of Trust on Chemical Way dated February 1, 2001

h.  Purchase Agreement and related documents by Kona Ventures for Chemical Way

i.  Assignment/Assumption of Willms' Deeds of Trust by Kona Ventures for Chemical Way

j.  Letter dated March 5, 2001 from Chem-Away to Kona Ventures

k.  Letter:  Holtz-McClune LTF W00723

l.  Letter from H. Willms to Terry Hamilton dated January 11, 2002

m. Letter from Terry Hamilton to Henry Willms dated September 26, 2000 regarding sources to repay loan

n.  Assignment of West American Deed of Trust to Willms' 1982 Trust dated March 8, 2001

o.  Purpose of Loan dated October 2, 2000

p.  Closing Statement dated November 3, 2000

q.  Verified Amended Complaint in Action No. 02-CV215 filed June 17, 2002 and related documents

r.  Accounting provided on April 9 and April 25, 2002 (letter to Wylie Cashman)

s.  Trustee's Deeds for sales of property at:

25

i.  Hart Road

ii. Hatch Road

iii.   1207 S. 7th Street

iv.    1217 S. 7th Street

v.  Cedar Street

vi.    Chemical Way

vii.   Leslie Street

t.  Willms/Alexander Westlake's bankruptcy documents

u.  Unlawful detainer trial transcript in *Willms v. Hamilton*, Case No. 309222

v.  Assignment of Deed of Trust on Country Girl Truck Stop to Catherine Locke

w.  Documents relating to split of Country Girl Truck Stop property signed by
Catherine Locke

x.  Promissory Notes/Agreements between Willms/Lewis Westlake

y.  Willms/Alexander Joinder Westlake Bankruptcy Case No. 00-21583

z.  January 11, 2002 letter from Terry Hamilton to H. Willms

aa.    Deposition Transcripts with exhibits, re: *Hamilton, et al v. Willms, et al*,
USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

i.  Terry Hamilton as PMK of Estates in Eagle Ridge, Vol. I, II & III

ii. Terry Hamilton as PMK of James C. Bateman Petroleum Services, Inc.,
Vol. I & II

iii.   Sharon Hamilton

iv.    Terry Hamilton as PMK of Enviro-Safe, Inc.

26

v. Lewis James Westalke

vi.     Shelley Shahen

vii.    James Bateman

viii.   Robert Cullen

ix.    Terry D. Hamilton, Vol. I, II, III, IV & V

bb.    Complaint for Violations of the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, and for Fraud, Breach of Contract, and Theft and Demand for Jury Trial, Filed July 17, 2002, *Hamilton, et al v. Willms, et al*, United States District Court, District of Colorado Case No. 02-WM-1365

cc.    First Amended Complaint for Violations of the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, and for Fraud, Breach of Contract, and Theft and Demand for Jury Trial, Filed July 25, 2002, *Hamilton, et al v. Willms, et al*, United States District Court, District of Colorado Case No. 02-WM-1365

dd.    Affidavit of Terry D. Hamilton, Dated December 16, 2002, *Hamilton, et al v. Willms, et al*, United States District Court, District of Colorado Case No. 02-WM-1365

ee.    Declaration of Terry D. Hamilton in Support of Opposition to Motion to Set Aside Order of Default, Dated February 25, 2003, *Hamilton, et al v. Willms, et al*, USDC Eastern District of California Case No. CV F 02 6583 AWI SMS

ff.  Notice of Lien, Dated May 13, 2003, *Hamilton, et al v. Willms, et al,* USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

gg.    Second Amended Complaint for Relief from Damages due to Violations of

27

the Racketeering Influenced Corrupt Organizations Act (RICO) 18 U.S.C. Section 1962 et seq., Based Upon Fraud, Breach of Contract and Theft, Filed June 11, 2003, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

hh.   Proof of Service re: Second Amended Complaint, Dated June 11, 2003, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ii.   Declaration of Terry Hamilton in Support of Opposition to Motion to Expunge Lis Pendens, Filed July 31, 2003, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

jj.   Correspondence to The Honorable A.W. Ishii & The Honorable S.M. Snyder, from Terry Hamilton, Dated September 26, 2003, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

kk.   Declaration of Michael L. Abbott in Compliance with Order of the Court that Counsel Provide Information Regarding Methods of Contacting Corporate Entities, Dated November 3, 2003, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ll.   Defendant's Reply to Opposition to Motion to Dismiss Second Amended Complaint Against Redwood Trust Deed Services, Inc. Filed January 14, 2004, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

mm.   Order Granting Defendant Stoermer's Motion to Dismiss; Order Dismissing Stoermer as a Defendant; Order Granting in Part and Denying in Part Defendant Redwood's Motion to Dismiss; Order Dismissing Redwood as a Defendant from Claims Two Through Seven, Filed January 21, 2004,

*Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

nn.    Declaration of James C. Batemen in Support of Plaintiffs' Objection to the Courts Findings and Recommendations Re: Expunging Lis Pendens, Dated February 25, 2004, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

oo.    Declaration of Terry D. Hamilton in Support of Opposition to Defendant Susan Willms Thurston's Motion for Summary Judgment, Dated February 27, 2004, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

pp.    Declaration of Plaintiff, Terry Hamilton, in Support of Objection to the Magistrate Judge's Findings and Recommendations, Dated February 27, 2004, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

qq.    Declaration of Terry D. Hamilton in Support of Opposition to Deny Plaintiffs' Motion for Partial Summary Judgment in re Fourth Claim for Relief or, Alternatively, Request for a Continuance, Pursuant to Rule 56 (f), of the Federal Rules of Civil Procedure, Filed March 21, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

rr.   Declaration of James C. Bateman in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, Dated June 17, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ss.  Order Granting Susan Willms Thurston's and Redwood Trust Deed Services,

29

Inc.'s Motions for Summary Judgment, Dated September 13, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

tt. Memorandum Opinion and Order Granting Defendant Catherine Locke's Motion for Summary Judgment, Filed October 28, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

uu. Declaration of Terry Hamilton in Support of Reply to Motion for Partial Summary Judgment on the Second, Third, Fifth & Sixth Claims for Relief in the Second Amended Complaint, Dated November 7, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

vv. Declaration of Terry D. Hamilton in Support of Opposition to Motion for Summary Judgment on the First Claim for Relief in the Second Amended Complaint, Dated November 14, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ww. Declaration of Syed Nawab in Support of Opposition to Motion for Summary Judgment on the First Claim for Relief in the Second Amended Complaint, Dated November 14, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

xx. Declaration of Lewis J. "Jim" Westlake in Support of Opposition to Motion for Summary Judgment on the First Claim for Relief in the Second Amended Complaint, Dated November 14, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

yy. Declaration of Mary Hergert, Public Trustee, Weld County, Colorado, Dated November 14, 2005, *Hamilton, et al v. Willms, et al*, USDC, Eastern District

of California Case No. CV F 02 6583 AWI SMS

zz.    Henry w. Willms' Interrogatories, Set 1, to Terry D. Hamilton, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

aaa.    Terry D. Hamilton's Answers to Defendant Henry W. Willms' Interrogatories (Set 1), *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

bbb.    Terry D. Hamilton's Amended Answers to Defendant Henry W. Willms' Interrogatories (Set 1), *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ccc.    Henry W. Willms' Interrogatories to Terry D. Hamilton, Set No. Two, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ddd.    Plaintiff Terry D. Hamilton's Responses to the Second Set of Interrogatories from Defendant Henry W. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

eee.    Plaintiff Terry D. Hamilton's Supplemental Responses to the First Set of Interrogatories from Defendant Henry W. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

fff.    Henry W. Willms' Interrogatories to Terry D. Hamilton, Set No. Three, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ggg.    Plaintiff Terry D. Hamilton's Responses to the Third Set of Interrogatories from Defendant Henry W. Willms, *Hamilton, et al v. Willms, et al*, USDC,

31

Eastern District of California Case No. CV F 02 6583 AWI SMS

hhh.   Henry W. Willms' Request for Admissions to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

iii. Plaintiff Terry D. Hamilton's Responses to the First Set of Requests for Admissions from Defendant Henry W. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

jjj. Henry W. Willms' Request for Admissions to Terry D. Hamilton, Set No. Two, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

kkk.   Plaintiff Terry D. Hamilton's Responses to the Second Set of Requests for Admissions from Defendant Henry W. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

lll. Henry W. Willms' Request for Production of Documents and Things, Set 1, to Terry D. Hamilton, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

mmm.   Plaintiff's Response to Defendant Henry W. Willms' Request for Production of Documents and Things (Set 1), *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

nnn.   Request for Production of Documents and Things to Terry D. Hamilton, Set No. Two, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ooo.   Plaintiff Terry D. Hamilton's Responses to the Second Request for Production of Documents and Things from Defendant Henry W. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case

