**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,**         ) | CV F 02-6583 AWI SMS |
|                                        ) | |
|           **Plaintiffs**,              ) | ORDER GRANTING PLAINTIFF'S |
|    v.                                  ) | EX PARTE REQUEST FOR AN |
|                                        ) | ENLARGEMENT OF TIME TO |
|                                        ) | FILE DISCOVERY MOTION |
| **HENRY W. WILLMS, et al.,**           ) | CONCERNING MS. CONREY'S |
|                                        ) | DEPOSITION |
|           **Defendants.**              ) | |
| _____    ) | (Document #569) |

On March 6, 2007, the court granted Defendants' motion to enforce the December 4, 2006 oral stipulation. Pursuant to the stipulation, the court ordered as follows: (a) Judgement be entered in favor of Victor McClune and Lend-Teck, (b) Judgment be entered in favor of Dolly Willms individually; (c) Judgment be entered in favor of the remaining Defendants on the fifth and sixth claims for relief; (d) Any motion for attorney's fees be brought after entry of the final judgment; and (e) The trial date be vacated so that Plaintiffs' motion to compel the deposition of Ms. Conrey, pursuant to a prior stipulation, could be filed and set on the court's regularly noticed motion calendar. Because the stipulation allowed Plaintiffs to file a discovery motion concerning Ms. Conrey's deposition, the court ordered Plaintiffs to file any such motion within twenty days. In the March 6, 2007 order, the court also ordered Plaintiffs to pay sanctions.

On March 26, 2007, Plaintiffs filed an ex parte request for additional time in which to file a discovery motion concerning Ms. Conrey's deposition. Plaintiffs request that the court allow

1 Plaintiffs' motion for reconsideration of the court's March 6, 2007 order be heard and decided
2 prior to Plaintiffs being required to file any motion concerning Ms. Conrey.    Plaintiffs ask that
3 the court give Plaintiffs twenty days after the court decides Plaintiffs' motion for reconsideration
4 in which to file a discovery motion concerning Ms. Conrey.

5       On March 27, 2007, Defendants filed an opposition.   Defendants contend that Plaintiffs'
6 request was never personally served on Defendants' counsel, as stated in the proof of service.   In
7 addition, Defendants contend that allowing Plaintiffs additional time would simply further delay
8 trial.

9       On March 30, 2007, Plaintiffs filed a reply.

**A.   Service**

11      Rule 5(a) of the Federal Rules of Civil Procedure requires all pleadings be served on all
12 parties.   Rule 5(b)(2) allows a party to serve a pleading by personal service, mail, or electronic
13 service.   Local Rule 5-135 provides for electronic service in actions pending in this court.   Local
14 Rule 5-135 reads in part:

> (a) Service of Electronic Documents. "Service" as utilized in these Rules includes electronic service as set forth in the CM/ECF procedures in these Local Rules. "Notice of Electronic Filing" is a notice automatically generated by CM/ECF at the time a document is filed with the system. When counsel have consented to electronic service, see L.R. 5-135(g), this Notice will constitute automatic service of the document on all others who have consented. This Notice will set forth the time of filing, the name of the parties and attorney(s) filing the document, the type of document, the text of the docket entry, the name of the parties and/or attorney(s) receiving the notice, and an electronic link (hyperlink) to the filed document that allows recipients to retrieve the document automatically. Service via this electronic Notice constitutes service pursuant to Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49.
> . . . .
> (1) Consent to Service. Unless an attorney opts out by designating such on the registration form, registration as a filing user constitutes: (1) consent to receive service electronically and waiver of the right to receive service by first class mail pursuant to Fed. R. Civ. P. Rule 5(b)(2)(D) and Fed. R. Crim. P. Rule 49; (2) consent to making electronic service and waiver of the right to make service by personal service or first class mail pursuant to Fed. R. Civ. P. Rule 5(b)(2)(D). This consent pertinent to Fed. R. Civ. P. Rule 5 does not affect service of a summons and complaint pursuant to Fed. R. Civ. P. Rule 4, i.e., there is no electronic service of a complaint. Waiver of service and notice by first class mail applies to notice of the entry of an order or judgment. Service by electronic means is complete upon transmission of the Notice of Electronic Filing.

Plaintiffs' request for additional time in which to file a discovery motion concerning Ms. Conrey's deposition was filed electronically on March 26, 2007.   There has been no showing that Defendants opted to not be served electronically.   As such, it appears that electronic filing was all that was required to serve Defendants.   While Plaintiffs' ex parte request indicates that service was also given personally to Defendants,[1] the court is not required to deny the request because Plaintiffs failed to serve by a method above and beyond that required by the Local Rules.  Thus, the court will not deny the request on the ground that Defendants were not properly served.

**B. Continuance**

Plaintiffs ask for a continuance to file any discovery motion concerning Ms. Conrey's deposition until after the court has heard Plaintiffs' motion for reconsideration.  The court recognizes and agrees with Defendants' valid concern that this action is continuing to be delayed.  However, this court's ruling on a reconsideration motion may impact a possible discovery motion concerning Ms. Conrey.   Plaintiffs are currently able to file a motion concerning Ms. Conrey's deposition **only** because the court is enforcing a stipulation to dismiss certain Defendants and claims in return for vacating the December 4, 2006 trial date and allowing Plaintiffs time to file a motion concerning Ms. Conrey's deposition.   If the court grants Plaintiffs' motion for reconsideration, and the court declines to enforce the stipulation, then the agreement about allowing the court to hear Ms. Conrey's deposition would not be enforced.   If the court does not enforce the stipulation, the parties will be back in the position they were in on December 4, 2006.   At that time, the court had refused to give Plaintiffs time to file a formal discovery motion regarding Ms. Conrey's deposition.   The only reason the court is now willing to hear Plaintiffs' late discovery motion concerning Ms. Conrey's deposition is because such a motion is a term in the stipulation that the court is enforcing.   If the court grants reconsideration

---

[1] In their reply brief, Plaintiffs state that the proof of service should have stated a copy was mailed to Defendants, no personally served on Defendants.

3

and finds the stipulation should not be enforced, there will be no basis for Plaintiffs' discovery motion concerning Ms. Conrey's deposition. Thus, the court's ruling on Plaintiffs' motion for reconsideration of the court's order enforcing the December 4, 2006 oral stipulation may influence any discovery motion concerning Ms. Conrey's deposition.

Accordingly, the court ORDERS that:

1. Plaintiffs' ex parte application is GRANTED.
2. Plaintiffs shall file any discovery motion concerning Ms. Conrey's deposition within twenty days of the court's ruling on Plaintiffs' motion for reconsideration. The discovery concerning Ms. Conrey's deposition SHALL be noticed on the regular civil calendar of Magistrate Judge Sandra M. Snyder pursuant to the Local Rules.
3. Within ten days of any ruling on the discovery motion by Magistrate Judge Sandra M. Snyder, the parties SHALL meet and confer and file a proposed scheduling order setting forth further dates and deadlines in this action, including a new trial date.

IT IS SO ORDERED.

**Dated:   April 3, 2007**               **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE