**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,** ) | **CV F 02-6583 AWI SMS** |
| ) | |
| **Plaintiffs**, ) | **ORDER REGARDING ANTHONY P.** |
| ) | **CAPOZZI'S MOTION TO** |
| **v.** ) | **WITHDRAW AS ATTORNEY OF** |
| ) | **RECORD** |
| ) | |
| **HENRY W. WILLMS, et al,** ) | (Documents #543, #544, #549, #550) |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

Attorney Anthony P. Capozzi has filed a motion to withdraw as Plaintiffs' attorney in this action.  On April 13, 2007, Plaintiffs Terry D. Hamilton and Sharon M. Hamilton ("Plaintiffs") filed an untimely opposition to Attorney Capozzi's motion.   No other party has filed an opposition to the motion.

**LEGAL STANDARD**

In the Eastern District of California, the conduct of counsel is governed by the Rule of Professional Conduct required of members of the State Bar of California.   Local Rule 83-182(d) addresses the standards for an attorney withdrawing as an attorney.   Local Rule 83-182(d) reads in part:

> . . . an attorney who has appeared may not withdraw leaving the client in propria
> persona without leave of Court upon noticed motion and notice to the client and
> all other parties who have appeared. The attorney shall provide an affidavit stating
> the current or last known address or addresses of the client and the efforts made to
> notify the client of the motion to withdraw. Withdrawal as attorney is governed by
> the Rules of Professional Conduct of the State Bar of California, and the attorney
> shall conform to the requirements of those Rules.   The authority and duty of the

attorney of record shall continue until relieved by order of the Court issued
hereunder. Leave to withdraw may be granted subject to such appropriate
conditions as the Court deems fit.

Local Rule 83-182(d).   Under the Rules of Professional Conduct of the State Bar of California,

an attorney may request permission to withdraw for certain reasons.   California Profession Rule

of Conduct, Rule 3-700(C)  provides as follows:

> (C) Permissive Withdrawal.
> If rule 3-700(B) is not applicable, a member may not request permission to
> withdraw in matters pending before a tribunal, and may not withdraw in other
> matters, unless such request or such withdrawal is because:
>> (1) The client
>>> (a) insists upon presenting a claim or defense that is not warranted
>>> under existing law and cannot be supported by good faith argument
>>> for an extension, modification, or reversal of existing law, or
>>> (b) seeks to pursue an illegal course of conduct, or
>>> (c) insists that the member pursue a course of conduct that is illegal
>>> or that is prohibited under these rules or the State Bar Act, or
>>> (d) by other conduct renders it unreasonably difficult for the
>>> member to carry out the employment effectively, or
>>> (e) insists, in a matter not pending before a tribunal, that the
>>> member engage in conduct that is contrary to the judgment and
>>> advice of the member but not prohibited under these rules or the
>>> State Bar Act, or
>>> (f) breaches an agreement or obligation to the member as to
>>> expenses or fees.
>> (2) The continued employment is likely to result in a violation of these
>> rules or of the State Bar Act; or
>> . . . .
>> (6) The member believes in good faith, in a proceeding pending before a
>> tribunal, that the tribunal will find the existence of other good cause for
>> withdrawal.

Prof. Conduct, Rule 3-700(C).

## ARGUMENTS BEFORE THE COURT

Attorney Capozzi contends that he wishes to withdraw from this action because Plaintiffs

have breached an agreement for the payment of Attorney Capozzi's costs and fees.   Attorney

Capozzi alleges that Plaintiffs agreed to pay Attorney Capozzi on a regular basis for services

rendered and expenses as they were incurred.   Attorney Capozzi states that Plaintiffs have not

paid for services since November of 2005.  Attorney Capozzi also provides evidence indicating

that serious disagreements have arisen between Plaintiffs and Attorney Capozzi about the

2

1  strategy and method of pursuing this action.

2      Plaintiffs conditionally oppose Attorney Capozzi's motion.   Plaintiffs contend that

3  Attorney Capozzi has been extremely dilatory in handling Plaintiffs' case.   Plaintiffs ask that

4  the court not let Attorney Capozzi out of this case "before replacement counsel can be hired and

5  fully briefed as to the history and status of the instant case."   Plaintiffs contend that Attorney

6  Capozzi "should be ethically bound to stay in the case and finish what he started or at least get

7  Plaintiffs pointed in the right direction."   Plaintiffs argue that this court has the power and

8  discretion to enter orders that control the timing and circumstances of allowing Attorney Capozzi

9  to withdraw and the court should require Attorney Capozzi to stay on this case to litigate pending

10  motions and assist Plaintiffs to locate other counsel.   Plaintiffs offer argument and evidence

11  that they believe shows Attorney Capozzi has not competently represented them in this action.

