IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,**   )<br>                                                      )<br>                 **Plaintiffs**,                  )<br>       v.                                             )<br>                                                      )<br>                                                      )<br>**HENRY W. WILLMS, et al.,**          )<br>                                                      )<br>                 **Defendants.**             )<br>_____) | CV F 02-6583 AWI SMS<br><br>ORDER CONTINUING MOTION<br>TO DISMISS PLAINTIFFS<br>ESTATES IN EAGLE RIDGE,<br>LLLP, JAMES, C. BATEMAN<br>PETROLEUM SERVICES, DBA<br>SEMCO, AND ENVIRO-SAFE INC.,<br>TO JULY 23, 2007 |

    Defendants have filed a motion to dismiss the complaint by Estates in Eagle Ridge, LLP, James C. Bateman Petroleum Services, DBA Semco, and Enviro-Safe, Inc. (collectively "Entity Plaintiffs"), or strike their claims from the complaint because Entity Plaintiffs are no longer represented by counsel.   This motion was originally set for hearing on June 4, 2007.   Because the court had not considered the affect on Entity Plaintiffs of allowing Attorney Anthony P. Capozzi to withdraw from this action, on May 30, 2007, the court sua sponte continued the motion to dismiss to July 9, 2007.

    Since the court's order continuing the motion to dismiss Entity Plaintiffs, Plaintiffs in pro se have failed many motions for reconsideration with this court.   Most of these documents appear to be motions to reconsider the court's May 17, 2007 order (document #608), which *granted* Plaintiffs' in pro se request for more time to file reply briefs, and the court's May 23, 2007 (document #618) clarification of the May 17, 2007 order.   Regardless of the validity of Plaintiffs' numerous motions requesting reconsideration of an order in which the court *granted*

Plaintiffs exactly what they asked for, these documents make clear that Entity Plaintiffs will be represented by a July 23, 2007 hearing.[1]

The court has already determined that Entity Defendants should be given reasonable time to obtain new counsel before they are dismissed from this action. The court already found that July 9, 2007, was a reasonable amount of time to obtain new counsel. If two additional weeks is all that is necessary to have Entity Defendants represented by counsel, the court finds good cause to continue the hearing two weeks. Thus, the court will continue Defendants' motion to July 23, 2007, to give Entity Plaintiffs reasonable time in which to obtain new counsel.

Accordingly, the court ORDERS that:

1. The hearing on Defendants' motion to dismiss the complaint by Entity Defendants or, in the alternative, strike, currently set for July 9, 2007, is VACATED and no party shall appear;

2. Defendants' motion to dismiss the complaint by Entity Defendants or, in the alternative, strike, SHALL BE HEARD on July 23, 2007 at 1:30 p.m. in Courtroom Two; and

3. Entity Defendants are FOREWARNED that if Entity Defendants are not represented by counsel as of July 23, 2007, this court will grant Defendants' motion and dismiss Entity Defendants from this action.

IT IS SO ORDERED.

**Dated:   July 6, 2007**                        /s/ **Anthony W. Ishii**
                                        UNITED STATES DISTRICT JUDGE

---

[1] The court will resolve these motions for reconsideration, which appear to currently be set for July 23, 2007, in due course.