1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT FOR THE

7

EASTERN DISTRICT OF CALIFORNIA

8

9    **TERRY D. HAMILTON, et al.,**          )    CV F 02-6583 AWI SMS
                                            )
10              **Plaintiffs**,             )    **ORDER VACATING JULY 23, 2007**
                                            )    **HEARING ON MOTIONS FOR**
11      **v.**                              )    **RECONSIDERATION**
                                            )
12                                          )    **ORDER DENYING MOTIONS FOR**
                                            )    **RECONSIDERATION OF ORDERS**
13   **HENRY W. WILLMS, et al.,**           )    **CONCERNING REPLY BRIEF**
                                            )
14              **Defendants.**             )    **ORDER DENYING MOTION TO**
                                            )    **STRIKE REPLY BRIEF**
15                                          )
                                            )    (Documents #601, #621, #624, #625,
16   _____)    #628, #632)

17

18                              **BACKGROUND**

19         On March 6, 2007, the court granted Defendants' motion to enforce the December 4,

20   2006 oral stipulation.    The court then granted several requests by Plaintiffs for additional time

21   in which to file a motion for reconsideration of the March 6, 2007 order to enforce the oral

22   stipulation.    On April 6, 2007, Attorney Anthony P. Capozzi filed a notice of motion for

23   reconsideration of the March 6, 2007 order to enforce the oral stipulation by "Plaintiff Terry

24   Hamilton" along with a motion for reconsideration by "Plaintiff Terry Hamilton et al" and points

25   and authorities in support of "Plaintiff Terry Hamilton's" motion for reconsideration.    On April

26   6, 2007, Attorney David Brown, appearing specially for Plaintiff Sharon Hamilton, also filed a

27   motion for reconsideration.    On May 7, 2007, Defendants filed an opposition to Plaintiffs'

28   motions.

Pursuant to Local Rule 78-230(c), Plaintiffs were required to file a reply brief no later than May 14, 2007, or five court days before the May 21, 2007 hearing.   On May 14, 2007, Plaintiffs filed a motion for an enlargement of time to file a reply brief.   Plaintiffs requested until Wednesday, May 16, 2007, within which to file a reply.   Defendants opposed this request. On May 17, 2007, the court granted Plaintiffs' request and vacated the May 21, 2007 hearing. The court's order read as follows:

> Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton ("Plaintiffs") have filed motions for reconsideration of the court's order enforcing the December 4, 2006 oral stipulation. The motion for reconsideration was set for hearing on May 21, 2007. On May 14, 2007, Plaintiffs filed a motion for an enlargement of time to file a reply to Defendants' opposition to their motion. Plaintiffs ask that they be allowed to file a motion up to May 16, 2007. On May 15, 2007, Defendants filed an opposition to Plaintiffs' motion.
>
> Despite the many procedural irregularities found in Plaintiffs' motion for an enlargement of time, the court will allow Plaintiffs to file a late reply. Plaintiffs are currently representing themselves in this action, and Plaintiffs have asked for a very short extension. Further, the court has reviewed the pending motion, opposition, and the applicable law, and has determined that the motion is suitable for decision without oral argument. See Local Rule 78-230(h). Because the May 21, 2007 hearing is being vacated, allowing a late reply will not greatly delay the court's ruling on the pending motion or prejudice the parties.
>
> Therefore IT IS HEREBY ORDERED:
> 1.      The previously set hearing date of May 21, 2007, is VACATED, and no party shall appear at that time;
> 2.      Plaintiffs' motion for an enlargement of time to file a reply is GRANTED;
> 3.      Plaintiffs may file any reply by 4:00 p.m. on May 17, 2007;
> 4.      As of May 21, 2007, the court will take the motion for reconsideration under submission, and will thereafter issue its decision; and
> . . . .

Ironically, this order, granting Plaintiff one day more to file a reply brief than Plaintiffs had asked for, resulted in a flurry of motions by Plaintiffs to reconsider it.

