IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> HENRY W. WILLMS, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | CV F 02-6583 AWI SMS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ENTITY PLAINTIFFS <br><br> ORDER DISMISSING ENTITY PLAINTIFFS WITH PREJUDICE <br><br> (Documents #592 & #593) |

## BACKGROUND

This action is proceeding Plaintiffs' second amended complaint filed on June 11, 2003. After the court ruled on various motions for summary judgment, four claims remained in this action:   The Second Claim for fraud and forbearance on foreclosure agreements 2 & 3.   The Third Claim for breach of contract concerning foreclosures on California properties.  The Fifth Claim for theft of Colorado Property in violation of Colorado law.    The Sixth Claim for fraud in relation to California property.

On December 4, 2006, the court continued the trial based on the parties' oral stipulation. No stipulation was ever filed by the parties.   On March 6, 2007, the court ordered that the oral stipulation would be enforced.    Part of this stipulation includes the dismissal of the Fifth Claim and the Sixth Claim.  Motions for reconsideration of the March 6, 2007 order enforcing the December 4, 2006 stipulation are pending.

On April 19, 2007, the court granted Attorney Anthony Capozzi's motion to withdraw from representing Plaintiffs. This order left all Plaintiffs without counsel, including Estates in Eagle Ridge, LLP, James C. Bateman Petroleum Services, DBA Semco, and Enviro-Safe, Inc. (collectively "Entity Plaintiffs").

On April 26, 2007, Defendants filed a motion to dismiss the complaint by Entity Plaintiffs or to strike their claims from the complaint because Entity Plaintiffs are no longer represented by counsel. This motion was originally set for hearing on June 4, 2007.

Because the court had not considered the effect on Entity Plaintiffs of allowing Attorney Capozzi to withdraw from this action, on May 30, 2007, the court sua sponte continued the motion to dismiss to July 9, 2007. The court picked the July 9, 2007 date because in an April 13, 2007 filing, Plaintiffs had asked that the court require Attorney Capozzi to stay on the case for sixty days to allow them time to find new counsel. The court reasoned that July 9, 2007 was well over the sixty days Plaintiffs had stated they would need to find a new attorney.

On July 6, 2007, the court again sua sponte continued the hearing on Defendants' motion to dismiss. The court reasoned that since the court's order continuing the motion to dismiss, Plaintiffs, in pro se, had filed many motions for reconsideration with this court. Most of these documents appeared to be motions to reconsider the court's May 17, 2007 order and the court's May 23, 2007 clarification of the May 17, 2007 order. However, these documents stated that Entity Plaintiffs would be represented by July 23, 2007. The court found two additional weeks would not unduly delay the proceedings in this case. As such, the court continued the hearing on Defendants' motion to dismiss to July 23, 2007. The July 6, 2007 order forewarned Entity Plaintiffs that if they were not represented by counsel as of July 23, 2007, this court would grant Defendants' motion and dismiss Entity Plaintiffs from this action.

On July 23, 2007, the court held a hearing on Defendants' motion to dismiss the Entity Plaintiffs. At the hearing, Plaintiff Terry Hamilton stated that he was still in discussions with attorneys to represent all Plaintiffs in this case. The court then continued the motion to dismiss

to July 30, 2007 to allow Plaintiffs one more week to obtain counsel.  The court warned Plaintiffs that if Entity Plaintiffs were not represented by counsel at the July 30, 2007 hearing, the court would dismiss Entity Plaintiffs.

On July 30, 2007, the court held a second hearing.  At this hearing Plaintiffs admitted that Entity Plaintiffs still did not have an attorney.  Plaintiffs took the position that Entity Plaintiffs did not currently need an attorney because attorneys had made special appearances on behalf of Entity Plaintiffs on all motions currently pending before the court.  After finding that Entity Plaintiffs needed an attorney of record and not merely an attorney to file a response to current motions, the court granted Defendants' motion to dismiss and dismissed Entity Plaintiffs with prejudice.  This memorandum opinion follows.

**DISCUSSION**

Litigants in federal court have a statutory right to choose to act as their own counsel. 28 U.S.C. § 1654.  However, a litigant appearing in pro per has no authority to represent others. Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997); Church of the New Testament v. U.S., 783 F.2d 771, 774 (9th Cir. 1986).  A non-lawyer may not represent entities, such as a corporation, partnership, or associations. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993).  Non-lawyers may only appear in pro per on his or her own behalf because the "privilege is personal" to him or her. C.E. Pope Equity Trust v. United States of America, 818 F.2d 696, 697 (9th Cir.1987).

