1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                              EASTERN DISTRICT OF CALIFORNIA

8

9    **TERRY D. HAMILTON, et al.,**            )    **1: 02-CV-6583 AWI SMS**
                                                )
10                      **Plaintiffs**,         )    **ORDER DENYING PLAINTIFFS'**
                                                )    **MOTION FOR**
11        **v.**                                )    **RECONSIDERATION**
                                                )
12   **HENRY W. WILLMS, et al.,**               )    (Document #671)
                                                )
13                      **Defendants.**         )
                                                )
14   _____   )

15

16                                     **BACKGROUND**

17        On April 19, 2007, the court granted Attorney Anthony Capozzi's motion to withdraw

18   from representing Plaintiffs.   This order left all Plaintiffs without counsel, including Estates in

19   Eagle Ridge, LLP, James C. Bateman Petroleum Services, DBA Semco, and Enviro-Safe, Inc.

20   (collectively "Entity Plaintiffs").

21        On April 26, 2007, Defendants filed a motion to dismiss the complaint by Entity

22   Plaintiffs or to strike their claims from the complaint because Entity Plaintiffs are no longer

23   represented by counsel.   This motion was originally set for hearing on June 4, 2007.   Because

24   the court had not considered the effect on Entity Plaintiffs of allowing Attorney Capozzi to

25   withdraw from this action, on May 30, 2007, the court sua sponte continued the motion to

26   dismiss to July 9, 2007 because in earlier filings Plaintiffs had indicated they would have an

27   attorney by this date.  On July 6, 2007, the court again sua sponte continued the hearing on

28   Defendants' motion to dismiss to July 23, 2007 because Plaintiffs had indicated they would have

1 an attorney by this date.    The July 6, 2007 order forewarned Entity Plaintiffs that if they were

2 not represented by counsel as of July 23, 2007, this court would grant Defendants' motion and

3 dismiss Entity Plaintiffs from this action.

4            On July 23, 2007, the court held a hearing.    At the hearing, Plaintiff Terry Hamilton

5 stated that he was still in discussions with attorneys to represent all Plaintiffs in this case.  The

6 court then continued the motion to dismiss to July 30, 2007 to allow Plaintiffs one more week to

7 obtain counsel.   The court warned Plaintiffs that if Entity Plaintiffs were not represented by

8 counsel at the July 30, 2007 hearing, the court would dismiss Entity Plaintiffs.   On July 30,

9 2007, the court held a second hearing.   At this hearing Plaintiffs admitted that Entity Plaintiffs

10 still did not have an attorney.   After finding that Entity Plaintiffs needed an attorney of record

11 and not merely an attorney to file responses to current motions, the court granted Defendants'

12 motion to dismiss and dismissed Entity Plaintiffs.   On August 2, 2007, the court issued its

13 memorandum opinion grating Defendants' motion to dismiss the Entity Plaintiffs because they

14 were not represented by counsel.

15            On August 13, 2007, Plaintiff Terry Hamilton (for the purposes of this motion "Plaintiff")

16 filed a motion to request the court alter or amend the court's order dismissing the Entity Plaintiffs

17 and issue an order on the assignment of claims to Plaintiff Terry Hamilton and Plaintiff Sharon

18 Hamilton.   On September 7, 2007, Defendants filed an opposition.   On September 18, 2007,

19 Plaintiff  filed a reply.

20                                              **LEGAL STANDARD**

21            The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d

22 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).

23 Motions for reconsideration are disfavored, however, and are not the place for parties to make

24 new arguments not raised in their original briefs.   Northwest Acceptance Corp. v. Lynnwood

25 Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).   Nor is reconsideration to be used to ask the

26 court to rethink what it has already thought.   United States v. Rezzonico, 32 F.Supp.2d 1112,

27

28                                                        2

1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment.  Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).   Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.  Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001);  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).   This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).   A district court's decision under Rule 59 is reviewed for an abuse of discretion.  Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001).   A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts.  Coughlin v. Tailhook Ass'n, 112 F.3d 1052, 1055 (9th Cir. 1997).

