1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

9
10
11
12
13
14
15

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,** ) | 1: **02-CV-6583 AWI SMS** |
| ) | |
| **Plaintiffs**, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER DENYING MOTION TO SET-** |
| ) | **ASIDE ORDER AT DOCUMENT 664,** |
| **v.** ) | **DISMISSING ENTITY PLAINTIFFS** |
| ) | |
| ) | **ORDER BARRING ANY FURTHER** |
| **HENRY WILLMS, et al,** ) | **APPEARANCE BY "SPECIALLY** |
| ) | **APPEARING" ATTORNEYS** |
| **Defendants.** ) | |
| ) | **(Document #678)** |

16

17    On September 21, 2007, Attorney David F. Brown, stating that he is specially appearing

18    for Plaintiffs Estates in Eagle Ridge, LLP, James C. Bateman Petroleum Services, and Enviro-

19    Safe, Inc. ("Entity Plaintiffs"), filed a motion to set-aside Document 664, which is the court's

20    order dismissing Entity Plaintiffs from this action.   Upon the parties' stipulation, the court re-set

21    the hearing date, and then the court gave Attorney Brown additional time in which to file a reply

22    brief.   This motion is currently under submission, and the court now issues this memorandum

23    opinion.

24                                          **BACKGROUND**

25    On April 19, 2007, the court granted Attorney Anthony Capozzi's motion to withdraw

26    from representing Plaintiffs.   This order left all Plaintiffs, including Entity Plaintiffs, without

27    counsel.

28

On April 26, 2007, Defendants filed a motion to dismiss the complaint by Entity Plaintiffs or to strike their claims from the complaint because Entity Plaintiffs are no longer represented by counsel.    This motion was originally set for hearing on June 4, 2007.    Because the court had not considered the impact on Entity Plaintiffs of allowing Attorney Capozzi to withdraw from this action, on May 30, 2007, the court sua sponte continued the motion to dismiss to July 9, 2007 because in earlier filings Plaintiffs had indicated they would have an attorney by this date.  On July 6, 2007, the court again sua sponte continued the hearing on Defendants' motion to dismiss to July 23, 2007 because Plaintiffs had indicated they would have an attorney by this date.    The July 6, 2007 order forewarned Entity Plaintiffs that if they were not represented by counsel as of July 23, 2007, the court would grant Defendants' motion and dismiss Entity Plaintiffs from this action.      On July 23, 2007, the court held a hearing.   At the hearing, Plaintiff Terry Hamilton stated that he was in discussions with attorneys to represent all Plaintiffs in this case.  The court then continued the motion to dismiss to July 30, 2007 to allow Plaintiffs one more week to obtain counsel.   The court warned Plaintiffs that if Entity Plaintiffs were not represented by counsel at the July 30, 2007 hearing, the court would dismiss Entity Plaintiffs.

On July 30, 2007, the court held a second hearing.   At this hearing Plaintiff Terry Hamilton admitted that Entity Plaintiffs still did not have an attorney for all purposes.   After finding that Entity Plaintiffs needed an attorney of record and not merely an attorney to file responses to current motions, the court granted Defendants' motion to dismiss and dismissed Entity Plaintiffs.   On August 2, 2007, the court issued its memorandum opinion granting Defendants' motion to dismiss Entity Plaintiffs because they were not represented by counsel.

On August 13, 2007, Plaintiff Terry Hamilton filed a motion to request the court alter or amend the court's order dismissing  Entity Plaintiffs.   On October 4, 2007, the court denied this motion.

On September 21, 2007, Attorney Brown, stating that he is specially appearing for Entity

2

1    Plaintiffs, filed a motion to set-aside the court's order dismissing Entity Plaintiffs.   On

2    November 21, 2007, Defendants filed an opposition to this motion along with a request for the

3    court to bar any further "special appearances" by attorneys.  On January 2, 2008, Attorney Brown

4    filed a reply.

**LEGAL STANDARD**

6          The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d

7    1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).

