UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., )<br>)<br>        Plaintiffs, )<br>)<br>)<br>   v. )<br>)<br>)<br>HENRY W. WILLMS, et al., )<br>)<br>        Defendants. )<br>)<br>_____) | CV F 02 6583 AWI SMS<br><br>ORDER DIRECTING THE FILING OF<br>BRIEFS, <u>INCLUDING STATUS REPORT</u>,<br>CONCERNING PLAINTIFF'S MOTION TO<br>COMPEL (DOCS. 679-680)<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANT'S EX<br>PARTE APPLICATION TO CONTINUE<br>DISCOVERY HEARING (DOC. 707) |

    Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

    On February 29, 2008, the Court held a hearing on Plaintiff's motion to compel discovery and Defendant's ex parte application for a continuance of the hearing in order to permit briefing. Plaintiffs Terry and Sharon Hamilton appeared on their own behalf by telephone, and Donald Pool appeared on behalf of Defendants.

    The Court detailed its position on the scope of the application before the Court, and it was anticipated by all that a disc or transcript of the hearing could serve as a record of

1

1  the Court's position.

2   The Court reviewed in detail the pertinent orders of Judge
3  Ishii and noted that Judge Ishii had ruled that discovery was
4  closed; further, no other motions to compel, motions pursuant to
5  Fed. Rule Civ. P. 56(f), or other proceedings pursuant to the
6  applicable rules had been brought concerning other discovery
7  matters. Thus, the matter that the Court considered pending
8  before it was the question of the deposition of Suzanne Conry and
9  any related issues concerning the parties' agreements concerning
10 such deposition (existence of an agreement, facts concerning any
11 consideration for the agreement, whether the agreement was
12 binding, any breach thereof); the Court requested briefing
13 concerning the relevance or potential relevance of deposition
14 testimony of, or other evidence sought from, Conroy with respect
15 to each of the claims remaining in this action. Further, the
16 Court asked the parties to address what the harm or effect on the
17 case of not having the deposition would be. The Court suggested
18 that a declaration concerning Conry's position regarding
19 testifying could also be useful.

20   The Court stated that it did not intend to award any
21 sanctions. The Court stated that there would be no informal
22 discovery telephonic conferences or other informal discovery
23 proceedings in the case in the future; all discovery matters
24 would proceed by motion and on the record.

25   The Court reminded the parties that even if it were
26 ultimately to grant Plaintiff's motion, it did not have
27 jurisdiction to compel a non-party in Colorado to appear for a
28 deposition, and that any such application would have to be

2

brought in the applicable district court in Colorado.

The Court granted Defendant's ex parte application to continue the discovery hearing in part and denied it in part. The Court ordered briefing as follows: Plaintiffs' brief in support of the motion to compel must be filed on or before March 31, 2008. Defendant's opposition must be filed no later than April 18, 2008. Plaintiffs' reply must be filed no later than May 2, 2008. The hearing was continued to May 30, 2008.

The Court has determined that it would be helpful to have the parties address the present status of the case, and specifically, exactly what parties (persons and entities) remain in the suit, and what claims remain.

Accordingly, the Court DIRECTS Defendant in its opposition to include a brief status report concerning these matters; Plaintiff may address Defendant's status report in its reply brief if Plaintiff disagrees with Defendant's position.

IT IS SO ORDERED.

**Dated:    February 29, 2008**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE