UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., | 1:02-cv-06583-AWI-SMS |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR ENLARGEMENT OF TIME TO BRIEF THE ONE AND ONLY ISSUE REMAINING PURSUANT TO PLAINTIFFS' MOTION TO COMPEL** |
| vs. | |
| HENRY W. WILLMS, et al., | |
| Defendants. | (Docs. 679, 680, 715, 718) |

The court is in receipt of Plaintiffs' ex parte request for enlargement of time in which to file post-hearing brief and/or motion to alter or amend order filed at docket 715, re: discovery hearing on plaintiffs' motion to compel, filed at 679, and held on February 29, 2008, pursuant to Local Rule 6-144, Local Rule 78-230, and F.R.C.P. 59(e). (Doc. 718) Plaintiffs argue they need more than the CD of the February 29, 2008 hearing held regarding Plaintiffs' motion to compel and Defendants' ex parte request to continue the discovery hearing from February 29, 2008 to March 28, 2008. They feel they need a written transcript. The relief they now seek is based on the time it will take to obtain the official transcript through the court transcription services out of Sacramento.

1  There is a bit of a disconnect between the body of the
2  petition (entitled "Introduction" ) and Mr. Hamilton's
3  declaration (page -4-):  On page -3- at lines 6-11, #5.,
4  Plaintiffs state that it will take until approximately March 21,
5  2008 to get that transcript from Sacramento, then 7 more days
6  "thereafter within which to prepare and file any motion....."
7  That would take Plaintiffs to right at March 28, 2008 to file
8  "any motion", thus landing squarely within the briefing schedule
9  the Court gave counsel at hearing.  Plaintiffs' brief was to be
10 filed on or before March 31, 2008.  The declaration, page -4- at
11 lines 12-18, requests an enlargement of time to March 31, 2008 to
12 actually receive the transcript.  There is, however, no date set
13 forth by which Plaintiffs believe they can have their opening
14 brief filed thereafter.
15    Plaintiffs' motion to compel, originally filed September 21,
16 2007, **shall** be heard on the date presently set, May 30, 2008 at
17 9:30 a.m., unless the Court and only the Court needs to move it
18 for judicial reasons.  The briefing schedule is **modified** as
19 follows:  Plaintiffs' brief in support of said motion, including
20 points and authorities, declarations and exhibits, shall be filed
21 on or before April 18, 2008; Defendants' opposition shall be
22 filed on or before May 9, 2008; Plaintiffs' reply shall be filed
23 on or before May 19, 2008.  Plaintiffs may appear telephonically
24 upon pre-hearing notice to Courtroom Deputy Harriet Herman at
25 (559) 499-5692.
26    The Court hereby admonishes Plaintiffs that the record of
27 the hearing on February 29, 2008 could not be any more clear and
28 complete and definite:  The only argument from Plaintiffs'

2

motion, filed September 27, 2007, that remains at issue has to do with the deposition of Ms. Conry.  This Court has made it absolutely, positively, without any hesitation clear that there is to be no further discovery of any kind or character whatsoever other than the possibility of the deposition of Mr. Conry.  The Court's reasoning is carefully and completely set forth on the record of the February 29, 2008 hearing.  And, with regard to the issue of Mr. Conry's deposition, Plaintiffs are reminded that this court has no jurisdiction over Ms. Conry, that if she agrees to be deposed, they should file a declaration <u>from Ms. Conry</u> setting forth her willingness to be deposed.  Further, *where* Ms. Conry might be deposed is also an issue that should be briefed.  Lastly and probably most importantly, the relevance of Ms. Conry's testimony to the remaining cause(s) of action in this lawsuit needs to be briefed.

   Should the parties brief anything other than the necessity, or not, of the deposition of Ms. Conry, the Court will strike any portion of the briefing that has to do with that extraneous surplusage.  In addition, the Court seriously will consider imposing monetary sanctions on the party or parties who brief anything other than that having to do with Ms. Conry's deposition.

   IT IS SO ORDERED.

**Dated:   March 18, 2008**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE

3