

MAR 25 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,** ) | **1:02-cv-06583-AWI-SMS** |
| ) | |
| **Plaintiffs,** ) | **ORDER DENYING MOTIONS TO** |
| ) | **COMPEL SUZANNE CONRY'S** |
| **v.** ) | **DEPOSITION (Docs. 679 & 742)** |
| ) | |
| **HENRY W. WILLMS, et al.,** ) | **ORDER DENYING PLAINTIFF'S** |
| ) | **REQUEST FOR A CONTINUED** |
| **Defendants.** ) | **STAY (Doc. 755)** |

**ORDER SETTING TRIAL DATES:**

**Amended Pretrial Statement Filing Deadline: 7/29/11**

**Pretrial Conference: 8/12/11, 8:30am, Ctrm. 2/AWI**

**Trial: 9/20/11, 8:30am, Ctrm. 2/AWI**

## BACKGROUND

This action was filed on July 17, 2002, in the United States District Court for the District of Colorado. Pursuant to Defendants' motion, on December 11, 2002, the District Court of Colorado transferred the action to this court. On June 11, 2003, Plaintiffs filed a second amended complaint. After the court ruled on the various motions to dismiss and for summary judgment, four claims remained in this action: (1) The Second Claim for fraud and forbearance on foreclosure Agreements 2 & 3. (2) The Third Claim for breach of contract concerning Foreclosures on California properties. (3) The Fifth Claim for theft of Colorado Property in violation of Colorado law. (4) The Sixth Claim for fraud in relation to California property in violation of California law.

1      On November 21, 2005, the parties filed their joint Pretrial Statement.

2      On November 28, 2005, the court held the Pretrial Conference, which was continued to

3 February 6, 2006.  On March 8, 2006, the parties and the court entered a stipulation to set trial in

4 this matter for November 28, 2006 and set the Pretrial Conference for October 11, 2006, which

5 was later continued to October 27, 2006.

6      Between March 8, 2006, and the October 27, 2006, the only motions filed concerned

7 attorneys fees and final judgments that had been entered.

8      The court held the Pretrial Conference on October 27, 2006.  At the pretrial conference,

9 the parties indicated they would be ready for trial on November 28, 2006.  The court issued its

10 Pretrial Order on November 2, 2006.  The Pretrial Order set the trial for December 5, 2006 and

11 the motions in limine hearing for November 21, 2006, which was later reset to November 28,

12 2006.

13      The parties then filed extensive motions in limine.

14      On November 28, 2006, the District Court Judge Anthony W. Ishii held a hearing on the

15 motions in limine.  At the hearing Plaintiffs raised the issue of the need to still depose Suzanne

16 Conry.  Plaintiffs claimed there was a stipulation to allow this deposition, but Defendants

17 claimed this stipulation had expired.  Because this issue concerned discovery, Judge Ishii

18 referred the parties to Magistrate Judge Sandra M. Snyder to see if she could reach a resolution

19 before trial.

20      On November 29, 2006, Plaintiffs filed a motion to compel the deposition of Ms. Conry

21 and to compel the enforcement of the previous agreement.  Additional documents were filed on

22 December 1, 2006, December 2, 2006, and December 4, 2006.  As discussed in further detail

23 below, the issue concerning Ms. Conry's deposition was the fact that Ms. Conry had entered into

24 a settlement stipulation with Defendants in another lawsuit[1].  One condition of this settlement

25

26    [1] This action involved Defendants and Cheyenne WY Development Corporation ("Cheyenne").  Because Ms. Conry is Cheyenne's president and authorized officer, Plaintiffs
27 desired to depose Ms. Conry.  While the non-disclose clause was actually between Defendants and Cheyenne, Ms. Conry was the person who discussed any waiver with the parties in this
28 action.  As such, Ms. Conry is named in the rest of this order instead of Cheyenne.

2

1   was a non-disclosure clause, which Defendants had agreed to waive a year earlier, but by
2   November 2006, Defendants were no longer willing to wave the non-disclosure clause.

