IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,** )<br>)<br>**Plaintiffs**, )<br>)<br>v. )<br>)<br>**HENRY W. WILLMS, et al.,** )<br>)<br>**Defendants.** )<br>_____) | 1: 02 - CV - 6583 AWI SMS<br><br>**ORDER VACATING PRE-TRIAL AND TRIAL DATES AND ORDER FOR PLAINTIFF'S TO SHOW CAUSE** |

On March 28, 2011, the Court denied Plaintiffs' motion to compel the deposition testimony of Suzanne Conry and denied Plaintiffs' request for a continued stay. See Court's Docket Doc. No. 766. In the same order, the Court set a pre-trial conference date for August 12, 2011, and a trial date for September 20, 2011. See id. Additionally, the Court set a deadline for filing pre-trial statements of July 29, 2011. See id.

On July 29, 2011, Defendants filed a pre-trial statement. See id. at Doc. No. 768. Defendants state that the they have been unable to communicate with Plaintiffs, and do not know if Plaintiffs intend to appear at either the pre-trial conference or the trial. See id. Defendants state that they received a letter from Plaintiffs' counsel, and that letter indicates that Plaintiffs intend to move the Court to deem the March 2011 order "an appealable order." See id. Defendants state that Plaintiffs did not confirm whether Plaintiffs intend to appear for trial. See id. Defendants state that they should not be forced to prepare for trial when Plaintiffs have taken

no affirmative action to bring this case to trial for several years, and there is no indication that Plaintiffs intend to appear at either the pre-trial conference or the trial.  See id.

As of the signing of this order, Plaintiffs have not filed a pre-trial statement, nor have they responded to Defendants' pre-trial statement.  The last filing by Plaintiffs was a proposed substitution of attorney on November 15, 2010.  The failure of Plaintiffs to file a pre-trial statement renders the pre-trial procedures incomplete and the pre-trial conference impractical.

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'"  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules).  In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

In light of the prolonged pendency of this case, the lack of activity from Plaintiffs, the Plaintiffs failure to file a pre-trial statement, the representations made by Defendants in their timely filed pre-trial statement, and the failure to respond to Defendants' pre-trial statement, the Court has concerns regarding Plaintiffs' prosecution of this case. The Court will vacate the currently set pre-trial and trial dates, and order Plaintiffs to show cause in writing why they failed to obey the March 28, 2011 Court order, and why this case should not be dismissed for failure to prosecute and/or for failure to follow Court orders.

Additionally, Plaintiffs shall indicate whether they continue to request that attorney Michael Abbott be substituted as their attorney of record. If Plaintiffs continue to request that Mr. Abbott be substituted as their attorney, then Mr. Abbott may file the response to the show cause order, and Plaintiffs' show cause response shall expressly renew the request to substitute and shall include a proposed order substituting Mr. Abbott as counsel of record.

Accordingly, IT IS HEREBY ORDERED that:

1. The pre-trial conference date of August 12, 2011, and the trial date of September 20, 2011, are VACATED;
2. Plaintiffs shall show cause in writing why this case should not be dismissed with prejudice for the failure to file a pre-trial statement in violation of the Court's March 2011 order and for failure to prosecute this case;
3. Plaintiffs shall file their response to this order no later than August 25, 2011;
4. Defense counsel shall immediately inform Mr. Abbott that the pre-trial conference has been vacated and that this order to show cause has been issued; and
5. Plaintiffs are warned that the failure to file a timely response to this order will result in the imposition of sanctions, up to and including the dismissal of this case with prejudice.

IT IS SO ORDERED.

Dated: \_\_\_August 11, 2011\_\_\_

CHIEF UNITED STATES DISTRICT JUDGE