IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HENRY W. WILLMS, et al.,<br><br>    Defendants. | CASE NUMBER 1:02-6583 AWI SMS<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER DENYING PLAINTIFFS' MOTION TO APPEAL THE MARCH 28, 2011 DISCOVERY ORDER<br><br>(Document # 770) |

## BACKGROUND

This action was set for trial on September 20, 2011.  When Plaintiffs did not file a pretrial statement, on August 11, 2011, the court vacated the trial date and ordered Plaintiffs to show cause why this case should not be dismissed for their failure to file a pre-trial statement.

On August 11, 2011, Attorney Michael L. Abbott, on behalf of Plaintiffs, filed an application requesting that the court find certain prior orders final for the purposes of appeal.

After requesting an extension of time to respond to the order to show cause, on September 30, 2011, Plaintiffs filed a response to the order to show cause.

## DISCUSSION

The court has reviewed Plaintiffs' response to the order to show cause.   Plaintiffs request that they be allowed to appeal the court's March 28, 2011 order, which denied Plaintiffs' discovery motion.   Plaintiffs also discuss several attorneys' conduct throughout this action that Plaintiffs believe unnecessary hurt Plaintiffs' case.  Plaintiffs also request the court issue an order

clarifying that Attorney Abbott no longer represents Plaintiffs.

Plaintiffs' explanations for why they did not file their pretrial statement are sufficient to discharge the court's order to show cause. While this case has been pending for a considerable amount of time, the court will give Plaintiffs a short extension of time to find a new attorney and/or file a motion to appeal.

Plaintiffs' current motion for permission to file an appeal must be denied without prejudice. Plaintiffs state that they wish to appeal the court's March 28, 2011 order prior to trial. The March 28, 2011 order denied Plaintiffs' motion for the court to require Defendants comply with a discovery agreement. The legal rule Plaintiffs cite to as the basis of an immediate appeal is Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) allows the court to enter a final judgment with respect to less than all parties or claims in an action if the court makes "an express determination that there is no just reason for delay". Fed.R.Civ.P. 54(b). Rule 54(b) requires the presence of three conditions: (1) multiple claims and/or multiple parties; (2) at least one claim or the rights and liabilities of one party having been finally decided; and (3) and no just reason for any delay in allowing an appeal. See 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2656 (1998). Here, Plaintiffs seek to appeal a discovery order. Rule 54(b) does not apply to such an order because the March 28, 2011 discovery order neither issued a final decision on a cause of action nor resolved the liability of any party. Thus, Plaintiffs' 54(b) motion must be denied without prejudice.[1]

Finally, Plaintiffs request that the court enter an order requiring Attorney Abbott to withdraw from this action. The court has reviewed the docket and agrees with Plaintiffs that whether Attorney Abbott is Plaintiffs' counsel of record is unclear. The court's proof of service and list of attorneys representing Plaintiffs indicate Attorney Abbott is no longer Plaintiffs' attorney and Plaintiffs are appearing pro se. The court will issue an order confirming this.

---

[1] In limited circumstances 28 U.S.C. § 1292(b) allows for the appeal of an interlocutory order.

2

**ORDER**

Accordingly, the court ORDERS that:

1. The court's August 11, 2011 order to show case is DISCHARGED;
2. Plaintiffs' request for permission to appeal the March 28, 2011 discovery order pursuant to Rule 54(b) is DENIED without prejudice;
3. Any further motion that seeks the court's permission to appeal SHALL be filed within thirty days of this order's date of service; and
4. Attorney Abbott is no longer Plaintiffs' attorney in this action and Plaintiffs are currently proceeding pro se.

IT IS SO ORDERED.

Dated:   October 28, 2011

CHIEF UNITED STATES DISTRICT JUDGE

3