**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY D. HAMILTON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HENRY W. WILLMS, et al.,<br><br>        Defendants. | CASE NUMBER 1:02-6583 AWI SMS<br><br>ORDER STRIKING NOVEMBER 28, 2011 APPLICATION BY ATTORNEY ABBOTT<br><br>(Document # 776) |

**BACKGROUND**

This action was set for trial on September 20, 2011. When Plaintiffs did not file a pretrial statement, on August 11, 2011, the court vacated the trial date and ordered Plaintiffs to show cause why this case should not be dismissed for their failure to file a pretrial statement.

On August 11, 2011, Attorney Michael L. Abbott ("Attorney Abbott"), on behalf of Plaintiffs, filed an application requesting that the court find certain prior orders final for the purposes of appeal.

After requesting an extension of time, on September 30, 2011, Plaintiffs filed a response to the court's order to show cause. As to Attorney Abbott, Plaintiffs stated, in part, the following:

    1.    Plaintiffs Terry D. Hamilton and Sharon M. Hamilton, hereinafter referred to as ("Plaintiffs") respectfully request permission to appear pro se and file Plaintiffs' joint Response to this Court's Order to Show Cause entered as docket number 769.

    2.    Plaintiffs' reserve their rights to supplement Plaintiffs' Response to this

Court's Order to Show Cause due to the complex nature of issues pending in the instant case after new counsel is retained and has e-filed his/her entry of appearance pursuant to the local rules.
. . . .
3.     Plaintiffs respectfully request that the Court enter an Order:   a) directing Mr. Abbott to prepare a "Substitution of Counsel" for Plaintiffs to execute and further direct his Office to e-file same on PACER e-filing system; b) the Order should clarify that Mr. Abbott is no longer counsel of record for Plaintiffs in the instant case; and c) that any new counsel for Plaintiffs will be treated fairly as any officer of the court.
4.     The purpose of this Order is to satisfy Plaintiffs new perspective counsel who will first review the status of the case on PACER regarding any potential threats of sanctions and other problems regarding Mr. Abbott as Plaintiffs' former counsel.
5.     Plaintiffs have been unsuccessful to date to hire new counsel to substitute in as replacement counsel for Mr. Abbott. . . .

October 28, 2011, the court discharged the order to show cause.   On the issue of Attorney Abbott's representation and the next procedural step to be taken in this action, the court ruled as follows:

Finally, Plaintiffs request that the court enter an order requiring Attorney Abbott to withdraw from this action. The court has reviewed the docket and agrees with Plaintiffs that whether Attorney Abbott is Plaintiffs' counsel of record is unclear. The court's proof of service and list of attorneys representing Plaintiffs indicate Attorney Abbott is no longer Plaintiffs' attorney and Plaintiffs are appearing pro se. The court will issue an order confirming this.
ORDER
Accordingly, the court ORDERS that:
1.     The court's August 11, 2011 order to show case is DISCHARGED;
2.     Plaintiffs' request for permission to appeal the March 28, 2011 discovery order pursuant to Rule 54(b) is DENIED without prejudice;
3.     Any further motion that seeks the court's permission to appeal SHALL be filed within thirty days of this order's date of service; and
4.     Attorney Abbott is no longer Plaintiffs' attorney in this action and Plaintiffs are currently proceeding pro se.

On November 28, 2011, Attorney Abbott, listing in the top right-hand corner of the document that he is "Attorney for Plaintiffs", filed an application for the court to find a prior order is final pursuant to Rule 54(b).

## DISCUSSION

Based upon Plaintiffs' specific request to clarify that Attorney Abbott is no longer represented them and that they are appearing in pro se, the court made a specific order that Attorney Abbott was no longer Plaintiffs' attorney in this action.  Based upon Plaintiffs' request for additional time in which to find a new attorney, the court discharged the order to show cause and granted Plaintiffs thirty days to file a motion regarding their stated desire to file an appeal. No substitution of counsel has been filed, and Plaintiffs have filed no document concerning Attorney Abbott.

The court is at a loss to explain why Attorney Abbott filed the November 28, 2011 application.  It is possible Attorney Abbott is filing documents in this court without Plaintiffs permission.  It is also possible that Attorney Abbott has again been hired to represent Plaintiffs, and Attorney Abbott has inadvertently failed to file a motion to substitute into this action as Plaintiffs' attorney of record.   Regardless, the Local Rules clearly state that no attorney may participate in any action unless the attorney has appeared as an attorney of record.  See Local Rule 182(a)(1).  The Local Rules mandate that, at this stage of litigation, an appearance as an attorney of record is made by filing and serving a substitution of attorneys.  See Local Rule 182(a)(2).  Finally, the Local Rules provide specific guidance on how to file a substitution of attorney. See Local Rule 182(g).   The Local Rules have not been followed.

## ORDER

Because the court's October 31, 2011 order clearly stated that "Attorney Abbott is no longer Plaintiffs' attorney in this action and Plaintiffs are currently proceeding pro se", the court finds Attorney Abbott's November 28, 2011 application is improper.  Accordingly, the November 28, 2011 application is hereby STRICKEN from the record.

IT IS SO ORDERED.

Dated:     December 2, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE