# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., )<br>  )<br>           Plaintiffs, )<br>     v.                    )<br>  )<br>HENRY W. WILLMS, et al., )<br>  )<br>           Defendants. )<br>_____) | CASE NUMBER 1:02-6583 AWI SMS<br><br>ORDER TO SHOW CAUSE BY<br>FEBRUARY 29, 2012 WHY ACTION<br>SHOULD NOT BE DISMISSED |

## BACKGROUND

This action was filed on July 17, 2002, in the United States District Court for the District of Colorado. Pursuant to Defendants' motion, on December 11, 2002, the District Court of Colorado transferred the action to this court. On June 11, 2003, Plaintiffs filed a second amended complaint.

On November 21, 2005, the parties filed their joint Pretrial Statement. On November 28, 2005, the court held a Pretrial Conference, which was continued to February 6, 2006. On March 8, 2006, the parties and the court entered a stipulation to set trial in this matter for November 28, 2006 and set the Pretrial Conference for October 11, 2006, which was later continued to October 27, 2006.

The court held the Pretrial Conference on October 27, 2006. At the pretrial conference, the parties indicated they would be ready for trial on November 28, 2006. The court issued its Pretrial Order on November 2, 2006. The Pretrial Order set the trial for December 5, 2006 and the motions in limine hearing for November 21, 2006, which was later reset to November 28,

1  2006.

2      The parties then filed motions in limine.  On November 28, 2006, the court held a hearing
3  on the motions in limine.  At the hearing, Plaintiffs raised the issue of their need to still depose
4  Suzzane Conry but stated Defendants were unwilling to honor a prior stipulation concerning Ms
5  Conry's deposition.  On November 29, 2006, Plaintiffs filed a motion to compel the deposition
6  of Ms. Conry and to compel the enforcement of the previous agreement.

7      On November 29, 2006, Judge Snyder held an informal telephonic conference concerning
8  the issue of the stipulation and Ms. Conry's deposition.  No informal agreement was reached
9  regarding this discovery issue.  Judge Snyder held another informal telephonic conference on
10 December 4, 2006.  Again, an agreement was not reached.  Judge Snyder found she could not
11 rule on the discovery motion without impacting the trial, which was set to start the next day.  The
12 partes were then referred to Judge Ishii.  On December 4, 2006, Judge Ishii held a telephonic
13 hearing with the parties.  After allowing the parties to briefly state the discovery dispute, Judge
14 Ishii denied any request to continue the trial to resolve the discovery matter concerning Ms.
15 Conry.

16     A little before 4:00 p.m. on December 4, 2006, the parties' attorneys contacted Judge Ishii
17 and stated they had reached a stipulation to continue the trial.  The parties and the parties'
18 attorneys informed Judge Ishii that they had negotiated a stipulation that would continue the trial
19 in exchange for Plaintiffs eliminating certain parties and certain claims from this action.  The
20 parties stated the purpose of this agreement was to allow Plaintiffs time to file a motion regarding
21 the stipulations and agreements on Ms. Conry's deposition.  Judge Ishii then vacated the trial
22 date and ordered that the stipulation be memorialized in written document signed by the
23 respective counsel and the parties.

24     After no stipulation was filed, on December 11, 2007, Defendants filed a motion to
25 enforce the December 4, 2006 stipulation and for an award sanctions.   Plaintiffs opposed this
26 motion. On March 6, 2007, Judge Ishii granted Defendants' motion to enforce the December 4,
27
28     2

2006 oral stipulation.   On October 4, 2007, Judge Ishii denied Plaintiffs' numerous motions for reconsideration of this order.

On September 27, 2007, Plaintiffs filed a motion to compel the attendance of Ms. Conray at a deposition.   On November 19, 2007, Plaintiffs filed a motion to compel compliance with court orders, a request for an evidentiary hearing, and a motion for sanctions against Defendants and their counsel.   On April 30, 2008, Plaintiff filed a renewed motion to compel compliance with the agreement concerning Ms. Conry and other discovery agreements.   All parties provided the court with numerous oppositions, exhibits, requests for judicial notice, and reply briefs concerning whether the court should compel Ms. Conry to be deposed.   On June 6, 2008, Judge Snyder issued a minute order clarifying that the only issue before the court was whether Plaintiffs should be permitted to take the deposition of Ms. Conry.   On June 6, 2008, Judge Snyder issued a minute order allowing Plaintiffs to reopen discovery for the limited purpose of taking the deposition of Ms. Conry.   Magistrate Judge Snyder then informed the parties that the deposition must be appropriately noticed and held at the Courthouse for the Federal District and Division within which Ms. Conry resides pursuant to Rule 45(a)(2) of the Federal Rules of Civil Procedure.

This entire action was then informally stayed as the parties litigated a state court action concerning whether Defendants and/or Defendants' attorney had breached the agreement concerning Ms. Conry.   On February 8, 2011, Defendants filed a status report in which they notified the court that the state court action had been resolved by both the trial court and California Court of Appeal.

On March 28, 2011, the court denied any outstanding motions for the court to enforce the Conry agreement.   The March 28, 2011 order further found that all outstanding motions and been resolved and all discovery deadlines and dispositive motion deadlines had long passed. The court determined that there was nothing left to do in this action but for the court to set it for trial.   The court ordered the parties to file an Amended Pretrial Statement by July 29, 2011, set

1  the Pretrial Conference for August 12, 2011, and set trial in this action for September 20, 2011.

