IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>HENRY W. WILLMS, et al.,<br><br>            Defendants. | CASE NO.  1:02-CV-6583 AWI SMS<br><br>**ORDER DENYING MOTIONS FOR THE COURT TO RULE ON PENDING REQUESTS**<br><br>**ORDER DENYING MOTION FOR DIRECT ORDER TO APPEAL DOCUMENT #559**<br><br>**ORDER SETTING THIS ACTION FOR TRIAL ON NOVEMBER 5, 2013**<br><br>(Documents #781, #782, & #783) |

**BACKGROUND**

This action was filed on July 17, 2002, in the United States District Court for the District of Colorado, but it was transferred to this court.  The Court is proceeding with Plaintiffs' second amended complaint filed on June 11, 2003.

The Court's November 2, 2006 Pretrial Order set the trial in this action for December 5, 2006 and the motions in limine hearing set for November 21, 2006, which was later reset to November 28, 2006.  The parties then filed motions in limine. On November 28, 2006, at the motions in limine hearing Plaintiffs raised the issue of their need to still depose Suzzane Conry. On November 29, 2006, Plaintiffs filed a motion to compel the deposition of Ms. Conry and to compel the enforcement of a previous agreement with Defendants concerning Ms Conry's deposition.   After informal discovery interventions by Magistrate Judge Sandra M. Snyder were

1  unsuccessful, on December 4, 2006, the Court held a telephonic hearing with the parties and
2  denied any request to continue the trial to resolve the discovery matter concerning Ms. Conry.
3         A little before 4:00 p.m. on December 4, 2006, the parties' attorneys contacted the Court
4  and stated that they had reached a stipulation to continue the trial.  The parties and the parties'
5  attorneys informed the Court that they had negotiated a stipulation that would continue the trial
6  in exchange for Plaintiffs eliminating certain parties and certain claims from this action.  The
7  parties stated the purpose of this agreement was to allow Plaintiffs time to file a motion regarding
8  any agreement on Ms. Conry's deposition.  The Court then vacated the trial date and ordered that
9  the stipulation be memorialized in a written document, signed by counsel and the parties.
10        When the parties did not file the stipulated dismissal and order agreeing to allow further
11 discovery motions, on December 11, 2006, Defendants filed a motion to enforce the stipulation
12 and award sanctions.  On March 6, 2007, the Court granted Defendants' motion to enforce the
13 December 4, 2006 oral stipulation.  (Doc. # 559).  As part of this order, the Court granted
14 judgment in favor of several Defendants and entered judgment in favor of the remaining
15 Defendants on the fifth and sixth claims for relief.  The Court also awarded sanctions.  On
16 October 4, 2007, the Court denied Plaintiffs' motions for reconsideration of the March 6, 2007
17 order.  (Doc. #672).
18        On September 27, 2007, November 19, 2007, and April 30, 2008, Plaintiff filed
19 numerous discovery motions concerning Ms. Conry's deposition and other discovery agreements.
20 On June 6, 2008, Magistrate Judge Snyder issued a minute order clarifying that the only issue
21 before the Court was whether Plaintiffs should be permitted to take the deposition of Ms. Conry.
22 On June 6, 2008, Judge Snyder issued a minute order allowing Plaintiffs to reopen discovery for
23 the limited purpose of taking Ms. Conry's deposition.   Judge Snyder then informed the parties
24 that the deposition must be appropriately noticed and held at the Courthouse for the Federal
25 District and Division within which Ms. Conry resided pursuant to Rule 45(a)(2) of the Federal
26 Rules of Civil Procedure.  The deposition of Ms. Conry was never taken pursuant to Rule 45.

This entire action was then informally stayed as the parties litigated a related state court action. On February 8, 2011, Defendants filed a status report in which they notified the Court that the state court action had been concluded.

