UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., | CASE NO. 1:02-CV-6583 AWI SMS |
| Plaintiffs | ORDER RE: MOTION TO WITHDRAW AS COUNSEL; SEALING DOCUMENTS; SETTING A NEW TRIAL SCHEDULE |
| v. | |
| HENRY W. WILMMS, et al., | |
| Defendants | (Docs. 811, 813, and 816) |

Plaintiffs' counsel, Michael Abbott made a motion to withdraw from representation in this case. Doc. 813. Defendants do not oppose the motion. Doc. 814. Plaintiffs filed a conditional notice of non-opposition. Doc. 816. A hearing on the matter was held on Monday, May 11, 2015; in attendance were Plaintiffs, Abbott, Defendants, and Defendants' counsel. The first matter that was clarified is that Terry and Sharon Hamilton are the only remaining plaintiffs in this case. Three entities (Estates in Eagle Ridge LLP, Enviro-Safe Inc., and James C. Bateman Petroleum Services Inc.) are former plaintiffs in this case; their claims were dismissed with prejudice on August 2, 2007. Doc. 664.

The Local Rules of the Eastern District of California states:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

1  Local Rule 182(d).  Though Abbott did not provide an affidavit that fit these requirements,
2  Plaintiffs' and Defendants' attendance at the hearing demonstrated that they had full notice of the
3  motion.
4     The rules of the California State Bar state that permissive withdrawal of representation is
5  appropriate when "The client...by other conduct renders it unreasonably difficult for the member
6  to carry out the employment effectively." California Rules of Professional Conduct, 3-
7  700(C)(1)(d).  Based on the representations at the hearing, there is an irreconcilable breakdown in
8  the attorney-client relationship.  Observing the tone and demeanor of their exchanges, it is evident
9  that Plaintiffs and Abbott have no ability to work together and no longer trust each other.  Without
10 making any judgment or speculation as to what side may be at fault, the court must conclude that
11 Abbott's continued representation of Plaintiffs would be actively detrimental to the resolution of
12 this case.  Abbott's motion to withdraw from representation of Plaintiffs is GRANTED.
13    Any dispute between Plaintiffs and Abbott are not part of this case.  To help ensure that
14 those issues are kept separate, Plaintiffs' and Abbott's filings in relation to the motion to withdraw
15 (Docs. 811, 813, and 816) are ordered SEALED.
16    Jury trial in this case is set for Tuesday, November 3, 2015, at 8:30 AM.  The pretrial
17 conference is set for Tuesday, September 8, 2015, at 1:30PM.  The trial confirmation and motions
18 in limine hearing is set for Tuesday, October 13, 2015, at 1:30 PM.

IT IS SO ORDERED.

Dated:   May 11, 2015                        _____
                                              SENIOR DISTRICT JUDGE