UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al., | CASE NO. 1:02-CV-6583 AWI SMS |
| Plaintiffs | ORDER RE: MOTION TO WITHDRAW REFERENCE |
| v. | |
| HENRY W. WILLMS, et al., | |
| Defendants | (Doc. 890) |

Trial in this case is scheduled to begin April 12, 2016. There are pending motions in limine. On March 16, 2016, Plaintiff Sharon Hamilton filed for bankruptcy. On March 21, 2016, she filed a notice of removal, shifting this present suit into the Bankruptcy Court as an adversary proceeding. Defendants file a motion to withdraw reference with the Bankruptcy Court. Once that motion was transmitted to the District Court, an order was issued providing for a shortened briefing schedule; counsel for Plaintiffs was contacted telephonically to inform him of that change. No response to the motion was received from Plaintiffs' counsel. Instead Plaintiff Sharon Hamilton attempted to file an opposition on April 5, 2016, claiming to be pro se. Sharon Hamilton is currently represented by counsel and is not pro se. In fact, she had stipulated to a substitution of attorney on March 25, 2016 to reflect the fact that her counsel had changed law firms. Doc. 886. Her attempted filing was returned to her, unfiled, as "a represented party may speak only through his attorney." Reiffin v. Microsoft Corp., 2011 U.S. Dist. LEXIS 62164, *8 (N.D. Cal. June 10, 2011).

Defendants seek permissive withdrawal of reference. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on

timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997).

There is no doubt that returning the case to the District Court would be the most efficient use of judicial resources.  This case has been litigated for over ten years and trial is scheduled to begin within the week.  Starting over in Bankruptcy Court or even asking the Bankruptcy Judge to get up to speed on the case would cause delay and constitute a waste of resources.  For the parties as well, withdrawal of reference is the most expeditious and cost effective way to reach a final resolution in this case.

Regarding the uniformity of bankruptcy administration, the nature of the suit matters. Orion Pictures Corp. v. Showtime Networks, 4 F.3d 1095, 1101 (2nd Cir. 1993) (courts "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn").  "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997), citing In re Castlerock Properties, 781 F.2d 159, 162 (9th Cir. 1986).  The remaining claims in this case are based in California state law and are completely independent of bankruptcy law; they are non-core. Uniformity can be disrupted in a few ways.  "[W]hen a district court interferes sporadically with the bankruptcy judge's adjudication of core issues, it undermines the goal of uniformity in the bankruptcy administration." Sweet v. Liberty Ins. Corp., 2015 U.S. Dist. LEXIS 173641, *5-6 (E.D. Mich. Dec. 31, 2015).  Uniformity can also be endangered within one case where "core and non-core claims rely on the same issues of fact" and claims are split in a way that allows for conflicting factual findings. See SNMP Research Int'l, Inc. v. Nortel Networks, Inc., 539 B.R. 704, 711-12 (D. Del. 2015).  Those concerns are not implicated in this case.

Given the timing of the removal to Bankruptcy Court (within three weeks of the scheduled trial date), there is the possibility that the adversary proceeding was filed in order to forum shop or

to delay the trial.  Any such attempt must be discouraged.  All of these factors weigh in favor of withdrawing reference and returning the case to District Court.

The motion to withdraw reference is GRANTED.  A hearing is set at 10:00 AM on Friday, April 8, 2016 for consideration of the outstanding motions in limine and any other remaining pretrial matters.  The trial remains scheduled to begin on April 12, 2016.

IT IS SO ORDERED.

Dated:   April 5, 2016

SENIOR  DISTRICT  JUDGE