32

No. CV F 02 6583 AWI SMS

ppp.   Henry W. Willms' Request for Production of Documents and Things to Terry D. Hamilton, Set No. Three, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

qqq.   Plaintiff Terry D. Hamilton's Responses to the Third Request for Production of Documents and Things from Defendant Henry W. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

rrr.   Henry W. Willms' Request for Production of Documents to Terry D. Hamilton, Set No. Four, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

sss.   Plaintiff Terry D. Hamilton's Responses to the Fourth Request for Production of Documents and Things from Defendant Henry W. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ttt. Catherine A. Locke's Interrogatories to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

uuu.   Plaintiff Terry D. Hamilton's Responses to the First Set of Interrogatories from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

vvv.   Plaintiff Terry D. Hamilton's Amended Responses to the First Set of Interrogatories from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

www.   Catherine A. Locke's Interrogatories to Terry D. Hamilton, Set No. Two, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

xxx.   Plaintiff Terry D. Hamilton's Answers to the Second Set of Interrogatories from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

yyy.   Catherine A. Locke's Interrogatories to Terry D. Hamilton, Set No. Three, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

zzz.   Plaintiff Terry D. Hamilton's Answers to the Third Set of Interrogatories from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

aaaa.   Catherine A. Locke's Request for Admission to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

bbbb.   Plaintiff Terry D. Hamilton's Responses to the First Set of Request for Admissions from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

cccc.   Catherine A. Locke's Request for Admissions to Terry D. Hamilton, Set No. Two, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

dddd.   Plaintiff Terry D. Hamilton's Responses to the Second Set of Request for Admissions from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

eeee.   First Request for Production of Documents Under Federal Rules of Civil

34

Procedure 34, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ffff.   Plaintiff Terry D. Hamilton's Responses to the First Request for Production of Documents and Things from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

gggg.   Catherine A. Locke's Request for Production of Documents and Things to Terry D. Hamilton, Set No. Two, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

hhhh.   Plaintiff Terry D. Hamilton's Responses to the Second Request for Production of Documents and Things from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

iiii.   Catherine A. Locke's Request for Production of Documents and Things to Terry D. Hamilton, Set No. Three, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

jjjj.   Plaintiff Terry D. Hamilton's Responses to the Third Request for Production of Documents and Things from Defendant Catherine A. Locke, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

kkkk.   Dolly G. Willms' Interrogatories to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

llll.   Response of Terry Hamilton to Dolly G. Willms Interrogatories, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case

No. CV F 02 6583 AWI SMS

mmmm.     Dolly G. Willms' Request for Admissions to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

nnnn.     Plaintiff Terry D. Hamilton's Responses to the First Set of Request for Admissions from Defendant Dolly G. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

oooo.     Dolly G. Willms' Request for Production of Documents and Things to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

pppp.     Plaintiff Terry D. Hamilton's Responses to the First Request for Production of Documents and Things from Defendant Dolly G. Willms, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

qqqq.     Lend-Teck Financial, Inc.'s Interrogatories to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

rrrr.     Plaintiff Terry D. Hamilton's Responses to Lend-Teck Financial, Inc.'s Interrogatories, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ssss.     Lend-Teck Financial, Inc.'s Request for Admissions to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

tttt.     Plaintiff Terry D. Hamilton's Responses to the First Set of Request for Admissions from Defendant Lend-Teck Financial, *Hamilton, et al v. Willms,*

*et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

uuuu.  Lend-Teck Financial, Inc.'s Request for Production of Documents   and Things to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

vvvv.  Plaintiff Terry D. Hamilton's Responses to the First Request for Production of Documents and Things from Defendant Lend-Teck Financial, Inc., *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

wwww.       Redwood Trust Deed Services, Inc.'s Interrogatories to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

xxxx.  Plaintiff Terry D. Hamilton's Answers to the First Set of Interrogatories from Defendant Redwood Trust Deed Services, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

yyyy.  Redwood Trust Deed Services, Inc.'s Request for Admissions to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

zzzz.  Plaintiff Terry D. Hamilton's Responses to the First Set of Request for Admissions from Defendant Redwood Trust Deed Services, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

aaaaa.  Redwood Trust Deed Services, Inc.'s Request for Production of Documents and Things to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

bbbbb.  Plaintiff Terry D. Hamilton's Responses to the First Request for Production of Documents and Things from Defendant Redwood Trust Deed Services, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ccccc.  Victor R. McClune's Interrogatories to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ddddd.  Plaintiff Terry D. Hamilton's Responses to Victor R. McClune's Interrogatories, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

eeeee.  Victor R. McClune's Request for Admissions to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

fffff.  Plaintiff Terry D. Hamilton's Responses to the First Set of Request for Admissions from Defendant Victor R. McClune, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

ggggg.  Victor R. McClune's Request for Production of Documents and Things to Terry D. Hamilton, Set No. One, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

hhhhh.  Plaintiff Terry D. Hamilton's Responses to the First Request for Production of Documents and Things from Defendant Victor R. McClune, *Hamilton, et al v. Willms, et al*, USDC, Eastern District of California Case No. CV F 02 6583 AWI SMS

iiiii.  Deposition Transcripts of Terry D. Hamilton with exhibits, *Willms, et al v. Estates in Eagle Ridge LLLP, et al*, District Court of Larimer County,

38

Colorado Case No. 02 CV 215

jjjjj. Affidavit, Dated April 25, 2002, District Court, Larimer County, Colorado

kkkkk. Affidavit Regarding Spurious Lien, Filed September 24, 2002, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

lllll. Plaintiffs' Requests for Admissions, Interrogatories and Request for Production of Documents to Defendants Estates in Eagle Ridge, LLLP; Terry D. Hamilton; and Sharon M. Hamilton, Dated April 18, 2003, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

mmmmm. Answers to Defendants' Request for Admissions, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

nnnnn. Response in Lieu of Production of Documents, Dated June 19, 2003, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

ooooo. Responses to Plaintiffs' Requests for Admissions, Dated August 18, 2003, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

ppppp. Declaration of Terry D. Hamilton in Support of Response to Plaintiffs' Motion for Summary Judgment, Dated August 18, 2003, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

qqqqq. Motion to Withdraw as Counsel, Dated December 31, 2003, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado

39

Case No. 02 CV 215

rrrrr.   Order re: Motion for Summary Judgment Dated July 31, 2003, Dated January 21, 2004, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

sssss.   Status Report of Defendant Terry D. Hamilton, Dated March 5, 2005, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

ttttt.   Defendant Terry D. Hamilton's Renewed Motion for Summary Judgment Re: Plaintiffs' Claim of Spurious Lien, Filed March 17, 2005, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

uuuuu.   Affidavit in Support of Defendant Terry D. Hamilton's Renewed Motion for Summary Judgment Re Plaintiff's Claim of Spurious Lien, Filed March 17, 2005, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

vvvvv.   Defendant Terry D. Hamilton's Motion to Stay Pursuant to C.R.C.P. 41(3)(d), Filed March 17, 2005, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

wwwww.   Affidavit of Terry D. Hamilton in Support of Defendant Terry D. Hamilton's Reply to Plaintiffs' Response Opposition Defendant Terry D. Hamilton's Motion for Stay and Defendant Terry D. Hamilton's Motion for Evidentiary Hearing, Filed April 18, 2005, *Willms, et al v. Estates in Eagle Ridge LLLP, et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

xxxxx.   Order, Filed August 23, 2005, *Willms, et al v. Estates in Eagle Ridge LLLP,*