12  Plaintiffs cite to numerous Rules of Professional Conduct of the State Bar of California that they

13  believe Attorney Capozzi has violated.   Concerning fees, Plaintiffs do not dispute that they have

14  not paid Attorney Capozzi in some time.   Rather, Plaintiffs contend that Attorney Capozzi has

15  over-billed them for services, there are disputes about unexplained charges,  and Plaintiffs have

16  paid Attorney Capozzi large sums without receiving any meaningful discovery.   Plaintiffs ask

17  that the court:

18      allow an evidentiary hearing, where the parties are represented by their respective
       counsel.   Plaintiffs desire to present evidence related to wrongdoing that has very
19     seriously delayed this case.   The Court should redirect sanctions of more than
       $14,000.00 against Mr. Capozzi instead of Plaintiffs, after the requested findings
20     of the Court following the evidentiary hearing.   Such a hearing will reveal the
       truth as to who is the actual responsible party that caused trial dates to be
21     continued by failing to conduct normal discovery, and other unnecessary delays by
       failing to act competently.
22

23                                    **DISCUSSION**

24      Based on the evidence before the court, the court will relieve Attorney Capozzi from his

25  representation of Plaintiffs in this action.  All evidence before the court indicates that a serious

26  difference of opinion between Attorney Capozzi and Plaintiffs has arisen on how this case should

27

28                                          3

1   be conducted.   It clearly appears a situation has arisen that has rendered it unreasonably difficult

2   for Attorney Capozzi to effectively represent Plaintiffs.   Plaintiffs' brief indicates numerous

3   ways that Plaintiffs feel Attorney Capozzi has not effectively represented Plaintiffs or "earned"

4   the fees Plaintiffs have paid.  This alone is reason to not force Attorney Capozzi to remain as

5   Plaintiffs' attorney.   While Plaintiffs state that Attorney Capozzi should be required to "finish

6   what he started," there is simply no authority for the proposition that the court can order an

7   attorney to continue representing a client to "make up" for the attorney's alleged prior bad

8   conduct.  Thus, the court will allow Attorney Capozzi to withdraw from this action.

9         Plaintiffs ask that the court conduct a hearing to redirect sanctions to Attorney Capozzi

10   and allow Plaintiffs to show evidence of Attorney Capozzi's wrongdoing that has delayed this

11   case.   A hearing on Attorney Capozzi's motion to withdraw in this action is not the forum to

12   litigate Plaintiffs' numerous allegations regarding Attorney Capozzi.[1]   At this time, the court

13   does not need additional details of Plaintiffs' and Attorney Capozzi's conduct in this action to

14   determine if Attorney Capozzi should be allowed to withdraw.   The allegations in Plaintiffs' and

15   Attorney Capozzi's briefs are sufficient to find conduct that has made it unreasonably difficult

16   for Attorney Capozzi to effectively represent Plaintiffs.

17         Finally, Plaintiffs ask that the court require Attorney Capozzi to remain as Plaintiffs'

18   attorney in this action for at least 60 days and require Attorney Capozzi to litigate pending

19   motions and assist  Plaintiffs in finding a new attorney.  Because the requirements to withdraw as

20   an attorney have been met, the court declines to force Attorney Capozzi to work on pending

21

---

22   [1]   It appears that Plaintiffs desire an opportunity to re-litigate the court's February 5, 2007
hearing regarding Defendants' motion to enforce the December 4, 2006 oral stipulation.   A
23   hearing regarding Attorney Capozzi's motion to withdraw is not the appropriate place for such
arguments.   Plaintiffs have already filed a motion for reconsideration of the March 6, 2007 order
24   granting Defendants' motion to enforce the December 4, 2006 oral stipulation, and the court will
resolve that motion at the appropriate time.   In addition, the *only* issue the court addressed at the
25   February 5, 2007 hearing was the inconsistent information that had been given to the court
regarding whether Plaintiffs had consented to the December 4, 2006 oral stipulation.   The
26   February 5, 2007 hearing and the court's March 6, 2007 order concerned only the representations
made to the court about Plaintiffs' consent to the oral stipulation and *not* the reasons why this
27   action has been delayed.

28                                         4

motions given the allegations made in Plaintiffs' and Attorney Capozzi's briefs.   Attorney
Capozzi does have certain requirements to Plaintiffs and Plaintiffs' new counsel once he
withdraws, and all parties are referred to Rule 3-700 of the Rules of Professional Conduct of the
State Bar of California.[2]  To the extent Plaintiffs need time before being required to file further
motions and briefs because of Attorney Capozzi's withdrawal, the court has already addressed
Plaintiffs' concerns in previous orders granting extensions of time and Plaintiffs are free to file
further motions for extensions.

### ORDER

Accordingly, the court ORDERS that Attorney Capozzi's motion to withdraw as
Plaintiffs' attorney is GRANTED.

IT IS SO ORDERED.

**Dated:   April 18, 2007**                              /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE

---

[2]  Rule 3-700(D) provides:
A member whose employment has terminated shall:
(1) Subject to any protective order or non-disclosure agreement, promptly release
to the client, at the request of the client, all the client papers and property. "Client
papers and property" includes correspondence, pleadings, deposition transcripts,
exhibits, physical evidence, expert's reports, and other items reasonably necessary
to the client's representation, whether the client has paid for them or not; and
(2) Promptly refund any part of a fee paid in advance that has not been earned.
This provision is not applicable to a true retainer fee which is paid solely for the
purpose of ensuring the availability of the member for the matter.
Prof. Conduct, Rule 3-700(D).