The next documents filed by Plaintiffs were declarations from Plaintiff Terry Hamilton and Attorney David F. Brown in support of Plaintiffs' motions for an enlargement of time to file a reply brief .   Defendants filed another opposition.   On May 23, 2007, the court stated that it would disregard these filings because the court already **granted** Plaintiffs' request to file a late reply.   Relying on the captions of the motions for reconsideration, the court stated that no

1   additional time for the Entity Defendants to file a reply brief was necessary because the captions

2   indicated the motions for reconsideration were filed on behalf of Plaintiff Terry Hamilton and

3   Plaintiff Sharon Hamilton only.

4           On May 22, 2007, Attorney David Brown filed a motion for an enlargement of time to

5   file a reply brief on behalf of Plaintiff Sharon Hamilton.   On May 30, 2007, the court granted

6   this motion.  On May 31, 2007, Attorney David Brown filed a reply brief on behalf of Plaintiff

7   Sharon Hamilton.

8           On May 25, 2007 and May 29, 2007, Plaintiff Terry Hamilton filed motions for

9   reconsideration of the court's May 17, 2007 order granting Plaintiffs more time within which to

10  file a reply and the court's May 23, 2007 order.   On May 30, 2007 and May 31, 2007, Plaintiff

11  Terry Hamilton and Plaintiff Sharon Hamilton filed more motions for reconsideration of the

12  court's orders granting them more time in which to file reply briefs.    On May 31, 2007 and

13  June 1, 2007, Defendants filed oppositions to Plaintiffs' various motions concerning

14  reconsideration of the court's orders regarding the reply brief.

15          On June 4, 2007, Plaintiffs filed yet another motion for reconsideration.   Along with

16  repeating arguments made before, this motion clearly argues that Attorney Capozzi's April 6,

17  2007 motion for reconsideration was filed on behalf of all Plaintiffs, including the Entity

18  Plaintiffs and the Entity Plaintiffs should be given an opportunity to file a reply brief.   The same

19  day, Plaintiffs filed a document purporting to re-set the hearing on the motion for reconsideration

20  of the court's March 6, 2007 order to enforce the December 4, 2006 oral stipulation for July 23,

21  2007.   This document also states that Plaintiffs will file points and authorities in support of their

22  motion for reconsideration of the court's March 6, 2007 order, despite the fact that the motions

23  for reconsideration have already been filed, opposed, and Plaintiff Sharon Hamilton has filed a

24  reply.   On June 8, 2007, and July 6, 2007, Defendants filed oppositions to Plaintiffs' latest batch

25  of motions.

26          On June 11, 2007, Plaintiff Terry Hamilton filed a reply to his motion for reconsideration

27

28                                                  3

1  of the March 6, 2007 order to enforce the oral stipulation.    Defendants them moved to strike this

2  reply as untimely.

3                              **LEGAL STANDARD**

4          The court has discretion to reconsider and vacate a prior order.   Barber v. Hawaii, 42 F.3d

5  1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).

6  Motions to reconsider are committed to the discretion of the trial court.   Combs v. Nick Garin

7  Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

8  (en banc).   When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to

9  show the "new or different facts or circumstances claimed to exist which did not exist or were

10  not shown upon such prior motion, or what other grounds exist for the motion."

11                              **DISCUSSION**

12         Plaintiffs repetitive motions remain pending before the court, and raise several issues for

13  the court.

14         First, Plaintiff Sharon Hamilton appears to seek reconsideration of orders granting her

15  more time to file a reply brief.   As the court granted Plaintiff Sharon Hamilton two extensions of

16  time to file a reply brief, and a reply brief on behalf of Plaintiff Sharon Hamilton has been filed,

17  any requests for reconsideration of orders concerning a reply brief by Plaintiff Sharon Hamilton

18  are moot.   The court will consider Plaintiff Sharon Hamilton's motion for reconsideration of the

19  court's March 6, 2007 order enforcing the December 4, 2006 oral stipulation, Defendants'

20  opposition, and Plaintiff Sharon Hamilton's reply in due course.

21         Second, Plaintiff Terry Hamilton appears to seek reconsideration of orders granting him

22  more time to file a reply brief.   While Plaintiff Terry Hamilton has filed numerous, repetitive

23  motions concerning the court's orders ***granting*** his May 14, 2007 request for more time to file a

24  reply brief, Plaintiff Terry Hamilton has never asked for more time to file a reply brief beyond

25  the May 16, 2007 date given by the court.   Despite the May 16, 2007 deadline, Plaintiff Terry

26  Hamilton filed a reply brief on June 11, 2007.   No real explanation has been given for this

27

28                                      4

1  action, and Defendants have moved to strike this untimely reply.   While the court is tempted to

2  initiate sanctions proceedings pursuant to Rule 11 for Plaintiff Terry Hamilton's conduct, the

3  court believes justice is best served by ruling on the pending motion for reconsideration of the