Based on this legal authority, Entity Plaintiffs cannot proceed in this action without an attorney and neither Plaintiff Terry Hamilton nor Plaintiff Sharon Hamilton may represent Entity Plaintiffs.  Because they are not represented, Entity Plaintiffs have not filed a formal opposition to Defendants' motion.  However, in Plaintiff Terry Hamilton's and Plaintiff Sharon Hamilton's filings, they do not contest that they are unable to represent Entity Plaintiffs.  Rather, Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton have requested more time to find an attorney for Entity Plaintiffs.

The court has already given Entity Plaintiffs a large amount of time to find a new attorney. On January 18, 2007, Attorney David Gilmore filed a motion to withdraw as attorney of record. On February 9, 2007, Plaintiffs filed an opposition to Attorney Gilmore's withdrawal. In this opposition, Plaintiffs stated that if the court allowed Attorney Gilmore to withdraw, Attorney Capozzi would also move to withdraw, leaving Plaintiffs without counsel. On March 6, 2007, the court granted Attorney Gilmore's motion to withdraw. On February 12, 2007 and February 14, 2007, Attorney Capozzi filed his formal motion to withdraw as attorney. On April 13, 2007, Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton filed their opposition to Attorney Capozzi's motion. In it, Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton asked that at a minimum, the court delay allowing Attorney Capozzi to withdraw for sixty days so that Plaintiffs could find a new attorney. On April 19, 2007, the court granted Attorney Capozzi's motion.

Based on this history, Plaintiffs have known since at least February 9, 2007, and no later than February 14, 2007, that Entity Plaintiffs would need a new attorney in the near future. Plaintiffs should have begun looking for a new attorney at the very latest on April 19, 2007, the date the court allowed Attorney Capozzi to withdraw. In April, Plaintiffs stated that they would have a new attorney in sixty days, or on approximately by June 19, 2007. Plaintiffs did not engage new counsel in this time period. In May and early June, Plaintiffs stated they would have a new attorney present at a July 23, 2007 hearing. Plaintiffs did not engage new counsel by July 23, 2007. The court then gave Plaintiffs until July 30, 2007 to obtain counsel. Plaintiffs still did not have counsel by the July 30, 2007 hearing. Plaintiffs have failed to find an attorney despite assurances Plaintiffs would have an attorney by late June and then by late July.

The court did not consider the result of allowing Attorney Capozzi to withdraw on Entity Plaintiffs. As such, the court has given Entity Plaintiffs great deference on the pending motion to dismiss so that Entity Plaintiffs would have sufficient time to find a new attorney. The court has sua sponte continued Defendants' motion three times to allow Entity Plaintiffs more time. In

addition, the court's July 6, 2007 order specifically forewarned that failure to have an attorney by the July 23, 2007 hearing would result in the court granting Defendants' motion.  At the July 23, 2007 hearing the court stated that if Entity Plaintiffs were not represented by the July 30, 2007 hearing they would be dismissed.   This case has been in limbo since April while Plaintiffs have been attempting to obtain a new attorney.   At this time, the court finds that this action, filed in 2002, must proceed.   Because no more time will be given to find an attorney to represent Plaintiffs, Entity Plaintiffs must be dismissed because they do not have counsel of record.[1]

**ORDER**

Accordingly, the court ORDERS that:

1. Defendants' motion to dismiss is GRANTED;

2. Entity Plaintiffs are DISMISSED with prejudice from this action; and

3. The Clerk of the Court is DIRECTED to serve a copy of this order on Plaintiffs at the following address:

> Terry D. Hamilton
> 1502 Westbrook Court
> Modesto, CA 95358
>
> Sharon M. Hamilton
> 1502 Westbrook Court
> Modesto, CA 95358

IT IS SO ORDERED.

**Dated:   August 1, 2007**              /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE

---

[1] From Plaintiff Terry Hamilton's and Plaintiff Sharon Hamilton's filings, it appears that Entity Plaintiffs have assigned their rights to Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton.  Defendants have indicated such an assignment is not possible.  At this time, the court will not discuss the assignment.  No motion concerning the validity of the assignment is before the court.