**DISCUSSION**

**A.  Representation of Entity Plaintiffs**

Plaintiff contends that the court erred in dismissing Entity Plaintiffs from this action.
Plaintiff contends that on July 20, 2007, Attorney David F. Brown filed a notice of appearance as
counsel on behalf of Entity Plaintiffs.     While there is no filing in the court's docket for July 20,
2007, it appears to the court that Plaintiff is referring to Attorney Brown's July 25, 2007 filing.
In this document, Attorney Brown states: "Specially Appearing for [Entity Plaintiffs]".   This
document is a reply brief to Plaintiffs' motion to reconsider the court's order enforcing a
stipulation.   Specifically, Attorney Brown argues on behalf of the Entity Plaintiffs that
Defendants have not opposed the pending motion for reconsideration by all Plaintiffs, and as
such, Entity Plaintiffs are entitled to reconsideration.

Based on this filing, Plaintiff contends that Attorney Brown was still representing Entity
Plaintiffs on August 2, 2007, when Entity Plaintiffs were dismissed for lack of an attorney.
Plaintiff's basic argument is that Attorney Brown's special appearance caused him to become
Entity Plaintiffs' counsel for all purposes despite Attorney Brown's indication he was appearing
on behalf of Entity Plaintiffs only for the purpose of the pending motion for reconsideration.   In
support of this position, Plaintiff cites to case law that has stated there is no difference between a
special appearance and a general appearance by an attorney.

Plaintiff's reliance on case law concerning special appearances by attorneys is completely
misplaced.   This authority concerns whether an attorney needs to appear specially if he or she is
filing a motion under Rule 12 of the Federal Rules of Civil Procedure concerning jurisdiction or
venue.   This issue is explained by Wright and Miller as follows:

> Prior to the federal rules, the practice was for counsel to appear specially
> for the purpose of objecting by motion to the jurisdiction of the court over the
> defendant or its property, venue of the action, or insufficient process or service of
> process; a failure to follow the correct procedure for doing so often resulted in a
> waiver of the defense.   As many judicial opinions have made clear, it no longer is
> necessary to appear specially or employ any particular set of words to challenge a
> federal court's personal jurisdiction, venue, or service of process. This is made
> clear by the absence in Rule 12 of any reference to either a general or special

4

appearance, and by the express provisions in subdivision (b) stating that every defense may be made either in the responsive pleading or by motion, and that no defense or objection is waived by being joined with any other defense or objection in a responsive pleading or a motion. Early decisions under the rules to the effect that a motion seeking dismissal for failure to state a claim constitutes a general appearance and waives objections to service of process and personal jurisdiction even though they were joined in the same motion are difficult to reconcile with the clear purport of Rule 12 and probably no longer have any precedential value. This is especially true since under Rule 12, absent a pre-answer motion the answer could have interposed the same objections without raising any question of waiver of the defenses.

Thus, technical distinctions between general and special appearances have been abolished and the rulemakers wisely concluded that no end is accomplished by retaining those terms in federal practice.  As Judge Maris stated in <u>Orange Theatre Corporation v. Rayherstz Amusement Corporation</u>:

> . . . Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in. This, of course, is not to say that such keys must not be used promptly.

There is, however, no penalty if the pleader, mindful of the old ways, or practice in the forum state's courts, undertakes a "general appearance" or a "special appearance," inasmuch as these labels have no legal significance.

Two relatively early cases under the federal rules illustrate the difficulties in which a court can involve itself by attempting to predicate jurisdiction or waiver on the character of the appearance. In <u>Branic v. Wheeling Steel Corporation</u>, the court of appeals held that a special appearance and motion to dismiss challenging venue gave the district court jurisdiction over the defendant's person to proceed if that objection was not well taken. Obviously under any concept of "appearance" a special appearance does not give jurisdiction to adjudicate the merits. The correct basis for that decision and a much simpler one is that the motion challenging venue waived all other objections including jurisdiction over the person that might have been, but were not, included in the motion.

In the second case, <u>Orange Theatre Corporation v. Rayherstz Amusement Corporation</u>, the same court held that a second motion challenging jurisdiction over the person could be granted if made before answer but after reversal of the decision granting the first motion on other grounds. The court based its decision on the fact that a voluntary appearance alone was not a waiver of objections or defenses that were not intended to be waived. Again, "appearance" is a broken crutch on which to rest the decision. Either the second motion was in time under the rule or there were circumstances under which a technical compliance with the rule requiring all motions to be consolidated into one should not be demanded.