8    Motions for reconsideration are disfavored, however, and are not the place for parties to make

9    new arguments not raised in their original briefs.   Northwest Acceptance Corp. v. Lynnwood

10   Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).   Reconsideration is not to be used to ask the

11   court to rethink what it has already thought.   United States v. Rezzonico, 32 F.Supp.2d 1112,

12   1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with

13   the Court's decision, and recapitulation of the cases and arguments considered by the court before

14   rendering its original decision fails to carry the moving party's burden."   U.S. v. Westlands

15   Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed

16   to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.

17   1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must

18   set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

19   decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665

20   (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

21   When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the

22   "new or different facts or circumstances claimed to exist which did not exist or were not shown

23   upon such prior motion, or what other grounds exist for the motion."

**DISCUSSION**

25         Attorney Brown, specially appearing on behalf of Entity Plaintiffs, contends that the court

26   erred in dismissing Entity Plaintiffs from this action because at the time the court dismissed

Entity Plaintiffs they had filed a brief to the only outstanding motion.   A review of the docket in this action reveals that on July 25, 2007, Attorney Brown filed a document in which Attorney Brown states he was: "Specially Appearing for [Entity Plaintiffs]".   This document is a reply brief to Plaintiffs' then pending motion to reconsider the court's order enforcing a stipulation, which had been filed by Attorney Capozzi on behalf of all Plaintiffs prior to Attorney Capozzi's withdrawal.   Specifically, Attorney Brown argued on behalf of Entity Plaintiffs that Defendants had not opposed the pending motion for reconsideration by Entity Plaintiffs, and as such, Entity Plaintiffs were entitled to reconsideration.

Based on this filing, Attorney Brown now contends that Entity Plaintiffs had complied with the court's order to retain counsel to file a reply brief to the pending motion for reconsideration.   Attorney Brown argues that the court had only ordered Entity Plaintiffs to obtain counsel for the pending motion for reconsideration and not for all purposes.   Attorney Brown is mistaken.   Nothing in the court's May 30, 2007 written order or July 6, 2007 written order, which sua sponte continued the hearing on Defendants' motion to dismiss Entity Plaintiffs, indicated in any respect that Entity Plaintiffs only needed an attorney to specially appear on their behalf for the pending motion for reconsideration and not for other purposes.   Nothing that the court said at either the July 23, 2007 court hearing or the July 30, 2007 court hearing could be interpreted as the court stating that an attorney specially appearing on Entity Plaintiffs' behalf for one motion was sufficient to avoid dismissal.   In fact, when Plaintiff Terry Hamilton pointed out Attorney Brown had filed a reply on behalf of Entity Plaintiffs and this was the only motion pending before the court, the court inquired into whether Attorney Brown was representing Entity Plaintiffs for all proposes.   When Plaintiff Terry Hamilton admitted he did not believe Attorney Brown represented Entity Plaintiffs for all purposes, the court stated such an appearance was not sufficient.   Thus, the court never ordered or otherwise stated that if Entity Plaintiffs found an attorney to represent them for only the pending motion for reconsideration it would be sufficient to avoid dismissal.

4

The court also disagrees with Attorney Brown's argument that Entity Plaintiffs were sufficiently represented because an attorney had filed a reply brief to the motion for reconsideration.   Contrary to Attorney Brown's implied position, the only motion pending before the court was not the motion for reconsideration.   Also pending before the court was Defendants' motion to dismiss Entity Plaintiffs.   No counsel representing Entity Plaintiffs in any form filed an opposition to the motion to dismiss Entity Plaintiffs.   The failure of any attorney to file an opposition or appear in opposition to the motion to dismiss Entity Plaintiffs furthers the court's continuing finding that Entity Plaintiffs were not represented by an attorney as of the July 30, 2007 hearing, and the court had no choice but to dismiss them.