3       On November 29, 2006, Judge Snyder held an informal telephonic conference concerning
4   the issue of the stipulation and Ms. Conry's deposition.  No informal agreement was reached
5   regarding this discovery issue.  Judge Snyder held another informal telephonic conference on
6   December 4, 2006.  Again, an agreement was not reached.  Judge Snyder found she could not
7   issue a ruling on the discovery motion without impacting the trial, which was set to start the next
8   day.  The parties were then referred to Judge Ishii.

9       On December 4, 2006, Judge Ishii held a telephonic hearing with the parties.  After
10  allowing the parties to briefly state the discovery dispute, Judge Ishii denied any request to
11  continue the trial to resolve the discovery matter concerning Ms. Conry.  Judge Ishii reminded
12  the parties that if there were any outstanding discovery issues, they should have been raised
13  during discovery process and not during the hearing on motions in limine and certainly not the
14  day before trial.

15      A little before 4:00 p.m. on December 4, 2006, the parties contacted Judge Ishii and
16  stated they had reached a stipulation to continue the trial.  The parties informed Judge Ishii that
17  they had negotiated a stipulation that would continue the trial in exchange for Plaintiffs
18  eliminating certain parties and certain claims from this action.  The parties stated the purpose of
19  this agreement was to allow Plaintiffs to file a motion regarding the stipulations and agreements
20  on Ms. Conry's deposition.  Judge Ishii then vacated the trial date and ordered that the
21  stipulation be memorialized in written document signed by the respective counsel and the parties.
22      No stipulation was ever filed with the court.

23      On December 11, 2007, Defendants filed a motion to enforce the December 4, 2006
24  stipulation and for an award sanctions.  Plaintiffs opposed this motion.   On March 6, 2007,
25  Judge Ishii granted Defendants' motion to enforce the December 4, 2006 oral stipulation.
26  Plaintiffs then filed a flurry of motions for the court to reconsider its order, and on October 4,
27  2007, Judge Ishii denied Plaintiffs' motions for reconsideration.

28  //

3

1    On September 27, 2007, Plaintiffs filed a motion to compel the attendance of Ms. Conray
2  at a deposition.   On November 19, 2007, Plaintiffs filed a motion to compel compliance with
3  court orders, a request for an evidentiary hearing, and a motion for sanctions against Defendants
4  and their counsel.   On April 30, 2008, Plaintiff filed a renewed motion to compel compliance
5  with the agreement concerning Ms. Conry and other discovery agreements.   All parties provided
6  the court with numerous oppositions, exhibits, requests for judicial notice, and reply briefs
7  concerning whether the court should compel Ms. Conry to be deposed.    On June 6, 2008, Judge
8  Snyder issued a minute order clarifying that the only issue before the court was whether Plaintiffs
9  should be permitted to take the deposition of Ms. Conry.   On June 6, 2008, Judge Snyder issued
10 a minute order allowing Plaintiffs to reopen discovery for the limited purpose of taking the
11 deposition of Ms. Conry.    Magistrate Judge Snyder suggested that the deposition can be and
12 should be appropriately noticed and held within the federal district in which Ms. Conry resides,
13 thus a subpoena pursuant to Rule 45(a)(2) of the Federal Rules of Civil Procedure for Denver,
14 CO, Cheyenne, WY, or maybe even Florida would have to issue. See Court Document #740.

15    On August 18, 2008, Plaintiff filed a request for an enlargement of time in which to
16 conduct the deposition of Ms. Conry.

17    On August 19, 2008, the court held a telephonic conference with the parties.   Judge
18 Snyder informed the parties that she had attempted to broker some agreement between the parties
19 and Ms. Conry.   Judge Snyder repeated Defendants' position that they would not agree to a
20 deposition pursuant to the terms reached in October 2005.   The parties informed Judge Snyder
21 that a civil action in state court was pending concerning the October 2005 agreement involving
22 Ms. Conry. See Court Document #749.

23    This entire action was then informally stayed as the parties litigated the state court action.
24 The parties filed status reports with the court.   On April 19, 2010, Plaintiff filed a second status
25 report and a request to hold the case in abeyance pending the adjudication of the state court
26 action.   On November 15, 2010, Plaintiff filed their final status report.   On February 8, 2011,
27 Defendants filed a status report and therein notified the court that the state court action had been
28 resolved by both the trial court and California Court of Appeal. See Court Document #765.