2       On July 29, 2011, Defendants file their Pretrial Statement.  Plaintiffs did not file a

3  Pretrial Statement, ask for additional time in which to file a Pretrial Statement, or contact the

4  court in any way.

5       On August 11, 2011, the court found that Plaintiffs' failure to "file a pre-trial

6  statement renders the pre-trial procedures incomplete and the pre-trial conference impractical."

7  The court then stated:

8      In light of the prolonged pendency of this case, the lack of activity from Plaintiffs, the Plaintiffs failure to file a pre-trial statement, the representations
9      made by Defendants in their timely filed pre-trial statement, and the failure to respond to Defendants' pre-trial statement, the Court has concerns regarding
10     Plaintiffs' prosecution of this case. The Court will vacate the currently set pre-trial and trial dates, and order Plaintiffs to show cause in writing why they failed
11     to obey the March 28, 2011 Court order, and why this case should not be dismissed for failure to prosecute and/or for failure to follow Court orders.

12

13 The court then ordered Plaintiff to show cause in writing why this action would not be dismissed

14 for Plaintiffs' failure to file a pre-trial statement.

15      On August 11, 2011, Attorney Michael L. Abbott ("Attorney Abbott"), on behalf of

16 Plaintiffs, filed an application requesting that the court find certain prior orders final for the

17 purposes of appeal.

18      After requesting an extension of time, on September 30, 2011, Plaintiffs filed a response

19 to the court's order to show cause.  Plaintiffs stated that issues with their attorneys had caused

20 them to not file a timely pre-trial statement.  Plaintiffs also requested to be allowed to appeal the

21 court's March 28, 2011 order.  As to Attorney Abbott, Plaintiffs stated, in part, the following:

22

23     3.    Plaintiffs respectfully request that the Court enter an Order:  a) directing Mr. Abbott to prepare a "Substitution of Counsel" for Plaintiffs to execute and further direct his Office to e-file same on PACER e-filing system; b) the Order
24     should clarify that Mr. Abbott is no longer counsel of record for Plaintiffs in the instant case; and c) that any new counsel for Plaintiffs will be treated fairly as any
25     officer of the court.
    4.    The purpose of this Order is to satisfy Plaintiffs new perspective counsel
26     who will first review the status of the case on PACER regarding any potential threats of sanctions and other problems regarding Mr. Abbott as Plaintiffs' former

27

28                                      4

counsel.
5.     Plaintiffs have been unsuccessful to date to hire new counsel to substitute in as replacement counsel for Mr. Abbott. . . .

October 28, 2011, the court discharged the order to show cause. On the issue of Attorney Abbott's representation and the next procedural step to be taken in this action, the court ruled as follows:

> Finally, Plaintiffs request that the court enter an order requiring Attorney Abbott to withdraw from this action. The court has reviewed the docket and agrees with Plaintiffs that whether Attorney Abbott is Plaintiffs' counsel of record is unclear. The court's proof of service and list of attorneys representing Plaintiffs indicate Attorney Abbott is no longer Plaintiffs' attorney and Plaintiffs are appearing pro se. The court will issue an order confirming this.
> ORDER
> Accordingly, the court ORDERS that:
> 1.     The court's August 11, 2011 order to show case is DISCHARGED;
> 2.     Plaintiffs' request for permission to appeal the March 28, 2011 discovery order pursuant to Rule 54(b) is DENIED without prejudice;
> 3.     Any further motion that seeks the court's permission to appeal SHALL be filed within thirty days of this order's date of service; and
> 4.     Attorney Abbott is no longer Plaintiffs' attorney in this action and Plaintiffs are currently proceeding pro se.

On November 28, 2011, Attorney Abbott, listing in the top right-hand corner of the document that he is "Attorney for Plaintiffs", filed an application for the court to find a prior order final pursuant to Rule 54(b).

On December 5, 2011, the court struck Attorney Abbott's November 28, 2011 filing because the court had previously found, at Plaintiffs' request, that Attorney Abbott is no longer represents Plaintiffs and Plaintiffs are proceeding in pro se.

Plaintiffs did not file a motion that seeks the court's permission to appeal within thirty days of the court's October 31, 2011 order. Since the court's October 31, 2011 order, Plaintiffs have never filed a motion seeking the court's permission to appeal.    Since December 4, 2011, Plaintiffs have not filed any pleading with this court.

5

**DISCUSSION**

Given the long delays in this action and Plaintiffs' failure to have any contact with the court since September 30, 2011, the court has no choice but to consider sanctions for Plaintiffs' failure to prosecute. A court may sanction or even dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

At this time, it appears that all the factors tip in favor of sanctions, including dismissal of this action. However, the court's last order did not specifically warn that the failure to file any motion or document in this action would result in dismissal. As such, the court will only order Plaintiffs to show cause why sanctions should not be imposed and this action dismissed at this time.

**ORDER**

Accordingly, the court ORDERS PLAINTIFFS TO SHOW CAUSE IN WRITING BY **FEBRUARY 29, 2012** WHY THIS ACTION SHOULD NOT BE DISMISSED BASED ON PLAINTIFFS' FAILURE TO TIMELY PROSECUTE THIS ACTION. Plaintiffs are FOREWARNED that failure to file a response to this order and/or failure to show sufficient cause as to why this action should not be dismissed, will result in the dismissal of this action. IT IS SO ORDERED.

Dated:   February 16, 2012

CHIEF UNITED STATES DISTRICT JUDGE