On March 28, 2011, the Court denied any outstanding motions for the Court to enforce any discovery agreement concerning Ms. Conry's deposition. The Court then set this action for trial. The Court ordered the parties to file an Amended Pretrial Statement by July 29, 2011, set the Pretrial Conference for August 12, 2011, and set trial in this action for September 20, 2011

On July 29, 2011, Defendants file their Pretrial Statement. Plaintiffs did not file a Pretrial Statement, ask for additional time in which to file a Pretrial Statement, or contact the Court in any way. On August 11, 2011, the Court found that Plaintiffs' failure to "file a pre-trial statement rendered the pre-trial procedures incomplete and the pre-trial conference impractical." The Court then ordered Plaintiff to show cause in writing why this action should not be dismissed for Plaintiffs' failure to file a pre-trial statement.

On August 11, 2011, Attorney Michael L. Abbott ("Attorney Abbott"), on behalf of Plaintiffs, filed an application requesting that the Court find certain prior orders final for the purposes of appeal.

After requesting an extension of time, on September 30, 2011, Plaintiffs filed a response to the Court's August 11, 2011 order to show cause. Plaintiffs stated that issues with their attorneys had caused them to not file a timely Pretrial Statement. Plaintiffs also requested to be allowed to appeal the Court's March 28, 2011 order (Document #559). As to Attorney Abbott, Plaintiffs requested that the Court enter an Order for Attorney Abbott to prepare a "Substitution of Counsel" for Plaintiffs to execute, the Court issue an Order clarifying that Attorney Abbott was no longer Plaintiffs' counsel of record in the instant case, and the Court advise any new counsel Plaintiffs may retain that they will be treated fairly.

On October 28, 2011, the Court discharged the order to show cause and gave Plaintiffs the exact order they had requested concerning the issue of Attorney Abbott's representation.

3

The Court ruled as follows:

> Finally, Plaintiffs request that the court enter an order requiring Attorney Abbott to withdraw from this action. The court has reviewed the docket and agrees with Plaintiffs that whether Attorney Abbott is Plaintiffs' counsel of record is unclear. The court's proof of service and list of attorneys representing Plaintiffs indicate Attorney Abbott is no longer Plaintiffs' attorney and Plaintiffs are appearing pro se. The court will issue an order confirming this.
>
> ORDER
>
> Accordingly, the court ORDERS that:
> 1. The court's August 11, 2011 order to show case is DISCHARGED;
> 2. Plaintiffs' request for permission to appeal the March 28, 2011 discovery order pursuant to Rule 54(b) is DENIED without prejudice;
> 3. Any further motion that seeks the court's permission to appeal SHALL be filed within thirty days of this order's date of service; and
> 4. Attorney Abbott is no longer Plaintiffs' attorney in this action and Plaintiffs are currently proceeding pro se.

On November 28, 2011, Attorney Abbott, listing in the top right-hand corner of the document that he is "Attorney for Plaintiffs", filed an application for the Court to find a prior order final pursuant to Rule 54(b). On December 5, 2011, the Court struck Attorney Abbott's November 28, 2011 filing because the Court had previously found, at Plaintiffs' request, that Attorney Abbott no longer represented Plaintiffs and Plaintiffs are proceeding in Pro Se.

Plaintiffs never filed an application to substitute attorneys for Court records, and Plaintiffs continue to represent themselves in Pro Se.  Plaintiffs in Pro Se also did not file a motion that sought the Court's permission to appeal within thirty days of the Court's October 31, 2011 order.  On February 16, 2012, the Court issued an order for Plaintiffs to show cause why this action should not dismissed for their failure to timely prosecute.

On February 29, 2012, Plaintiffs filed a response.  Plaintiffs' position was that since Attorney Abbott had filed a motion on Plaintiffs behalf, the Court should have "*known*" Attorney Abbott was again Plaintiffs' attorney of record.  Plaintiffs stated that neither "Plaintiffs nor Attorney Abott were aware of any local rule of federal code that prohibited Attorney Abbott from representing Plaintiffs and re-entering his appearance in this case by, at minimum, signing and e-

4

filing Plaintiffs' 54(b) application at docket number 776 . . . ."   On July 5, 2012, the Court issued a Minute Order that stated any formal substitution of counsel from Plaintiffs, currently in Pro Se, must be filed with the Court within 10 days.   No motion or request for substitution of counsel was filed.