40

*et al,* District Court, Larimer County, Colorado Case No. 02 CV 215

yyyyy.    Order Authorizing Sale, Filed April 25, 2001, Dolly Willms, et al, Holder and Interested Party, District Court, Weld County, Colorado Case No. 01 CV 305

zzzzz.    Report of Sale, Filed June 1, 2001, Dolly Willms, et al, Holder and Interested Party, District Court, Weld County, Colorado Case No. 01 CV 305

aaaaaa.   Amended Complaint, Dated June 8, 2001, *B & B 2nd Mortgage, LLC v. Hamilton, et al*, District Court, Weld County, Colorado Case No. 01 CV 473

bbbbbb.   Order Granting Defendant's Motion for Partial Summary Judgment and Denying Plaintiff's Cross-Motion, Dated January 14, 2002, *B & B 2nd Mortgage, LLC* v. Hamilton, et al, District Court, Weld County, Colorado Case No. 01 CV 473

cccccc.   Complaint for Equitable Relief, Filed August 22, 2001, *Valley Bank & Trust v. Hamilton, et al*, District Court, Larimer County, Colorado Case No. 01 CV 947

dddddd.   Complaint, *Hamilton v. Willms*, Filed February 5, 2002, District Court, Weld County, Colorado Case No. 02 CV 168

eeeeee.   Complaint, Dated April 29, 2002, *Estates in Eagle Ridge LLLP, et al v. Dazlich, et al*, District Court, Larimer County, Colorado Case No. 02 CV 525

ffffff.   Order Granting Valley Bank & Trust's Second Motion for Partial   Summary Judgment, Filed August 14, 2003, *Estates in Eagle Ridge LLLP, et al v. Dazlich, et al*, District Court, Larimer County, Colorado Case No. 02 CV 525

gggggg.   Voluntary Petition, Filed February 11, 2000, *In Re: Lewis James Westlake and Mary Alice Westlake*, USBC, Eastern District of California Case No. 00-21583-A-11

41

hhhhhh.     Schedules and Statement of Financial Affairs, Filed March 20, 2000, *In Re: Lewis James Westlake and Mary Alice Westlake*, USBC, Eastern District of California Case No. 00-21583-A-11

iiiiii.     Disclosure Statement, Filed July 24, 2000, *In Re: Lewis James Westlake and Mary Alice Westlake*, USBC, Eastern District of California Case No. 00-21583-A-11

jjjjjj.     Amended Disclosure Statement, Dated September 12, 2000, *In Re: Lewis James Westlake and Mary Alice Westlake*, USBC, Eastern District of California Case No. 00-21583-A-11

kkkkkk.     Declaration of Lewis J. Westlake in Opposition to Motion for Adequate Protection Order, Filed January 5, 2001, *In Re: Lewis James Westlake and Mary Alice Westlake*, USBC, Eastern District of California Case No. 00-21583-A-11

llllll.     Third Amended Disclosure Statement, Dated February 15, 2001, *In Re: Lewis James Westlake and Mary Alice Westlake*, USBC, Eastern District of California Case No. 00-21583-A-11

mmmmmm.     Declaration of Jonathan E. Tesar in Support of Motion to Approve Stipulation With the Henry W. Willms and Dolly G. Willms Trust and Abandonment of Property, Filed March 22, 2002, *In Re: Lewis James Westlake and Mary Alice Westlake*, USBC, Eastern District of California Case No. 00-21583-A-11

nnnnnn.     Order Approving Stipulation with Henry W. Willms and Dolly G. Willms, Filed April 24, 2002, *In Re: Lewis James Westlake and Mary Alice Westlake*, USBC, Eastern District of California Case No. 00-21583-A-11

oooooo.     Voluntary Petition, *In Re: HK2, Inc., dba Semco*, Filed November 22,

42

2000, USBC, Eastern District of California Case No. 00-94349-A-11

ppppppp.          Voluntary Petition, Summary of Schedules and Statement of Financial

Affairs, Filed August 20, 2001, *In Re: Richard C. Hamilton and Mary K.*

*Hamilton*, USBC, Eastern District of California Case No. 01-93271

qqqqqq.          Voluntary Petition, Summary of Schedules and Statement of Financial

Affairs, Filed January 18, 2002, *In Re: Estates in Eagle Ridge LLLP*, United

States Bankruptcy Court, District of Colorado Case No. 02-10659-DEC

rrrrrr.   Voluntary Petition, Summary of Schedules, Statement of Financial Affairs,

Filed September 9, 2002, *In Re: Terry D. Hamilton*, United States Bankruptcy

Court, District of Colorado Case No. 02-24213-SBB

ssssss.   Order Granting Relief From Automatic Stay, Dated October 11, 2002, *In Re:*

*Terry D. Hamilton*, United States Bankruptcy Court, District of Colorado

Case No. 02-24213-SBB

tttttt.   Judgment, Dated October 11, 2002, *In Re: Terry D. Hamilton*, United States

Bankruptcy Court, District of Colorado Case No. 02-24213-SBB

uuuuuu.          Order (1) Directing Debtor to Show Case Why he Should not be

Sanctioned, or Otherwise Held in Contempt of Court, for his Failure to

Comply with Orders of this Court and for his Failure to file Revised

Schedules, Statement of Affairs, Plan and Declaration and (2) Order and

Notice Setting Hearing to Consider the Debtor's Motion to Dismiss Case and

the Chapter 13 Trustee's Motion to Convert Case, Dated November 5, 2002,

*In Re: Terry D. Hamilton*, United States Bankruptcy Court, District of

Colorado Case No. 02-24213-SBB

vvvvvv.          Minutes of Proceeding, Dated December 16, 2002, *In Re: Terry D.*

*Hamilton*, United States Bankruptcy Court, District of Colorado Case No. 02-

43

24213-SBB

wwwwww.        Court Transcript re: Oral Argument Hearing, December 14, 2002, *In Re: Terry D. Hamilton*, United States Bankruptcy Court, District of Colorado Case No. 02-24213-SBB

xxxxxx.        Judgment, Dated March 14, 2003, *In Re: Terry D. Hamilton*, United States Bankruptcy Court, District of Colorado Case No. 02-24213-SBB

yyyyyy.        Order Sanctioning Debtor, Dated March 14, 2003, *In Re: Terry D. Hamilton*, United States Bankruptcy Court, District of Colorado Case No. 02-24213-SBB

zzzzzz.        Order Awarding Fees and Costs to Henry W. Willms (A/K/A Hank Willms), Co-Trustee of the Trust Agreement Dated September 25, 1986, Between Henry W. Willms and Dolly G. Willms, or Any Successor Trustee, Dated March 20, 2003, *In Re: Terry D. Hamilton*, United States Bankruptcy Court, District of Colorado Case No. 02-24213-SBB

aaaaaaa.        Motion for Relief From Stay, Filed October 1, 2003, *In Re: Terry D. Hamilton*, United States Bankruptcy Court, District of Colorado Case No. 02-24213-SBB

bbbbbbb.         Voluntary Petition, Filed April 23, 2002, *In Re: Sharon M. Hamilton*, USBC, Eastern District of California Case No. 02-91544-A-13

ccccccc.        Order Dismissing Chapter 13 Case, Filed May 6, 2002, *In Re: Sharon M. Hamilton*, USBC, Eastern District of California Case No. 02-91544-A-13

ddddddd.        Voluntary Petition, Schedules, and Statement of Financial Affairs, Filed April 30, 2002, *In Re: James C. Bateman Petroleum Services, Inc., dba Semco*, USBC, Eastern District of California Case No. 02-91644-A-11

eeeeeee.        Declaration of David C. Johnston in Support of Debtor's Motion to

44

Dismiss Chapter 11 Case, Filed June 17, 2002, *In Re: James C. Bateman Petroleum Services, Inc., dba Semco*, USBC, Eastern District of California Case No. 02-91644-A-11

fffffff.　　　Order Dismissing Chapter 11 Case, Filed July 24, 2002, *In Re: James C. Bateman Petroleum Services, Inc., dba Semco*, USBC, Eastern District of California Case No. 02-91644-A-11

ggggggg.　　　Voluntary Petition, Filed May 15, 2002, *In Re: Sharon M. Hamilton*, USBC, Eastern District of California Case No. 02-91856-A-13

hhhhhhh.　　　Declaration of Wylie P. Cashman in Opposition to Motion for Relief From Automatic Stay, Filed June 25, 2002, *In Re: Sharon M. Hamilton*, USBC, Eastern District of California Case No. 02-91856-A-13

iiiiiii.　　Summary of Schedules and Statement of Financial Affairs, Filed June 28, 2002, *In Re: Sharon M. Hamilton*, USBC, Eastern District of California Case No. 02-91856-A-13

jjjjjjj.　　Declaration of Douglas C. Scherrer in Support of Motion for Relief From Stay (Part II), Filed July 12, 2002, *In Re: Sharon M. Hamilton*, USBC, Eastern District of California Case No. 02-91856-A-13

kkkkkkk.　　　Order Dismissing Proceeding, File September 6, 2002, *In Re: Sharon M. Hamilton*, USBC, Eastern District of California Case No. 02-91856-A-13

lllllll.　　Declaration of Shelley Drewry, Dated February 24, 2004, Rule 2004 Examination Transcript of Terry D. Hamilton, Dated September 20, 2004, *In Re: Terry D. Hamilton*, USBC, Eastern District of California Case No. 03-93581-A

mmmmmmm.　Motion of Debtor to Convert Chapter 7 Case to Chapter 11, Dated April 15, 2004, *In Re: Terry D. Hamilton*, USBC, Eastern District of