4  court's March 6, 2007 order enforcing the December 4, 2006 oral stipulation on the merits and by

5  considering all parties' arguments.   As such, the court will consider Plaintiff Terry Hamilton's

6  June 11, 2007 late reply brief and deny Defendants' motion to strike.

7        The third issue raised in the various filings is the ability of Entity Plaintiffs to file a reply

8  brief to the April 6, 2007 motion for reconsideration of the court's March 6, 2007order enforcing

9  the December 4, 2006 oral stipulation.    In the court's May 23, 2007 order, the court found that

10  no motion for reconsideration of the March 6, 2007 order enforcing the December 4, 2006 oral

11  stipulation had been filed by the Entity Plaintiffs.   As cited above, the April 6, 2007, notice of

12  motion for reconsideration filed by Attorney Anthony P. Capozzi is captioned:   "NOTICE OF

13  HEARING ON MOTION OF PLAINTIFF TERRY HAMILTON FOR RECONSIDERATION

14  OF THE MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION

15  TO ENFORCE STIPULATION AND SANCTIONS".   Page two of the notice indicates it is

16  brought by "Plaintiff, Terry Hamilton, et al."   Page two of the notice is signed by Attorney

17  Capozzi "Appearing for Plaintiff, Terry Hamilton".   The motion for reconsideration is

18  captioned: "MOTION OF PLAINTIFF TERRY HAMILTON ET AL, FOR

19  RECONSIDERATION OF THE MEMORANDUM OPINION AND ORDER GRANTING

20  DEFENDANTS' MOTION TO ENFORCE STIPULATION AND SANCTIONS".   Page two of

21  the motion indicates it is brought by "Plaintiff, Terry Hamilton, et al."   Page two of the motion is

22  signed by Attorney Capozzi "Attorney for Plaintiff Terry Hamilton, et al".   The points and

23  authorities are captioned: "MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

24  OF PLAINTIFF TERRY HAMILTON'S MOTION FOR RECONSIDERATION OF THE

25  MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO

26  ENFORCE STIPULATION AND SANCTIONS".   The body of the points and authorities

27

28                                                          5

contains arguments pertaining to whether Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton

consented to the December 4, 2006 oral stipulation.   The conclusion of the points and

authorities, beginning on page ten, states in part: "Based on the foregoing, plaintiff Terry

Hamilton respectfully requests the court to reconsider its decision reached in the Memorandum

Opinion and vacate the order dismissing Plaintiffs' claims as set forth in the decision.   Plaintiff

also requests that the court vacate the award of sanctions imposed on them by the order."   Page

eleven of the motion is signed by Attorney Capozzi "Attorney for Plaintiffs, Terry Hamilton, et

al".

　　　　Given that the April 6, 2007 motion for reconsideration filed by Attorney Capozzi is

inconsistent on whether it is brought on behalf of "Plaintiff Terry Hamilton" or "Plaintiff Terry

Hamilton, et al.," it is less than clear that this court erred in finding that no motion for

reconsideration had been brought by the Entity Plaintiffs.   However, at times the motion does

state it is brought by "Plaintiff Terry Hamilton, et al", which would include the Entity

Defendants.   In addition, Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton, the owners of

Entity Defendants, insist that the motion was brought on behalf on Entity Defendants.   Finally,

determining whether the inconsistent use of the terms "Plaintiff Terry Hamilton" and "Plaintiff

Terry Hamilton, et al" was the result of a clerical mistake by Attorney Capozzi or a direct

intention to only file a motion on behalf of Plaintiff Terry Hamilton would result in a mini trial,

not withstanding the voluminous motions already filed on this sub-sub issue.    Thus, the court

finds that the interests of justice would best be served by reading the April 6, 2007 motions

broadly, and the court finds that they include a motion for reconsideration by Entity Plaintiffs.