The familiar aphorism that the filing of an answer to the merits involves an appearance for all purposes continues to be valid but is quite worthless as a practical matter since objections to jurisdiction, venue, and process and all defenses in abatement or bar may be set up in a preliminary motion or in the

1   answer without waiving any of them. Thus, the emphasis no longer is on the
2   nature of the appearance, but rather upon the precise character of the objection or
    defense interposed.   This enables counsel to incorporate in a single pleading all of
3   the preliminary objections to the proceeding as well as the defenses to the merits
    and any counterclaims the attorney believes his client may have, without being
    concerned that he may inadvertently waive a valid defense.
4           The elimination of the former distinction between special and general
5   appearances does not mean that a litigant is protected against loss of his personal
    jurisdiction, venue, and service of process defenses under all circumstances. If the
6   defendant appears in the action, he must interpose any of these objections he may
    have by motion or in the answer or they will be deemed waived by virtue of Rule
7   12(h)(1).  In addition, the defendant should act in timely fashion lest the court
    consider his conduct sufficiently dilatory or inconsistent with the later assertion of
8   one of these threshold defenses to justify declaring a waiver.
            . . . .

9   5B Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 1344 (2007 Supp.) (internal

10  footnotes, quotes, and cites omitted).   As is clear from the above quoted material, and bolstered

11  by the cases cited to by Plaintiff, the lack of a distinction between special appearances and

12  general appearances concerns whether a special appearance is needed when challenging venue or

13  jurisdiction.   Nothing is this authority states that an attorney who makes a special appearance

14  for one party on one motion in the middle of a case suddenly becomes the attorney of record for

15  that party for all purposes.

16          Absent a declaration from Attorney Brown stating that he is representing Plaintiffs for all

17  purposes, Attorney Brown's name on a motion unrelated to the motion to dismiss the Entity

18  Plaintiffs did not somehow "convert" Attorney Brown into Entity Plaintiff's attorney.[1]   Thus,

19  Plaintiff Terry Hamilton's motion for reconsideration must be denied.

20          On a final note, the court wishes to remind Plaintiff Terry Hamilton that he cannot

21  continue to file motions on behalf of Entity Plaintiffs.   A non-lawyer may not represent entities,

22  such as a corporation, partnership, or association.   Rowland v. California Men's Colony, 506

23  U.S. 194, 202 (1993).   If Attorney Brown is really the Entity Plaintiffs' attorney, the current

24  motion for reconsideration should have been filed by Attorney Brown, not Plaintiff Terry

25  _____

26          [1]  The court notes the issue before the court is not whether Attorney Brown's special
    appearance to file a brief on the Entity Plaintiffs' behalf concerning the motion for
27  reconsideration was a proper filing.

28                                      6

Hamilton.    The court warns Plaintiff Terry Hamilton that further documents signed by a non-lawyer on behalf of Entity Plaintiffs will be struck from the record.

**B.  Assignment of Entity Plaintiffs' Rights to Plaintiff Terry Hamilton**

In the court's August 2, 2007 order, the court addressed the fact that all parties had mentioned Entity Plaintiffs' assignment for their rights to Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton.    Plaintiffs contended this assignment was valid, and Defendants contended this assignment was not valid.    In a footnote the court addressed this issue as follows:

> From Plaintiff Terry Hamilton's and Plaintiff Sharon Hamilton's  filings, it appears that Entity Plaintiffs have assigned their rights to Plaintiff Terry Hamilton and Plaintiff Sharon Hamilton.   Defendants have indicated such an assignment is not possible.   At this time, the court will not discuss the assignment.   No motion concerning the validity of the assignment is before the court.

Nothing before the court causes it to add further analysis to this footnote.  Resolving the issue of the assignment would  amount to an advisory opinion.    Advisory opinions are prohibited under Article III of the Constitution.   Flast v. Cohen, 392 U.S. 83, 96 (1968); Coalition for a Healthy California v. F.C.C.,  87 F.3d 383, 386 (9th Cir. 1996).   The court will address the assignment if and when a motion concerning the assignment is filed.

## ORDER

Accordingly, the court ORDERS that:

      1.      Plaintiff Terry Hamilton's motion for reconsideration is DENIED;

      2.      The Clerk of the Court is DIRECTED to serve a courtesy copy of this order on:

Terry D. Hamilton             Sharon M. Hamilton
1502 Westbrook Court       1502 Westbrook Court
Modesto, CA 95358         Modesto, CA 95358

David F. Brown
719 14th Street
Modesto, CA 95354

IT IS SO ORDERED.

**Dated:   October 2, 2007**              **/s/ Anthony W. Ishii**
                                     UNITED STATES DISTRICT JUDGE