The court further finds that Attorney Brown's position, that an entity party can proceed in an action so long as an attorney specially appears each time a motion is filed, makes no practical sense.  It would be impossible to proceed with discovery, motions, or trial if neither the court nor the opposing party knows what attorney will be representing an entity party for any given motion or stage of the proceedings.   Neither the opposing party nor the court would know who to serve or contact.   Absent some binding authority to the contrary, the court declines to find that an entity party is properly represented if an attorney, or numerous attorneys, specially appear for an entity party each time the entity party is required to file a document, respond to discovery, appear in court, prepare for trial, or conduct trial.

To the extent there is any confusion, the ***only*** way the court would find that it erred in dismissing Entity Plaintiffs is if Entity Plaintiffs provided evidence that they did have an attorney by no later than August 2, 2007.   Attorney Brown does not even argue that he was representing Entity Plaintiffs for all purposes as of August 2, 2007, let alone provide a declaration or other evidence of this fact.   A non-lawyer may not represent entities, such as a corporation, partnership, or associations.   Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Because as of August 2, 2007, Entity Plaintiffs were only represented by other Plaintiffs proceeding in pro se, the court had no choice but to dismiss Entity Plaintiffs.   The court gave

1   Entity Plaintiffs considerable time to obtain new counsel and warned Entity Plaintiffs on

2   numerous occasions that failure to obtain counsel would result in their dismissal.   Thus,

3   Attorney Brown has given the court no reason to reverse its prior decision dismissing Entity

4   Plaintiffs.

5           Defendants have requested that the court make a formal order in this case prohibiting any

6   further appearances by any attorney in which that attorney "specially appears" for Plaintiffs.   In

7   this action, several attorneys have appeared "specially" on behalf of various Plaintiffs for the

8   purpose of particular motions.   No Local Rule or Rule of Civil Procedure specifically provides

9   for an attorney to "specially" appear for a party on one motion.   While the court generally allows

10  such appearances, the court finds that the repeated use of specially appearing attorneys in this

11  action has created confusion and unnecessary work for the court, Clerk of the Court, and

12  Defendants.   Neither the court, Clerk of the Court, or Defendants know who to serve with

13  motions and court orders or contact regarding pending issues.[1]   Thus, the court will preclude any

14  further "special" appearances by an attorney for one particular motion, hearing, or other purpose.

15          Finally, the court notes that in the final sentence of Attorney Brown's reply brief,

16  Attorney Brown asks that the court certify that the court's August 2, 2007 order, Document #664,

17  which dismissed Entity Plaintiffs, be considered final for purposes of appeal.   Rule 54(b) of the

18  Federal Rules of Civil Procedure allows for the entry of final judgment with respect to less than

19  all parties or claims in an action if the court makes "an express determination that there is no just

20  reason for delay" and expressly directs "entry of judgment." Fed.R.Civ.P.  54(b).  Because Rule

21  54(b) requires the court to make specific findings, the court resolves Rule 54(b) requests by

22  noticed motion, allowing all parties to provide their positions to the court.   Thus, the court will

23  not enter final judgment at this time.

24

25          [1] For example, the Clerk of the Court has added some of the specially appearing
26  attorneys to this court's proof of service.   This action by the Clerk of the Court has caused at
    least Plaintiff Terry Hamilton to contend that these attorneys are appearing for Entity Plaintiffs
27  for all purposes.

28                                                  6

**ORDER**

Accordingly, the court ORDERS that:

1.    Attorney Brown's motion for reconsideration, in which he states he is specially appearing for Entity Plaintiffs, is DENIED;

2.    Any further appearance by attorneys appearing "specially" for any party is HEREBY PROHIBITED;

3.    The Clerk of the Court is DIRECTED to serve a copy of this order on:

Terry D. Hamilton                    Sharon M. Hamilton
1502 Westbrook Court              1502 Westbrook Court
Modesto, CA 95358                   Modesto, CA 95358

David F. Brown
719 14th Street
Modesto, CA 95354

IT IS SO ORDERED.

**Dated:   February 13, 2008**          _____/s/ Anthony W. Ishii_____
                                        UNITED STATES DISTRICT JUDGE

7