4

1

**DISCUSSION**

2      At issue before the court is whether the court should enforce an agreement reached in
3  October 2005 that allowed Plaintiffs to depose Ms. Conry with the approval of Defendants, along
4  with Defendants' agreement to allow Ms. Conry's testimony despite a confidential settlement
5  agreement between Ms. Conry and Defendants.   Judge Snyder already informed Plaintiffs on
6  how they could compel the deposition of Ms. Conry. Apparently, Ms. Conry remains unwilling
7  to testify about many matters absent an agreement with Defendants concerning the confidential
8  settlement agreement. Plaintiffs maintain they had a good faith agreement with Defendants and
9  that the court should order Defendants to comply with it. Defendants contend that any agreement
10  concerning Ms. Conry's testimony and a waiver of the confidential settlement agreement expired
11  long ago.

12  **A. Facts Concerning the October 2005 Agreement on Ms. Conry's Deposition**

13      While some of the exact details surrounding the parties' agreement concerning Ms.
14  Conry's Deposition are in dispute, a few facts are clear. Plaintiffs desired to depose Ms. Conry.
15  However, Ms. Conry and Defendants Willms had been parties in an earlier action that had ended
16  with a confidential settlement. Because Plaintiffs' potential deposition might overlap with
17  issues in the confidential settlement, Ms. Conry desired a waiver of the confidential settlement
18  before she would testify.

19      All parties appear to concur that at least some basic agreement was reached concerning
20  Ms. Conry's deposition in October 2005. The parties were to depose Ms. Conry on October 10,
21  2005.  See Court Document # 490 at ¶ 7.   Defendants agreed to approve and consent to Ms.
22  Conry's deposition despite the confidential settlement agreement involving Defendants Willms
23  and Ms. Conry. See Court Document #503 & Exhibits. Ms. Conry received a signed stipulation
24  from Plaintiffs concerning her deposition on October 7, 2005, but did not receive one from
25  Defendants by October 7, 2005, as she believed was required. See Court Document #489 at ¶ 8;
26  Court Document #490 at ¶ 5 - ¶ 6. Defendants appear to have been expecting Ms. Conry to sign
27  the stipulation and send it to them for their signature.

28  //

5

1    Regardless, there are various copies of the agreement. They show it was signed by
2  Defendants on October 10, 2005, by Mr. Hamilton on both October 7, 2005 and October 10,
3  2005, and by Plaintiff's counsel and the remaining Plaintiffs on October 7, 2005. Defendants
4  claim that they and their attorney were ready for the October 10, 2005 deposition but neither Ms.
5  Conry nor Plaintiffs' attorney appeared. See Court Document #488 at p. 11. Ms. Conray did not
6  attend the October 10, 2005 deposition and informed the parties that when Defendant Willms
7  agreed and consented in writing to her testifying, she would make her best efforts to
8  accommodate the parties. See Court Document #489 at ¶ 9; Court Document #503 at ¶ 13. At
9  some point, Ms. Conry traveled to California, presuming all parties would soon sign the
10  stipulation and she would be notified of a new deposition date.

11    Meanwhile, on October 6, 2005, the parties filed a signed a stipulation to continue the
12  deadline to file dispositive motions until October 27, 2005. In the stipulation, one reason cited to
13  continue the dates was the intended October 10, 2005 deposition of Ms. Conry. On October 12,
14  2005, Judge Snyder signed this order. See Court Document #324.[2]

15    Between October 10, 2005 and October 13, 2005, there appears to have been some further
16  discussions regarding Ms. Conry's deposition. See Court Document $490 at ¶ 9. Judge Snyder
17  held telephonic hearings concerning discovery matters, including Ms. Conry's deposition, on
18  October 13, 2005 and October 25, 2005. See Court Documents # 326; Court Document # 328.