## DISCUSSION

At this time, three motions are pending before the Court.   In addition, given the long delays in this action, the Court finds that, despite the Court's overwhelming case load, this case must proceed to trial.[1]   At this time, the court finds Plaintiffs' pending motions should be denied and the Court must set a trial date.

**A. Plaintiff's June 19, 2012 Response to the Court's June 5, 2012 Minute Order and Request to Accept Plaintiffs' Motion to Appeal**

On June 19, 2012, Plaintiffs, in Pro Se, filed a document entitled:

> PLAINTIFFS' RESPONSE TO MINUTE ORDER ENTERED ON JUNE 5, 2012 AT DOC 780; AND REQUEST FOR COURT RULING ON PLAINTIFFS' JOINT RESPONSE AT DOC 779 RE: DISCHARGE OF ORDER TO SHOW CAUSE ENTERED ON FEBRUARY 16, 2012 INCLUDING FINDINGS OF FACTS AND; REQUEST TO ACCEPT PLAINTIFFS REQUEST PURSUANT TO F.R.C.P. RULE 54(B) REGARDING CERTIFICATION OF FINAL ORDER AND JUDGMENT AT DOC 559.

(Doc. #781).   It appears this motion requests that the Court address the court's February 16, 2012 order to show cause (Doc. #778) and grant any pending motion for certification of the Court's March 6, 2007 order granting Defendants' motion to enforce the December 4, 2006 oral

---

[1] Out of fairness, the Court believes it is necessary to forewarn litigants that the Fresno Division of the Eastern District of California now has the heaviest District Judge caseload in the entire nation.   While the Court will use its best efforts to resolve this case and all other civil cases in a timely manner, the parties are admonished that not all of the parties' needs and expectations may be met as expeditiously as desired.   As multiple trials are now being set to begin upon the same date, parties may find their case trailing with little notice before the trial begins.   The law requires the Court give any criminal case priority over civil trials and other matters, and the Court must proceed with criminal trials even if a civil trial is older or was set earlier.
   The parties are reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action.  See 28 U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.

stipulation (Doc. #559).

Apparently, despite this Court's citation of the Local Rules and the Court's directions in the Court's October 31, 2011 Order Discharging the Court's Order to Show Cause (Doc. #775), the Court's December 5, 2011 Order Striking the November 28, 2011 Application by Attorney Abbott (#777), and the Court's June 5, 2012 Minute Order informing Plaintiffs that any formal substitution of counsel needed to be filed pursuant to the Local Rules, Plaintiffs have still blatantly violated the Local Rules and this Court's orders. Instead of merely filing an application to allow the Attorney Abbott to be Plaintiffs' attorney of record, Plaintiffs continue to inform the Court that it should have "*realized*" Plaintiffs desired Attorney Abbott to represent them despite their pleas in the September 30, 2011 motion (Doc. #774) for the Court to enter a formal order finding Attorney Abbott no longer represented Plaintiffs.  Thus, Plaintiffs will continue in Pro Se in this action until a properly filed notice of substitution of counsel is filed.

To the extent Plaintiffs desire a formal order discharging any outstanding orders to show cause, Plaintiffs request will be granted.  To the extent Plaintiffs ask that the Court accept their motion pursuant to Rule 54(b) to enter certification of a final order of judgment of Document #559, this motion is denied.  The November 29, 2011 application requesting the Court direct entry of a prior order as final judgment pursuant to Rule 54(b) has been stricken because it was filed by an attorney, who at Plaintiffs' own specific request, was no longer representing Plaintiffs.  The Court cannot grant a stricken motion.  To the extent Plaintiffs request their previously filed Pro Se motion concerning an appeal be granted, this motion was denied by the Court's October 31, 2011 Order (Doc. #775).