45

California Case No. 03-93581-A

nnnnnnn.      Order Converting Chapter 7 Case to Chapter 11, Filed April 19, 2004, *In Re: Terry D. Hamilton*, USBC, Eastern District of California Case No. 03-93581-A

ooooooo.      Summary of Schedules & Statement of Financial Affairs, Filed May 14, 2004, *In Re: Terry D. Hamilton*, USBC, Eastern District of California Case No. 03-93581-A

ppppppp.      Declaration of Terry D. Hamilton in Support of Debtor's Opposition to Motion to Convert or Dismiss, Dated July 29, 2004, *In Re: Terry D. Hamilton*, USBC, Eastern District of California Case No. 03-93581-A

qqqqqqq.      Disclosure Statement, Filed July 30, 2004, *In Re: Terry D. Hamilton*, USBC, Eastern District of California Case No. 03-93581-A

rrrrrrr.  Rule 2004 Examination Transcript of Shelley Drewry, Dated September 14, 2004, *In Re: Terry D. Hamilton*, USBC, Eastern District of California Case No. 03-93581-A

sssssss.  Rule 2004 Examination Transcript of Terry D. Hamilton, Dated September 20, 2004, *In Re: Terry D. Hamilton*, USBC, Eastern District of California Case No. 03-93581-A

ttttttt.  Voluntary Petition, Filed March 1, 2005, *In Re: Chem-away, Inc.*, USBC, Eastern District of California Case No. 05-90374-D-11

uuuuuuu.      Debtor's Preliminary Status Report, Filed April 11, 2005, *In Re: Chem-away, Inc.*, USBC, Eastern District of California Case No. 05-90374-D-11

vvvvvvv.      Abstract of Judgment, Issued December 17, 2001, Recorded January 10, 2002, San Joaquin County, Document No. 2002-005185-00, *Shields,*

46

*Harper & Company, Inc. v. Semco, et al*, San Joaquin County Superior Court
Case No. 1-002858

wwwwwww.   Complaint for Damages Arising from Forcible Entry, Forcible
Detainer, Trespass, Filed December 23, 2004, *Westlake, et al v. Willms, et al*,
Shasta County Superior Court Case No. 153276

xxxxxxx.      Amended Complaint for Damages Arising from Forcible Entry,
Forcible Detainer, Trespass, Filed December 27, 2004, *Westlake, et al v.
Willms, et al*, Shasta County Superior Court Case No. 153276

yyyyyyy.      Order After Hearing on Petition for Injunction Prohibiting Civil
Harassment, Filed July 8, 2004, *Willms v. Westlake*, Shasta County Superior
Court Case No. 151870

zzzzzzz.      Abstract of Judgment, Issued February 22, 2000, *California Federal
Bank, et al v. HK2, Inc., et al*, Stanislaus County Superior Court Case No.
186792

aaaaaaaa.      Judgment After Trial, Filed September 28, 2001, *Praytel
Communications, Inc. v. Enviro-Safe, Inc., et al*, Stanislaus County Superior
Court Case No. 271151

bbbbbbbb.      Affidavit of Sharon Hamilton, Dated February 7, 2002, *Praytel
Communications, Inc. v. Enviro-Safe, Inc., et al*, Stanislaus County Superior
Court Case No. 271151

cccccccc.       Affidavit for Terry Hamilton, Dated March 25, 2002, *Praytel
Communications, Inc. v. Enviro-Safe, Inc., et al*, Stanislaus County Superior
Court Case No. 271151

dddddddd.      Judgment, Filed May 1, 2002, *Hi-Tech Traffic Services, Inc. v. James
C. Bateman Petroleum, et al*, Stanislaus County Superior Court Case No.

47

292721

eeeeeeee.      Default Judgment by Court and Court Order, Filed February 1, 2002, *Information Leasing v. James C. Bateman Petroleum*, Stanislaus County Superior Court Case No. 294265

ffffffff.      Abstract of Judgment, Issued February 20, 2002, Recorded March 13, 2002, Stanislaus County, Document No. 2002-0033066-00, *Information Leasing v. James C. Bateman Petroleum*, Stanislaus County Superior Court Case No. 294265

gggggggg.      Summons & Amended Complaint to Set Aside Trustee's Deeds, for Damages for Breach of Contract, for Imposition of Constructive Trust, for Damages for Fraud, for an Accounting, for Temporary Restraining Order and Preliminary and Permanent Injunctions, and for Declaratory Relief, Filed March 15, 2002, *Hamilton, et al v. Willms, et al*, Stanislaus County Superior Court Case No. 307202

hhhhhhhh.      Supplemental Declaration of Terry D. Hamilton in Opposition to Demurrer, Dated May 7, 2002, *Hamilton, et al v. Willms, et al*, Stanislaus County Superior Court Case No. 307202

iiiiiiii.      Reply to Plaintiffs' Opposition to Demurrer of Defendants Henry W. Willms, Individually, Henry W. Willms and Dolly G. Willms, Co-Trustees of the Trust Agreement Dated September 26, 1986, Between Henry W. Willms and Dolly G. Willms, or any Successor Trustee, and Catherine Ann Locke's to First Amended Complaint, Dated May 9, 2002, *Hamilton, et al v. Willms, et al*, Stanislaus County Superior Court Case No. 307202

jjjjjjjj.      Declaration of Terry D. Hamilton in Opposition to Demurrer,  Dated July 8, 2002, *Hamilton, et al v. Willms, et al*, Stanislaus County Superior Court Case

48

No. 307202

kkkkkkkk.          Declaration of Wylie P. Cashman in Opposition to Demurrer, Dated July 8, 2002, *Hamilton, et al v. Willms, et al*, Stanislaus County Superior Court Case No. 307202

llllllll.   Request for Dismissal, Dated July 26, 2002, *Hamilton, et al v. Willms, et al*, Stanislaus County Superior Court Case No. 307202

mmmmmmmm.          Stipulation for Dismissal Without Prejudice and Order Thereon, Filed August 12, 2002, *Hamilton, et al v. Willms, et al*, Stanislaus County Superior Court Case No. 307202

nnnnnnnn.          Judgment Pursuant to Stipulation – Unlawful Detainer Notice of Entry of Judgment, Filed October 22, 2002, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309222

oooooooo.          Court Trial Transcript, Dated November 25, 2002, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309222

pppppppp.          Judgment After Trial – Unlawful Detainer, Filed December 10, 2002, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309222

qqqqqqqq.          Writ of Execution, Issued December 11, 2002, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309222

rrrrrrrr. 2004 Examination Transcript of Sharon M. Hamilton taken on March 19, 2003, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309222

ssssssss.          Order Granting Motion for Dismissal of Appeal, Filed March 27, 2003, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309222

tttttttt.   Stipulation for Entry of Judgment, Unlawful Detainer, Notice of Entry of Judgment, Filed April 26, 2002, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309269

uuuuuuuu.   Judgment Pursuant to Stipulation, Unlawful Detainer Notice of Entry of Judgment, Filed July 30, 2002, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309269

vvvvvvvv.   Declaration of Terry Hamilton in Support of Ex Parte Application to Stay Enforcement of Writ of Possession or in the Alternative, to Return Possession to Defendants, Field August 9, 2002, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309269

wwwwwwww.   Declaration of James C. Bateman in Support of Ex Parte Application to Stay Enforcement of Writ of Possession or in the Alternative, to Return Possession to Defendants, Field August 9, 2002, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309269

xxxxxxxx.   Judgment, Filed May 8, 2003, *Willms v. Hamilton, et al*, Stanislaus County Superior Court Case No. 309269

yyyyyyyy.   Application for Entry of Judgment on Sister-State Judgment,  Filed April 11, 2002, *T & W Funding Company, XII, LLC. v. James C. Bateman Petroleum Services, Inc., et al*, Stanislaus County Superior Court Case No. 310081

zzzzzzzz.   Abstract of Judgment, Issued August 13, 2002, Recorded August 15, 2002, Stanislaus County, Document No. 2002-0105943-00, *T & W Funding Company, XII, LLC. v. James C. Bateman Petroleum Services, Inc., et al*, Stanislaus County Superior Court Case No. 310081

aaaaaaaaa.   Abstract of Judgment, Issued September 30, 2003, Recorded October

50

20, 2003, Stanislaus County, Document No. 2003-0179646-00, *T & W Funding Company, XII, LLC. v. James C. Bateman Petroleum Services, Inc., et al*, Stanislaus County Superior Court Case No. 310081