　　　　Finding that a motion for reconsideration by Entity Plaintiffs is before the court then

raises the question of Entity Plaintiffs' inability to file a reply brief because Entity Plaintiffs are

not currently represented by counsel.   Because neither Plaintiff Terry Hamilton, Plaintiff Sharon

Hamilton, nor Attorney Capozzi brought it to the court's attention that allowing Attorney

Capozzi to withdraw would leave Entity Plaintiffs unrepresented, the court did not consider the

1    effect on Entity Plaintiffs of allowing Attorney Capozzi to withdraw from this action.  As such,

2    the court has given Entity Plaintiffs significant deference in finding new counsel.    Currently, the

3    court has sua sponte continued Defendants' motion to dismiss the Entity Plaintiffs for lack of

4    counsel to July 23, 2007.    Entity Defendants have been forewarned that if Entity Plaintiffs are

5    not represented by counsel as of July 23, 2007, this court will grant Defendants' motion to

6    dismiss and dismiss Entity Plaintiffs from this action.    Because Entity Plaintiffs must have

7    counsel by July 23, 2007, the court finds that July 30, 2007 is an appropriate date by which Entity

8    Plaintiffs should be able to file a reply brief.    The court is confident that Entity Plaintiffs' new

9    counsel will be well aware that reconsideration cannot be granted on new arguments presented

10   for the first time in a reply brief.  See, e.g., Smith v. Marsh, 194 F.3d 1045, 1052(9th Cir.1999);

11   Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990); Arakaki v. Cayetano, 299

12   F.Supp.2d 1107, 1110 n.3 (D. Hw. 2002);  United States v. Boyce, 148 F.Supp.2d 1069, 1085

13   (S.D. Cal. 2001).

14          Finally, it appears that Plaintiffs' numerous motions have re-set the pending motion for

15   reconsideration of the court's March 6, 2007 order enforcing the December 4, 2006 oral

16   stipulation for oral argument to be heard on July 23, 2007.    On May 17, 2007, the court vacated

17   the hearing on the motion for reconsideration and took the matter under submission.    Local Rule

18   78-230(h) provides in part:

19          **Hearing and Oral Argument.**    Upon the call of the motion, the Court
            will hear appropriate and reasonable oral argument.  Alternatively, the motion
20          may be submitted upon the record and briefs on file if the parities stipulate
            thereto, or if the Court so orders, subject to the power of the Court to reopen the
21          matter for further briefs or oral arguments or both.

22   Local Rule of the Eastern District of California 78-230(h).    Local Rule 78-230(h) allows for the

23   court to take any motion under submission.    Local Rule 78-230(h) also allows the *court* to re-set

24   a matter for oral argument after having taken it under submission.    Nothing in Rule 78-230 nor

25   any other Local Rule allows a party to simply re-notice a motion and demand a hearing date *after*

26   the court has already taken a motion under submission.    The court has reviewed the motions for

27

28                                                    7

reconsideration of the March 6, 2007 order enforcing the December 4, 2006 oral stipulation, oppositions, and replies on file and still finds these motions suitable for decision without oral argument.   As such, the motions for reconsideration will remain under submission and will be decided after July 30, 2007, the due date for Entity Plaintiffs' reply brief.

### ORDER

Based on the above opinion, the court orders the following on the motions pending before the court:

1.  The motions for reconsideration of the May 17, 2007 order, May 23, 2007 order, and any other order generated concerning the reply briefs on the pending motions for reconsideration of the March 6, 2007 order enforcing the December 4, 2006 oral stipulation are DENIED.

2.  Defendants' motion to strike the June 11, 2007 reply brief by Plaintiff Terry Hamilton is DENIED.   The court will consider this brief along with the motions, oppositions, and other reply.

3.  The July 23, 2007 hearing concerning Plaintiffs' motion for reconsideration of the March 6, 2007 order enforcing the December 4, 2006 oral stipulation and the May 23, 2007 hearing concerning any motions for reconsideration of orders concerning reply briefs are VACATED.[1]

4.  Entity Defendants may file any reply to their April 6, 2007 motion for reconsideration of the March 6, 2007 order enforcing the December 4, 2006 oral stipulation by 4:00 p.m. on July 30, 2007.

5.  As of July 30, 2007, the court will take the pending motions for reconsideration of the March 6, 2007 order enforcing the December 4, 2006 oral stipulation under submission and thereafter issue a decision.

---

[1]   The July 23, 2007 hearing on Defendants' motion to dismiss Entity Plaintiffs remains on calendar and is not vacated at this time.

8

6.     The Clerk of the Court is DIRECTED to serve a copy of this order on Plaintiffs at the following address:

> Terry D. Hamilton
> 1502 Westbrook Court
> Modesto, CA 95358
>
> Sharon M. Hamilton
> 1502 Westbrook Court
> Modesto, CA 95358

IT IS SO ORDERED.

**Dated:    July 13, 2007**                              /s/ Anthony W. Ishii
                                                UNITED STATES DISTRICT JUDGE

9