19    It is not entirely clear what occurred between October 13, 2005 and November 17, 2005.
20  However, on November 17, 2005, Defendants' attorney sent a letter to Plaintiffs revoking any
21  agreements concerning Ms. Conry's deposition. See Court Document 488 at page 41; Court
22  Document # 489 at ¶ 10.

23    To the court's knowledge, the issue of Ms. Conry and any need to depose her was not
24  raised to the court again until December 21, 2005. At that time, the parties had recently received
25  Judge Ishii's orders on pending motions for summary judgments. On December 21, 2005, Judge
26  Snyder held a telephonic discovery conference. Judge Snyder *denied* any pending discovery

27
28    [2] A similar stipulation was signed by Judge Ishii on October 11, 2005 and filed on
       October 13, 2005. See Court Document #325.

6

1 motions for the court to order the deposition of Ms. Conry as moot. Judge Snyder directed the
2 parties to read Judge Ishii's ruling, meet and confer, and then re-raise any remaining discovery
3 disputes to the court. See Court Document #381.

4 Over the next eleven months, from December 21, 2005 until November 29, 2006, the
5 court ruled on remaining motions for summary judgment and addressed various motions to
6 reconsider the court's orders on motions for summary judgment. During this time, the court
7 granted several motions for partial summary judgment, and the court awarded attorney's fees.
8 Numerous motions for partial judgment were awarded. During this time, no motion concerning
9 re-opening discovery, amending the scheduling order, or any motion concerning the issue of Ms.
10 Conry's deposition was filed.

11 According to Plaintiffs, the issue of Ms. Conry's deposition was discussed at the pretrial
12 conference.[3] Court records confirm that the issue was raised and discussed at the November 28,
13 2006 motion in limine hearing.

14 In the hearing of June 6, 2008, regarding Plaintiffs' motion to reopen discovery, Judge
15 Snyder denied any reopening of discovery *except for the limited purpose of deposing Ms. Conry*.
16 She went on to explain that the issue of a contract, an agreement by, between and among the
17 Plaintiffs, their attorney, the Defendant, his attorney, Ms. Conry, and any "brokering" the Court
18 did to help bring about Ms. Conry's deposition was no longer a topic she would discuss with the
19 parties. It would appear that this discovery issue early on was within the normal duties and
20 responsibilities of a judicial officer to effect discovery, which typically magistrate judges do all
21 the time. Contracts are not created every time a judicial officer brings parties together and
22 facilitates stipulations and agreements to encourage discovery pursuant to the Federal Rules of
23 Civil Procedure.

24 Judge Snyder was clear: "I am going to order that you, Mr. and Mrs. Hamilton.....need to
25 have authority from the appropriate court.....[y]ou need to have applied to and/or approached the
26 appropriate federal court, wherever Ms. Conry wants to be deposed, or wherever she lives,

27

28 [3] As is Judge Ishii's practice, the pretrial conference was not recorded.

resides, works, whatever, no later than - - no later than July the 4th. That's one month from today. That's not hard to do.....One month from today you have to have obtained and served an appropriate subpoena for the deposition of Ms. Conry.....[y]ou're still going to have to bear the costs of it and all....." See Court Document #741 Transcript of Proceedings, June 6, 2008, pages 25-26.

## B. Whether to Order Compliance with the October 2005 Agreement

The court has reviewed the numerous documents relating to the issue of the October 2005 agreement involving Ms. Conry and whether the court should enforce this agreement. After considerable examining of the relevant documents and law, the court will not enforce the October 2005 agreement. There are numerous reasons why the court must deny any pending motion to enforce the October 2005 agreement.

First, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, courts must enter scheduling orders to establish deadlines "to file motions" and "to complete discovery." A schedule may be modified with the judge's consent." Fed.R.Civ.P. 16(b). A party seeking to modify the scheduling order must demonstrate good cause. Fed.R.Civ.P. 16(b)(4). Good cause exists when the moving party demonstrates the party cannot meet the deadline despite exercising due diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Where the moving party has not been diligent, the inquiry ends and the court should deny a parties' request to modify any scheduling order. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Here, taking the facts in the light most favorable to Plaintiffs, any deadline to complete discovery was extended to October 27, 2005,[4] pursuant to the parties last stipulation and the courts' last order setting dispositive motion deadlines and discovery. See Court

---

[4] The court notes that the parties did have one more stipulation, but this stipulation concerned *only* the filing date for briefs on one of Defendants' motions for summary judgment. See Court Document #327. Even assuming this stipulation somehow also extended the discovery deadline, the extension only went until November 21, 2005. Stipulations to continue the filing date of the pretrial statement also were continued to November 21, 2005. See Court Document #353; Court Document #354; Court Document #355. One of these documents did mention a continuing deposition. However, this notation appears to refer to the ongoing deposition of Defendant Willms. Regardless, even using November 21, 2005 as the final discovery cut off deadline does not change the result.

Document #324. Plaintiffs failure to file any motion concerning the issue of the October 2005 agreement and Ms. Conry's deposition between until December 21, 2005, when Judge Snyder denied all pending discovery motions, until October 2006, is grounds to deny any further discovery at this time.

Second, Plaintiffs have not offered any good cause for their delay in bringing this issue to the court after December 21, 2005. If Plaintiffs needed assistance with discovery, Plaintiffs had discovery remedies. They could have moved to compel, moved to reopen discovery, or moved to modify the Scheduling Order. This court has held that motions to extend discovery cut off dates filed even a few days *before* the discovery cut off date lack diligence. See Boparai v. Shinseki, 2010 WL 4738125, at *2 (E.D.Cal. 2010); Hardy v. County of El Dorado, 2008 WL 3876329, at * 1 (E.D.Cal. 2008). Clearly, a discovery motion filed approximately one year after the latest possible date upon which discovery had closed is not diligent.

Third, Plaintiffs seem to believe that some kind of a contract was reached in October 2005, and the court has the authority to enforce this contract. While the court finds no contract, even under contract law, the court must deny Plaintiffs' request to enforce the October 2005 agreement. Under established rules of contract interpretation, it is well settled that where no time for performance is established in the agreement, the law implies that performance must occur within a reasonable time. See J.C. Millet Co. v. Distillers Distrib. Corp., 258 F.2d 139, 143 (9th Cir.1958) (holding that where a contract does not establish a time for performance, the court will infer that performance must occur within a reasonable time); RESTATEMENT (SECOND) OF CONTRACTS § 33 cmt. d ("Valid contracts are often made which do not specify the time for performance. Where the contract calls for a single performance such as the rendering of a service or the delivery of goods, the time for performance is a 'reasonable time.'"). Waiting close to a year and until the eve of trial is not a "reasonable time."

The issue of Ms. Conry's deposition and the October 2005 agreement has already been subject to numerous motions and an entire state civil action. No further motions on this issue will be accepted. To the extent there are outstanding motions for the court to enforce the October 2005 agreement, these motions are denied.

9

**C.   Continuance of a Stay and Future Dates**

This matter has been pending on the courts calendar since 2002.   All outstanding motions having been resolved and all discovery deadlines and dispositive motion deadlines have long passed.   Any related state court action has been resolved at the appellate level.   The court finds no grounds for a further stay.   Thus, at this time, there is nothing left to do but for the court to set this matter for trial.

**ORDER**

Accordingly, the court ORDERS that:

1.   Any outstanding motions for the court to enforce the October 2005 agreement are DENIED;

2.   Plaintiffs' motion to continue a stay in this action is DENIED; and,

3.   The court sets the following dates:

| | | |
|---|---|---|
| a. | Deadline to File Amended Pretrial Statement | July 29, 2011 |
| b. | Pretrial Conference | August 12, 2011 8:30 a.m. Ctrm. 2/AWI |
| c. | Trial | September 20, 2011 8:30 a.m. Ctrm. 2/AWI |

IT IS SO ORDERED.

DATED:   _3-2 5- 11_

ANTHONY W. ISHII,
UNITED STATES DISTRICT JUDGE

DATED: _March 25, 2011_

SANDRA M. SNYDER,
UNITED STATES MAGISTRATE JUDGE

///

//

/