Thus, Plaintiff's June 19, 2012 request (Doc. #781) is DENIED.

**B. November 7, 2012 Motion Requesting an Order Finding Document #559 Final For the Purposes of Appeal**

On November 7, 2012, Plaintiffs filed a motion in Pro Se requesting that the Court enter an order finding Document Number #559 final for the purposes of appeal.  It appears Plaintiffs

are requesting a final judgment on the Court's March 6, 2007 order granting Defendants' motion to enforce the stipulation and entering judgment in favor of certain Defendants and against all Defendants on the fifth and sixth claims.

It is difficult for the Court to determine if it has jurisdiction to even considering this motion.  Considering Attorney Abbott filed a similar motion and Plaintiffs continue to insist, in some documents, that Attorney Abbott is representing them and they are not in Pro Se, the court is unsure if Plaintiffs even desire a ruling on this motion.   However, at this time, the Court has found Plaintiffs are proceeding in Pro Se and Attorney Abbott is not representing them.  As such, the Court will consider Plaintiffs' November 7, 2012 motion.

This motion must be denied.  Preliminarily, the court notes that its October 31, 2011 order (Doc. #775) ordered Plaintiffs to file any motion seeking the Court's permission to appeal within thirty days.   While Attorney Abbott did file a motion within thirty days, the Court had no choice but to strike this motion because the Court had found, at Plaintiffs' request, that Attorney Abbott no longer represented Plaintiffs.   Plaintiffs waited a year, until November 7, 2012, before they, in Pro Se, filed a motion concerning appeal.   Plaintiffs' motion violates the Courts orders and is untimely by eleven months.   Thus, this motion can be denied on this ground alone.

Regardless, Plaintiffs do not meet the standard for the Court to enter judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.   Normally, a final judgment is not entered in an action until all claims have been resolved. However, Rule 54(b) allows for the entry of final judgment with respect to less than all parties or claims in an action if the Court makes "an express determination that there is no just reason for delay" and expressly directs "entry of judgment."  Fed.R.Civ.P.  54(b).   Rule 54(b) provides:

> b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be

7

    revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1, 7 (1980). Here, final judgments have been issued as to:

    a.    Victor McCluen and Lend-Teck Financial Inc. on the remaining claims in the second amended complaint

    b.    Dolly Willms individually on the remaining claims in the second amended complaint

    c.    The fifth and sixth claims for relief in the second amended complaint.

As the court's March 6, 2007 order (Doc. #559) resolved all claims against Victor McCluen, Lend-Teck Financial Inc., Dolly Williams individually, and the fifth and sixth claims for relief against all Defendants, the court's order may be considered a final judgment.

The issue is whether there is "no just reason for any delay" in entering judgment and allowing an appeal of this order. A Rule 54(b) certification is proper if it will aid "expeditious decision" of the case, but the court must remember the policy of preventing piecemeal appeals in cases that should be reviewed on appeal as a single unit. <u>Texaco, Inc. v. Ponsoldt</u>, 939 F.2d 794, 797-98 (9th Cir. 1991); <u>McIntyre v. United States</u>, 789 F.2d 1408, 1410 (9th Cir.1986). The Ninth Circuit has stated that the appropriate focus for a court's Rule 54(b) decision is a "pragmatic approach" with focus "on severability and efficient judicial administration." <u>S.E.C. v. Platforms Wireless Intern. Corp.</u>, 617 F.3d 1072, 1084 (9th Cir. 2010); <u>Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.</u>, 819 F.2d 1519, 1525 (9th Cir.1987). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." <u>Morrison-Knudsen</u>

Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

Delay in an action is a factor this Court may consider in determining whether there is "no just reason to delay" when ruling on a Rule 54(b) motion. See Lowery v. Federal Exp. Corp., 426 F.3d 817, 821-22 (6th Cir. 2005); Wood v. GCC Bend, LLC, 422 F.3d 873, 882-83 (9th Cir. 2005). As explained by the Ninth Circuit:

> Duplication of proceedings and overall delay in final disposition of the action implicate sound judicial administration. The first of the Federal Rules of Civil Procedure mandates construing the rest of the rules 'to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. The reality is that if this case had gone to trial in the ordinary course, it would long since have been over and done with.