bbbbbbbbb.    Deposition Transcripts with exhibits, re: *Gabriel v. Willms, et al*, Stanislaus County Superior Court Case No. 312552

i.  Gabriel S. Gabriel – taken January 15, 2003

ii. Gabriel Gabriel, Vol. I & II – taken May & June 2003

ccccccccc.    Trial Transcripts, *Gabriel v. Willms, et al*, Stanislaus County Superior Court Case No. 312552

ddddddddd.    Statement of Decision, Filed October 21, 2003, *Gabriel v. Willms, et al*, Stanislaus County Superior Court Case No. 312552

eeeeeeeee.    First Amended Judgment, Filed December 30, 2003, *Gabriel v. Willms, et al*, Stanislaus County Superior Court Case No. 312552

fffffffff.    Complaint for Breach of Security Agreements; Breach of Guaranty; Recovery of Possession of Personal Property; and Conversion, *The CIT Group/Equipment Financing, Inc. v. James C. Bateman Petroleum Services, Inc., et al*, Stanislaus County Superior Court Case No. 315026 & Judgment and Abstract of Judgment filed thereto

ggggggggg.    Complaint to Set Aside Fraudulent Transfers and for Damages, Filed October 17, 2002, *Geoanalytical Laboratories, Inc. v. James C. Bateman Petroleum Services, Inc., et al*, Stanislaus County Superior Court Case No. 315542 & Judgment and Abstract of Judgment filed thereto

hhhhhhhhh.    Judgment, Filed February 13, 2003, *Praytel Communications, Inc. v. Hamilton, et al*, Stanislaus County Superior Court Case No. 315866

iiiiiiiii.   Abstract of Judgment, Issued May 3, 2003, Recorded March 5, 2003, Stanislaus County, Document No. 2003-0034869-00, *Praytel Communications, Inc. v. Hamilton, et al*, Stanislaus County Superior Court Case No. 315866

jjjjjjjjj.   Deposition Transcript of Sharon M. Hamilton taken on May 28, 2003, *Praytel Communications, Inc. v. Hamilton, et al*, Stanislaus County Superior Court Case No. 315866

kkkkkkkkk.   Sharon Hamilton's Response in Lieu of Production of Documents, Dated June 19, 2003, *Praytel Communications, Inc. v. Hamilton, et al*, Stanislaus County Superior Court Case No. 315866

lllllllll.   Declaration of Terry Hamilton, Dated July 8, 2003, *Praytel Communications, Inc. v. Hamilton, et al*, Stanislaus County Superior Court Case No. 315866

mmmmmmmmm.   Stipulation to Entry of Judgment – Unlawful Detainer, Filed March 24, 2003, & Judgment, *Willms, et al v. Mize, et al*, Stanislaus County Superior Court Case No. 329247

nnnnnnnnn.   Writ of Execution, Issued April 9, 2003, *Willms, et al v. Mize, et al*, Stanislaus County Superior Court Case No. 329247

ooooooooo.   Deposition Transcripts with exhibits of Syed Nawab, Vol. I, II & III, *Willms, et al v. Nawab*, Stanislaus County Superior Court Case No. 331007

ppppppppp.   Declaration of Syed Nawab in Opposition to Plaintiff's for Writ of Attachment; Memorandum of Points and Authorities, Filed May 7, 2003, *Willms, et al v. Nawab*, Stanislaus County Superior Court Case No. 331007

qqqqqqqqq.   Declaration of Defendant Syed Nawab Supporting Motion to Reopen Discovery, Filed November 3, 2004, *Willms, et al v. Nawab*, Stanislaus County Superior Court Case No. 331007

52

rrrrrrrrr.        Judgment, Filed April 22, 2005, *Willms, et al v. Nawab*, Stanislaus
County Superior Court Case No. 331007

sssssssss.        Statement of Decision, Filed June 28, 2005, *Willms, et al v. Nawab*,
Stanislaus County Superior Court Case No. 331007

ttttttttt.  Judgment, Filed October 31, 2005, *Willms, et al v. Nawab*, Stanislaus County
Superior Court Case No. 331007

uuuuuuuuu.        Complaint, Filed September 12, 2005, *Bateman, et al v. Diaz, et al*,
Stanislaus County Superior Court Case No. 374621

vvvvvvvvv.        First Amended Complaint, Dated September 26, 2005, *Bateman, et al
v. Diaz, et al*, Stanislaus County Superior Court Case No. 374621

wwwwwwwww.        Complaint for Specific Performance, Damages for Breach of
Contract, Fraud-Intentional Misrepresentation, and Fraud-Negligent
Misrepresentation, Filed February 23, 2001, *Mann v. Hamilton, et al*, San
Mateo County Superior Court Case No. 415954

xxxxxxxxx.        Judgment After Trial By Court, Filed December 3, 2001, *Mann v.
Hamilton, et al*, San Mateo County Superior Court Case No. 415954

yyyyyyyyy.        Abstract of Judgment, Issued December 3, 2001, Recorded April 23,
2002, San Joaquin County, Document No. 2002-070013, *Mann v. Hamilton,
et al*, San Mateo County Superior Court Case No. 415954

zzzzzzzzz.        Abstract of Judgment, Issued December 13, 2001, Recorded January
4, 2002, Stanislaus County, Document No. 2002-0001441-00, *Mann v.
Hamilton, et al*, San Mateo County Superior Court Case No. 415954

aaaaaaaaaa.        Default Judgment (Default by Clerk), Filed September 4, 2001,
*Nelson, et al v. Hamilton, et al*, Tuolumne County Superior Court Case No.
CV 48128

53

bbbbbbbbbb.	Abstract of Judgment, Issued September 4, 2001, Recorded February 4, 2002, Stanislaus County, Document No. 2002-0015486-00, *Nelson, et al v. Hamilton, et al*, Tuolumne County Superior Court Case No. CV 48128

cccccccccc.	Judgment, Filed March 11, 2004, *Corrosion Electrical Services, Inc. v. James C. Bateman Petroleum Services, et al*, Los Angeles County Superior Court Case No. VC 040710 & any Abstract(s) of Judgment filed thereto

dddddddddd.	Deed of Trust, Recorded July 2, 1997, San Mateo County, Document No. 97-080038

eeeeeeeeee.	Grant Deed, Recorded March 26, 1998, Fresno County, Document No. 98041699

ffffffffff.	Letter of Agreement, Recorded August 23, 2000, Weld County, Colorado, Reception No. 2789113

gggggggggg.	Memorandum of Agreement, Recorded October 3, 2000, Alameda County, Document No. 00297522

hhhhhhhhhh.	Warranty Deed, Recorded November 3, 2000, Larimer County, Colorado, Reception No. 2000076027

iiiiiiiiii.	Warranty Deed, Recorded November 8, 2000, Weld County, Colorado, Reception No. 2803635

jjjjjjjjjj.	Assignment of Deed of Trust, Recorded December 27, 2000, Document No. 2000377990

kkkkkkkkkk.	Substitution of Trustee, Dated January 26, 2001

llllllllll.	Notice of Trustee's Sale, Dated January 29, 2001

mmmmmmmmmm.	Substitution of Trustee and Full Reconveyance, Recorded January 26, 2001, Alameda County, Document No. 2001029796

nnnnnnnnnn.   Trustee's Deed Upon Sale, Recorded July 6, 2001, Stanislaus County, Document No. 2001-0075192-00

oooooooooo.   Trustee's Deed Upon Sale, Recorded July 11, 2001, Stanislaus County, Document No. 2001-0077114-00

pppppppppp.   Assignment of Deed of Trust, Dated August 29, 2001

qqqqqqqqqq.   Assignment of Deed of Trust, Recorded September 5, 2001, San Mateo County, Document No. 2001-138147

rrrrrrrrrr.   Assignment of Deed of Trust or Mortgage Deed, Recorded September 25, 2001, Larimer County, Colorado, Reception No. 2001085728

ssssssssss.   Public Trustee's Deed, Recorded December 11, 2001, Weld County, Colorado, Reception No. 2907893

tttttttttt.   Trustee's Deed Upon Sale, Recorded January 9, 2002, Stanislaus County, Document No. 2002-0002911-00

uuuuuuuuuu.   Agreement Re: Second Note and Deed of Trust, Recorded January 25, 2002, San Mateo County, Document No. 2002-014031

vvvvvvvvvv.   Grant Deed, Recorded February 12, 2002, Stanislaus County, Document No. 2002-0019535-00