Wood, 422 at 882-83.  The Court recognizes that the Court's own overwhelming docket has caused delays in this action.   However, Plaintiffs' chosen tactics and conduct have caused most of the delay.  The court recognizes that some of Plaintiffs' delay can be attributed to Plaintiffs' changes in attorneys, Plaintiffs representing themselves in Pro Se, and Plaintiffs' general need to learn basic court procedures.   However, this case has been pending since 2002.  The order Plaintiffs wish to appeal was filed on March 6, 2007 – *six years ago*.   Even given this Court's extraordinarily large docket, the informal stay, and Plaintiffs' difficulties in litigating this matter, this is an incredibly long period of time.    There is simply no just reason to delay this case even further with an appeal.   In fact, there is every reason *not* to delay any longer.

The Court also finds little likelihood that Plaintiffs' potential appeal will be successful and result in some Defendants and/or claims being added back into this action.   Judgement was entered as a result of a stipulation, not because of a legal finding on which reasonable jurists could disagree.  This Court had no choice but to enter an order granting judgment on these claims based on Plaintiffs' sanctioned failure to acknowledge their own binding agreement.  The only potential issue regarding these claims on appeal is if this Court somehow erred by enforcing Plaintiffs' own agreement.   The Court finds that any factual dispute surrounding the Court's enforcement of the agreement cannot be appealed in good faith.

The court cannot find that this case represents the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims. See Frank Briscoe Co., Inc. v. Morrison–Knudsen Co., Inc., 776 F.2d 1414, 1416 (9th Cir. 1985). Thus, Plaintiffs' November 7, 2012 motion requesting Document #559 be made final for the purposes of appeal must be denied.

**C. Request for the Court to Discharge Order to Show Cause**

On November 7, 2012, Plaintiffs filed a joint status report and a request for the court to discharge the order to show cause entered on February 16, 2012 (Doc. #783). As discussed above, the court will discharge any outstanding order to show cause. The rest of Plaintiffs' November 7, 2012 document refers to Plaintiffs' requests for a final judgment on Document 559. Any such request is discussed above, and it has been denied. Thus, to the extent the November 7, 2012 request constitutes a pending motion, it can be denied as moot in light of the court's other orders.

**D. Trial Date and Further Proceedings**

This matter has been pending since 2002. All outstanding motions have been resolved and all discovery deadlines and dispositive motion deadlines have long passed. There is nothing left to do but for the court to set this matter for trial. The court will set this action for trial on November 5, 2013.

**ORDER**

Accordingly, the court ORDERS that:

1. Any outstanding order for Plaintiffs to show cause is DISCHARGED.

2. Plaintiffs' June 19, 2012 request (Doc. #781) is DENIED.

3. Plaintiffs' November 7, 2012 motion requesting Document #559 be made final for the purposes of appeal (Doc. #782) is DENIED.

4. Plaintiff's November 7, 20012 request (Doc. #783) is DENIED as moot.

5. The court sets the following pretrial and trial dates:

    a. Amended Pretrial Statement Due: September 6, 2013

    b. Pretrial Conference: September 20, 2013 at 8:30 a.m.

    c. Trial: November 5, 2013 at 8:30 a.m.

6. The parties are reminded that failure to comply with this order may result in sanctions, including dismissal of this action.

IT IS SO ORDERED.

Dated:  March 20, 2013

SENIOR DISTRICT JUDGE