wwwwwwwwww.   Grant Deed, Recorded May 4, 2002, San Mateo County, Document No. 2002-108528

xxxxxxxxxx.   Grant Deed, Recorded May 10, 2002, Fresno County, Document No. 2002-0076727

yyyyyyyyyy.   Notice of Filing, Recorded May 16, 2002, Weld County, Colorado, Reception No. 2002054166

zzzzzzzzzz.   Assignment of Promissory Notes and Deeds of Trust, Recorded

55

August 4, 2002, San Mateo County, Document No. 2002-108526

aaaaaaaaaaa.   Grant Deed, Recorded August 23, 2002, Fresno County, Document No. 2002-0143708

bbbbbbbbbbb.   Deed of Reconveyance, Recorded March 5, 2003, San Mateo County, Document No. 2003-058014

ccccccccccc.   Quitclaim Deed, Recorded May 5, 2003, Larimer County, Colorado, Reception No. 147914

ddddddddddd.   Request for Release of Feed of Trust and Release, Recorded May 12, 2003, Larimer County, Colorado, Reception No. 150908

eeeeeeeeeee.   Grant Deed, Recorded August 15, 2003, Fresno County, Document No. 2003-0190183

fffffffffff.   Substitution of Trustee and Full Reconveyance, Recorded August 12, 2004, Stanislaus County, Document No. 2004-0131089-00

ggggggggggg.   Notice of Lien, Recorded March 3, 2005, Stanislaus County, Document No. 2005-0036194-00

hhhhhhhhhhh.   Notice of State Tax Lien, Recorded May 2, 2005, Stanislaus County, Document No. 2005-0074379-00

iiiiiiiiiii.   Statement of Authority – Trust Agreement, Dated December 10, 1982

jjjjjjjjjjj.   Statement of Authority – Trust Agreement, Dated  September 26, 1986

kkkkkkkkkkk.   Seventh Amendment to Purchase and Sale Agreement, Dated November 3, 1999

lllllllllll.   Lend-Teck Financial, Inc. – Construction Loan Agreement, Dated December 6, 1999

mmmmmmmmmmmm.  Uniform Residential Loan Application of Chem-away, Inc.,
Dated February 23, 2000

nnnnnnnnnn.  Lend-Teck Financial, Inc. – Borrower's Estimated Closing Statement,
Dated March 30, 2000

oooooooooo.   Federal Truth-in-Lending Disclosure Statement, Dated March 30,
2000

pppppppppp.  Uniform Residential Loan Application, Dated May 23, 2000

qqqqqqqqqqq.   Lend-Teck Financial Inc. – Commission Agreement, Dated May 23,
2000

rrrrrrrrrr.        Security Title Guaranty Company – Purchasers Settlement Statement,
Dated May 24, 2000

ssssssssss.       Standard Offer, Agreement and Escrow Instructions for Purchase of
Real Estate, Dated September 7, 2000

tttttttttt.        Addendum to Agreement Re: 70 Chemical Way, Redwood, City, CA,
Dated September 7, 2000

uuuuuuuuuu.  Standard Offer, Agreement and Escrow Instructions for Purchase of
Real Estate, Dated September 13, 2000

vvvvvvvvvv.  Release Agreement, Dated October 4, 2000

wwwwwwwwww.    Assignment of Promissory Note, Dated December 20, 2000

xxxxxxxxxx.  Memorandum of Understanding, Dated December 21, 2000

yyyyyyyyyy.   Second Amendment to Standard Offer, Purchase Agreement, and
Deposit Receipt Dated January 29, 2001 by and between Chem-Away, Inc., as
Seller, and Kona Ventures, LLC as Buyer, Property Address: 70 Chemical
Way, Redwood City, CA, Dated February 28, 2001

57

zzzzzzzzzzzz.    Acknowledgment and Receipt of Monies, Dated February 7, 2001

aaaaaaaaaaaa.    2nd Addendum to Lease Agreement, Dated February 23, 2001

bbbbbbbbbbbb.    Note Secured by Deed of Trust Forbearance Agreement, Dated
        March 20, 2001

cccccccccccc.    Amendment/Modification, Dated May 2, 2001

dddddddddddd.    Public Trustee's Certificate of Purchase, Dated May 22, 2001

eeeeeeeeeeee.    Statement of Mortgage Loan Account, Dated July 30, 2001

ffffffffffff.    Payoff Statement, Dated July 31, 2001

gggggggggggg.    Exclusive Right-to-Sell Listing Contract, Dated September 4,
        2001

hhhhhhhhhhhh.    Contract to Buy and Sell Real Estate, Dated October 23, 2001

iiiiiiiiiiii.    Agreement to Sell Real Estate, Dated October 30, 2001

jjjjjjjjjjjj.    Assignment of All Rights to Cure and Redeem in the Weld County
        Public Trustee's Foreclosure Sale No. 01-132, Dated April 18, 2002

kkkkkkkkkkkk.    Declaration of Default and Demand for Sale (not dated)

llllllllllll.    Affidavit, Dated April 25, 2002

mmmmmmmmmmmm.    Loan Modification Agreement to Note and Deed of
        Trust, Dated February 12, 2003

nnnnnnnnnnnn.    Bill of Sale, Dated May 12, 2003

oooooooooooo.    $750,000.00 U.S. Small Business Administration Note, Dated
        June 27, 1997 with attachment(s)

pppppppppppp.    $3,030,000.00 Promissory Note with attachment

qqqqqqqqqqqq.    Agreement to Postpone Foreclosure Sale re: 1201 S. 7th St.,

58

Modesto, CA

rrrrrrrrrrrr.        Agreement to Postpone Foreclosure Sale re: 1201 S. 7th St., Modesto,
            CA with handwritten Terry Hamilton notes, Dated June 28, 2001

sssssssssssss.        Lend-Teck Financial, Inc. – Lender Service Agreement re: Loan 1098

ttttttttttttt.        Release Agreement, Loan 1098

uuuuuuuuuuuu.        WT Capital Foreclosure File No. 00-2428-01

vvvvvvvvvvvvv.        ASAP file for foreclosure sale on June 25, 2001

wwwwwwwwwwww. Public Trustee File No. 01-132, Weld County, Colorado

xxxxxxxxxxxx.        Certificate of Amendment of Articles of Incorporation, Re:
            James C. Bateman Petroleum Services, Inc., Filed February 7, 1984 in the
            Secretary of the State of California

yyyyyyyyyyyy. Summary of Indebtedness on Loan by Victor McClune

zzzzzzzzzzzz.        WorkForce SportSpot Cordless Rechargeable 1,000,000 Candle
            Power

aaaaaaaaaaaaa. JC Batemen, Inc., dba Semco Balance Sheet, Dated January 31, 2000

bbbbbbbbbbbbb.        Personal Financial Statement of Terry Hamilton, Dated
            February 1, 2000

ccccccccccccc. Corporate Resolution Minutes of Meeting of Board of Directors of
            Chem-Away, Inc., Dated March 29, 2000

ddddddddddddd.        Lend-Teck Financial, Inc. – Loan Request with attachments
            dated September 26, 2000

eeeeeeeeeeeee. Account Status as of December 22, 2000

fffffffffffff.            Lend-Teck Financial, Inc. – Notice of Intention to Foreclose,

59

Dated January 3, 2001 with executed certified receipt of mailing

ggggggggggggg.          Lend-Teck Financial, Inc. – Demand Request, Dated January 2, 2001

hhhhhhhhhhhhh.          Lend-Teck Financial, Inc. – Demand Request, Dated January 18, 2001

iiiiiiiiiiiii.          Wells Fargo Transaction Record, Dated March 2, 2001

jjjjjjjjjjjjj.          Wells Fargo Transaction Record, Dated April 1, 2001

kkkkkkkkkkkkk.          Articles of Incorporation, Dated April 11, 2001 with attachment(s)

lllllllllllll.          Terry Hamilton check#1004 to Hank Willms, Dated May 16, 2001

mmmmmmmmmmmmm.          Westamerica Bank cashier's check to Hank Willms, Dated June 27, 2002

nnnnnnnnnnnnn.          Bank of America cashier's check to Bardellini, Straw & Cavin Tr Acct, Dated July 26, 2002

ooooooooooooo.          Westamerica Bank cashier's check to Hank Willms, Dated August 29, 2002

ppppppppppppp.          Westamerica Bank cashier's check to Hank Willms, Dated September 27, 2002

qqqqqqqqqqqqq.          Lend-Teck Financial, Inc. – Demand Request to Fidelity Title Company (not dated)

rrrrrrrrrrrrr.          Terry Hamilton: Property Assets/Liability Summary

sssssssssssss.          Terry Hamilton notes: Sources to Repay Loan

ttttttttttttt.          Terry Hamilton notes: Uses of Loan Proceeds

60

uuuuuuuuuuuuuu.        Terry Hamilton notes: Draft re: 70 Chemical Way

vvvvvvvvvvvvvv.        Terry Hamilton notes: Draft re: Cedar St.

wwwwwwwwwwwwww.          Handwritten notes re: 1089

xxxxxxxxxxxxxx.        Preliminary Title Report

yyyyyyyyyyyyyy.        Correspondence to Henry Willms from Terry Hamilton re:
        Kathie Palombi (not dated)

zzzzzzzzzzzzzz.        Correspondence to Henry Willms from Terry Hamilton re:
        Sources of funds with attachment (not dated)

aaaaaaaaaaaaaaa.        Memo to William A. Holtz from Victor McClune, Dated
        March 24, 2000

bbbbbbbbbbbbbbb.        Facsimile to Terry Hamilton from Victor McClune, Dated
        May 15, 2000

cccccccccccccc.        Correspondence to Terry Hamilton from Victor McClune,
        Dated December 22, 2000

dddddddddddddd.        Facsimile to Kathy Palombi from Victor McClune,  Dated
        January 11, 2001 with attachment(s)

eeeeeeeeeeeeee.        Facsimile to Terry Hamilton from Victor McClune, Dated
        January 25, 2001 with attachment

ffffffffffffff.        Correspondence to Henry Willms from WT Capital, Dated
        February 3, 2001

gggggggggggggg.        Correspondence to Marshal Hydron from Terry Hamilton,
        Dated March 5, 2001

hhhhhhhhhhhhhh.        Correspondence to Henry Willms from Terry Hamilton, Dated
        March 25, 2001

iiiiiiiiiiiii.   Correspondence to Henry Willms from Terry Hamilton, Dated March 25, 2001

jjjjjjjjjjjjjj.   Facsimile to Victor McClune from Ben Paul of BT Commercial Real Estate, Dated June 12, 2001 with attachments

kkkkkkkkkkkkkk.   Correspondence to Marshal W. Hydorn from Victor McClune, Dated June 26, 2001

llllllllllllll.   Correspondence to Victor McClune from Norman J. Scott of the Department of Justice, Dated July 18, 2001 with attachments

mmmmmmmmmmmmmmm.   Correspondence to Terry Hamilton from John F. Cavin, Dated November 9, 2001

nnnnnnnnnnnnnn.   Facsimile to Victor McClune from Judith Rentschler, Dated November 13, 2001 with attachments

oooooooooooooo.   Correspondence to Shelley Drewry from Anthony Barnes of Homelink Mortgage, Dated November 14, 2001

pppppppppppppp.   Correspondence to John Cavin from Shelley Drewry, Dated November 14, 2001

qqqqqqqqqqqqqq.   Correspondence to Marshall Hydorn from Victor McClune, Dated January 7, 2002

rrrrrrrrrrrrrr.   Correspondence to Shelley Drewry from Anthony Barnes of Homelink Mortgage, Dated January 7, 2002

ssssssssssssss.   Correspondence to Henry Willms from Shelley Drewry, Dated January 9, 2002

tttttttttttttt.   Correspondence to Henry Willms, et al from Terry Hamilton, Dated January 11, 2002

62

uuuuuuuuuuuuu.        Correspondence to Terry Hamilton from Henry Willms re:

Letter of January 11, 2002

vvvvvvvvvvvvvv.        Facsimile correspondence from Terry Hamilton to Hank

Willms, Dated January 15, 2002

wwwwwwwwwwwwww.        Correspondence to Wylie P. Cashman from John F.

Cavin, Dated March 27, 2002

xxxxxxxxxxxxxx.        Correspondence to John Cavin from Victor  McClune, Dated

April 9, 2002

yyyyyyyyyyyyyy.        Correspondence to Phillip Kliensmith from Victor McClune,

Dated April 16, 2002

zzzzzzzzzzzzzz.        Correspondence to Wylie P. Cashman from John F. Cavin,

Dated April 23, 2002

aaaaaaaaaaaaaaa.        Facsimile to Wylie Cashman from Victor McClune, Dated

April 25, 2002 with attachments

bbbbbbbbbbbbbbb.        Fax Message to Wylie Cashman from Victor McClune, Dated

April 25, 2002

ccccccccccccccc.        Correspondence to Anthony D. Rowe from Wylie P.

Cashman, Dated May 7, 2002 with attachment

ddddddddddddddd.        Correspondence to Zachary G. Wilson from Terry Hamilton,

Dated May 16, 2002

eeeeeeeeeeeeeee.        Correspondence to Anthony D. Rowe from Wylie P. Cashman,

Dated June 4, 2002 with attachment

fffffffffffffff.        Correspondence to Wylie Cashman from John Cavin, Dated

June 18, 2002 with attachments

63

ggggggggggggggg.     Correspondence to Anthony D. Rowe from Wylie P. Cashman,
Dated July 29, 2002 with attachment

hhhhhhhhhhhhhhhh.     Correspondence to Terry Hamilton from Suzanne Conry,
Dated September 17, 2003

iiiiiiiiiiiiiii.     Correspondence to Michael Singsen from Don Pool, Dated
March 30, 2005

jjjjjjjjjjjjjjj.     Order dated November 10, 2003, in In re Terry Hamilton, U.S.
District Court for the District of Colorado, case no. 03-AP-518.

kkkkkkkkkkkkkkk.     Complaint for Declaratory Relief on Written Contract, Nawab
v. Locke, et al. Stanislaus County Superior Court case no. 353413

lllllllllllllll.     Memorandum Opinion and Order Granting Motion or Summary
Judgment, dated December 21, 2005, Hamilton v. Willms, et al., Eastern
District of California case no. CV F 02-6583 AWI SMS

mmmmmmmmmmmmmmm. Order After Hearing on Petition for Injunction
Prohibiting Civil Harassment, Willms v. Westlake, Shasta County Superior
Court case. No. 151870

nnnnnnnnnnnnnnn.     Discovery responses by Lewis J. Westlake and Mary Westlake
in Westlake, et al. v. Willms, et al., Shasta County Superior Court case no.
153276

ooooooooooooooo.     Deposition of Terry Hamilton, Westlake, et al. v. Willms, et
al., Shasta County Superior Court case no. 153276

ppppppppppppppp.     Deposition of Marvin Hyatt, Westlake, et al. v. Willms, et al.,
Shasta County Superior Court case no. 153276

qqqqqqqqqqqqqqq.     Depositions of Mary and Lewis J. Westlake, Westlake, et al. v.

64

Willms, et al., Shasta County        Superior Court case no. 153276

rrrrrrrrrrrrrrr.    Complaint and Amended Complaints in Westlake, et al. v. Willms, et al., Shasta County Superior Court case no. 153276

sssssssssssssss.         Ruling on Bifurcated Issues, Westlake, et al. v. Willms, et al., Shasta County Superior Court case no. 153276

w15.    Abstract of Judgment, Recorded March 3, 2000, Stanislaus County, Document No. 2000-0018703-00, Calaveras Materials, Inc. v. James C. Bateman Petroleum Services, Inc., et al, Stanislaus County Superior Court Case No. 208253

x15.    Lien, Recorded May 15, 2000, Stanislaus County, Document No. 2000-0038781-00

y15.    Abstract of Judgment, Recorded March 12, 2001, Stanislaus County, Document No. 2001-0022601-00

z15.    Judgment, Recorded April 3, 2001, Stanislaus County, Document No. 2001-0032359-00

a16.    Lien, Recorded April 6, 2001, Stanislaus County, Document No. 2001-0034511-00

b16.    Lien, Recorded June 6, 2001, Stanislaus County, Document No. 2001-0060699-00

c16.    Deed of Trust, Recorded September 30, 1985, Stanislaus County, Document No. 17640

d16.    Deed of Trust, Recorded October 11, 1993, Stanislaus County, Document No. 93-104440

e16.    Deed of Trust, Recorded February 9, 1996, Stanislaus County, Document No. 96-010985

f16.    Deed of Trust, Recorded April 17, 1996, Stanislaus County, Document No.

65

96-031012

g16.   Agreement, Recorded April 10, 1996, Stanislaus County, Document No. 96-031013

h16.   Agreement, Recorded March 11, 1997, Stanislaus County, Document No. 97-0022461-00

i16.   Deed of Trust, Recorded March 26, 1997, Stanislaus County, Document No. 97-0022462-00

j16.   Construction Deed of Trust, Recorded October 10, 1997, Stanislaus County, Document No. 97-0081565-00

k16.   Assignment, Recorded October 10, 1997, Stanislaus County, Document No. 97-0081566-00

l16.   Construction Deed of Trust, Recorded December 23, 1997, Stanislaus County, Document No. 97-0105122-00

m16.   Assignment, Recorded December 23, 1997, Stanislaus County, Document No. 97-0105123-00

n16.   Agreement, Recorded June 3, 1998, Stanislaus County, Document No. 98-051476

o16.   Deed of Trust, Recorded June 9, 1998, Stanislaus County, Document No. 98-051477

p16.   Assignment, Recorded June 9, 1998, Stanislaus County, Document No. 98-051478

q16.   Warranty Deed, Recorded May 30, 2000, Weld County, Colorado, Reception No. 2771312

r16.   Deed of Trust, Recorded May 30, 2000, Weld County, Colorado, Reception No. 2771313

66

s16.   Long Form Deed of Trust and Assignment of Rents, Recorded June 14, 2000,
Stanislaus County, Document No. 2000-0047776-00

t16.   Deed of Trust, Recorded June 22, 2000, Larimer County, Colorado, Reception
No. 2000041579

u16.   Short Form Deed of Trust and Assignment of Rents, Recorded September 5,
2000, Stanislaus County, Document No. 2000-0073128-00

v16.   Short Form Deed of Trust and Assignment of Rents, Recorded October 10, 2000,
Stanislaus County, Document No. 2000-0085386-00

w16.   Deed of Trust, Recorded November 6, 2000, Larimer County, Colorado,
Reception No. 2000076544 and Recorded on February 27, 2001, Larimer County,
Colorado, Reception No. 2001014148

x16.   Short Form Deed of Trust and Assignment of Rents, Recorded February 12, 2001,
Stanislaus County, Document No. 2001-0013017-00

y16.   Assignment of Deed of Trust, Recorded March 14, 2001, Stanislaus County,
Document No. 2001-0023546-00

**IX.  Discovery Documents To Be Used At Trial (Answers To Interrogatories And
Responses To Requests For Admissions**

See those listed with exhibits above.

**X.  Further Discovery or Motions**

Plaintiffs still have additional discovery issues to be resolved, as discovery is still
on-going, including but not limited to:

a.   The completion of H. Willms deposition regarding Cheyenne Development.
Because the protective order issue was never resolved this remains incomplete.

67

b.    Plaintiff's contention that defendants have failed to make full disclosure as required by Rule 26.

c.    Deposition of Suzanne Conry that Plaintiffs contend was agreed to by Defendants and then unilaterally withdrawn.

Defendants' position is that the Magistrate previously ruled on the issue of Mr. Willms' deposition.

The parties are referred to the Magistrate Judge for further discovery matters.   Any issues concerning the admissibility of evidence may be resolved in motions in limine.

## XI.  Stipulations

The parties have no stipulations at this time.

Plaintiffs believe there is a stipulation in place that would allow the completion of H. Willms' deposition pursuant to the parties' May 14, 2004 stipulation.

## XII.  Amendments/Dismissals

None.

## XIII.  Settlement Negotiations

Settlement negotiations have not resulted in settlement.   While Plaintiffs are not adverse to a settlement conference, Defendants do not believe a settlement conference would be helpful.

If all parties believe that a settlement conference before the Magistrate Judge would be helpful at any point prior to trial, the parties are directed to contact the Magistrate Judge's chambers.

## XIV.  Agreed Statement

None.

68

## XV.  Separate Trial Of Issues

Defendants request that the trial proceed in three phases:   (1) liability; (2) damages; and (3) punitive damages.

The court declines to separate the trial into three phases.   However, the court will bifurcate any trial on the amount of punitive damages.

## XVI.  Impartial Experts - Limitation Of Experts

Plaintiffs did not designate any experts. Defendants designated Mr. McClune as an expert. Defendants will seek to preclude any expert testimony on behalf of Plaintiffs by motion in limine based on plaintiffs' failure to designate any experts.

## XVII.  Attorneys' Fees

The plaintiffs and the defendants in this matter intend to make an application for an award of attorneys' fees as permitted.

## XVIII.  Further Trial Preparation

### A.  Final Witness List

The parties are ordered to file and serve their final list of witnesses by November 21, 2006.  Additionally, at that time Plaintiffs shall disclose the order of witnesses so that Defendants will be prepared for cross-examination.

Except upon the showing set forth above in section VII, a party may not add witnesses to the final list of witnesses, or to any other updated witness list, who are not disclosed in this Order in Section VII.

### B.  Trial Briefs

The parties are directed to file and serve a Trial Brief by November 17, 2006.  Local Rule 16-285.  The parties need not include in the Trial Brief any issue that is adequately addressed in a motion in limine, or in an opposition brief to a motion in limine.  Any response to a Trial Brief

shall be filed and served by November 21, 2006.

### C.  Duty of Counsel to Pre-Mark Exhibits

The parties are ordered to confer no later than November 3, 2006, for purposes of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2).  All of Plaintiffs' exhibits shall be pre-marked with numbers.  All of Defendants' exhibits shall be pre-marked with letters.[1]

1.  Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

(a) Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff by November 21, 2006, one for use by the Courtroom Clerk and the other for the court; and

(b)  One set for each counsel's own use.

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2.  Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

(a)  Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

(b)  As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiffs' Exhibit 1 or Defendants' Exhibit A, and shall  be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the

---

[1]  The court is not opposed to another marking system so long as all parties agree and the parties inform the court.

party, without further foundation.

(c)  Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiffs' Exhibit 2 - For Identification, or Defendants' Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

(d) Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiffs' Exhibit 3 - For Identification or Defendants' Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

3.  Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|-----------|-------------|----------------------|----------------------|-----------------|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The court has no objection to counsel using copies.  However, the copies must be legible. If any document is offered into evidence that is partially illegible, the court may sua sponte exclude it from evidence.

**D.  Discovery Documents**

By November 21, 2006, each party shall file a list of all discovery documents the party intends to use at trial.  The list shall indicate whether each discovery document has previously been lodged with the Clerk.  If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by SAME DATE.

**E.  Motions In Limine Hearing and Briefing Schedule**

71

The hearing for motions in limine will be held on November 21, 2006 at 9:00 a.m.  In addition to addressing any filed motions in limine, at that time the court will also settle, to the extent possible, any other matter pertaining to the conduct of the trial.

Counsel are expected to be fully cognizant of the legal issues involved in the case by the date of the hearing for motions in limine.

By 4:00 p.m. on November 9, 2006, all motions in limine, with supporting points and authorities, shall be filed and served electronically or personally upon opposing counsel.

By 4:00 p.m. on November 17, 2006, opposition to any motion in limine shall be filed and served either electronically or personally upon opposing counsel.  If a party does not oppose a motion in limine, that party shall file and serve in the same manner a Statement of Non-Opposition to that motion in limine.

Because the court will need time to prepare for the hearing on November 21, 2006, the court is not inclined to consider late briefs.

### F.  Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well.  The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

### G.  Order Of Witnesses

In order to make the trial operate efficiently and smoothly, each counsel has the

continuing obligation to advise opposing counsel as to what witnesses he or she intends to call at each trial session.

## XIX.  Objections to Pretrial Order

Any party may, within ten (10) calendar days after the date of service of this order, file and serve written objections to any of the provisions of this order.  Local Rule 16-283.  Such objection shall specify the requested corrections, additions or deletions.

## XX.  Rules of Conduct During Trial

### A.  General Rules

1.  All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2.  All oral presentations shall be made from the podium, unless otherwise permitted by the court.

3.  Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.  Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

### B.  Jury Selection

1.  The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief direct questioning by counsel.

### C.  Opening Statements

1.  Counsel may use visual aids in presenting the opening statement.  However,

73

any proposed visual aids shall be shown to opposing counsel before opening statement.

**D.  Case in Chief**

1.  Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2.  At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

**E.  Witnesses**

1.  Before approaching a witness, counsel shall secure leave of court to approach the witness.

2.  Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

**F.  Exhibits**

1.  All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2.  An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3.  The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

**G.  Objections**

1.  No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated.  The court will permit counsel to argue the matter at the

next recess.

2.  The court will not assume that any objection made also implies with it a motion to strike an answer that has been given.  Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

### H.  Closing Argument

1.  Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.


FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.


IT IS SO ORDERED.

**Dated:    November 2, 2006**              _____/s/ Anthony W. Ishii_____
0m8i78                                    UNITED STATES DISTRICT JUDGE