**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY D. HAMILTON, et al.,** | **CASE NO. 1:02-CV-6583 AWI SMS** |
| Plaintiffs | **ORDER RE: MOTIONS IN LIMINE** |
| v. | |
| **HENRY W. WILMMS, et al.,** | **(Docs. 846, 847, 848, 849, 850, 851, and 852)** |
| Defendants | |

**I. Background**

Defendants loaned Plaintiffs money. Plaintiffs gave Defendants deeds of trust on several pieces of property, namely Plaintiffs' residence 835 N. Hart Road, Modesto, CA ("Hart Road Property"); 1217 S. 7th Street, Modesto, CA; and 431-517 W. Hatch Road, Modesto, CA (collectively "Group Three Properties") as well as commercial property located at 1201 South 7th Street in Modesto, CA ("Group Four Property"). Plaintiffs fell behind on payments. On May 24, 2001, Defendants published a Notice of Trustee's Sale for the Group Three Properties. On June 25, 2001, Plaintiffs allege that Defendants agreed to postpone the sale of the Group Three Properties for one week in exchange for (1) payment of $2,000 by Terry Hamilton, (2) a promise by Terry Hamilton not to file bankruptcy, and (3) a promise by Terry Hamilton not to transfer the Group Three Properties to any third party ("Forbearance Agreement"). Plaintiffs allege that Defendants broke the Forbearance Agreement and the Group Three Properties were auctioned off in a trustee's sale that same day. There are two remaining claims in this case: fraud and breach of contract regarding the Forbearance Agreement.

The parties had filed an earlier round of motions in limine ("MIL") in 2006. The court has

already ruled on those MILs and the rulings remain in effect. Docs. 487 and 493. The parties have now filed a second round of MILs. Defendants have filed six MILs. Plaintiffs have filed one, which covers the same subject matter as one of Defendants' MIL.

## II. Legal Standard

Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). Fed. Rule Evid. 403 states generally that, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). The parties must abide by the court's rulings but may ask for reconsideration as trial progresses. "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999), citing Luce v. United States, 469 U.S. 38, 41-42 (1984).

## III. Discussion

**A. Defendants' MIL 18 and Plaintiffs' MIL 1 - Res Judicata**

Defendants argue that title to the Hart Road Property was already determined in three state court proceedings in 2002 and that res judicata applies to prevent the relitigation of that issue. Doc. 846. Plaintiffs argue that the earlier proceedings do not give rise to preclusive effect. Doc. 869.

Defendants filed an unlawful detainer action against the Plaintiffs ("Hamilton UDA") on March 12, 2002 in the Superior Court of California County of Stanislaus. Plaintiffs filed suit

1  against Defendants to, in part, set aside the trustee sale of the Hart Road Property ("State Suit") on
2  March 15, 2002 also in the Superior Court of California County of Stanislaus.  In their answer to
3  the Hamilton UDA, Plaintiffs asserted that "Plaintiff [Defendant Hank Willms] has no standing
4  because he is not the owner of the premises as alleged" and "This action must be stayed as there is
5  pending another action in Stanislaus County Superior Court, Case No. 303202 between and among
6  the parties hereto, among others, concerning title and ownership of the premises." Doc. 846-3, Ex.
7  C, ¶¶ 3j and 5e.  On April 24, 2002, the parties stipulated to staying the Hamilton UDA pending
8  the results of the State Suit. Doc. 869-3, Ex. A.  On August 12, 2002, the parties dismissed the
9  State Suit without prejudice. Doc. 869-3, Ex. A.  The Hamilton UDA restarted and on November
10 25, 2002, the case went to trial.  Defendants prevailed and the court granted them "possession of
11 the premises" of the Hart Road Property. Doc. 846-3, Ex. D.  The Plaintiffs appealed the ruling.
12 Doc. 869-3, Ex. E.  Defendants moved to have the appeal dismissed, and the motion was granted.
13 Doc. 869-3, Exs. F and G.  The Hart Road Property, besides being the residence of Plaintiffs, also
14 hosted a mobile home in which Sharon Hamilton's parents, Lloyd and Ruby Mize, lived.  On
15 December 26, 2002, Defendants filed an unlawful detainer action against the Mizes ("Mize
16 UDA"). Doc. 869-3, Ex. H.  The Mizes filed an answer. Doc. 869-3, Ex. I.  On February 25, the
17 Mizes and Defendants reached a stipulated settlement in which the Mizes agreed to vacate the
18 premises. Doc. 869-3, Ex. J.
19       Defendants seek to use the judgments in the State Suit, the Hamilton UDA, and the Mize
20 UDA as res judicata as to the issue of title to the Hart Road Property.  These three cases were
21 litigated in California courts not federal courts.  "[A] federal court must give to a state-court
22 judgment the same preclusive effect as would be given that judgment under the law of the State in
23 which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Education, 465 U.S.
24 75, 81 (1984); Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007).
25       Regarding the State Suit, Defendants point out that the complaint filed by Plaintiffs in that
26 case "alleges nearly identical operative facts as the SAC in this action, and alleges identical claims
27 relating to the Hart Road Property." Doc. 869, 4:13-14.  However, the State Suit was dismissed
28 without prejudice based upon an agreement by the parties. Doc. 869-3, Ex. B.  Thus, the State Suit

does not give rise to any res judicata effect.

The Hamilton UDA resulted in a judgment in favor of Defendants. As an ordinary matter, unlawful detainer judgments do have preclusive effect regarding who has the right to possession of property. Ann v. Tindle, 321 Fed. Appx. 619, 619-20 (9th Cir. 2009) (in a case involving termination of lease and eviction, "Ann's claims concern the same primary rights decided in the unlawful detainer action: her rights to the apartment. Bringing civil rights and breach of contract claims involves pleading a different theory of recovery, but addresses the same injury"). However, the California Supreme Court stated that "a judgment in unlawful detainer usually has very limited res judicata effect and will not prevent one who is dispossessed from bringing a subsequent action to resolve questions of title or to adjudicate other legal and equitable claims between the parties." Vella v. Hudgins, 20 Cal. 3d 251, 255 (Cal. 1977). Thus, the default rule is that unlawful detainer only deals with the right to immediate possession and does not touch upon issues of title or other legal claims. However, there are two exceptions. First,

> A qualified exception to the rule that title cannot be tried in unlawful detainer is contained in Code of Civil Procedure section 1161a, which...provides for a narrow and sharply focused examination of title. To establish that he is a proper plaintiff, one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter 'duly perfected' his title. Thus, we have declared that 'to this limited extent, as provided by the statute,...title may be litigated in such a proceeding.'
>
> Applying the traditional rule that a judgment rendered by a court of competent jurisdiction is conclusive as to any issues necessarily determined in that action, the courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment. Where, however, the claim sought to be asserted in the second action encompasses activities not directly connected with the conduct of the sale, applicability of the res judicata doctrine, either as a complete bar to further proceedings or as a source of collateral estoppel, is much less clear....

Vella v. Hudgins, 20 Cal. 3d 251, 255-56 (Cal. 1977), citations omitted. The irregularities that are covered by this exception have to do with the process of foreclosure itself, like an allegation of lack of notice. See Malkoskie v. Option One Mortgage Corp., 188 Cal. App. 4th 968, 974 (Cal. App. 2nd Dist. 2010) ("raised two affirmative defenses contending the foreclosure proceedings contained irregularities and were invalid due to lack of notice"). Plaintiffs' claim is not based upon such assertions. Plaintiffs allege that Defendants agreed to delay the foreclosure but then did

not honor that agreement.  The facts of this case are similar to that in <u>Vella</u> in which the owner of the note told the borrower to pay off other loans first, promising not to foreclose, and then foreclosed anyway after falling out with the borrower.  These types of fraud claims do not arise from the foreclosure procedure.

> The second exception (which can apply to more than issues of title) is that
>
> 'full and fair' litigation of an affirmative defense -- even one not ordinarily cognizable in unlawful detainer, if it is raised without objection, and if a fair opportunity to litigate is provided -- will result in a judgment conclusive upon issues material to that defense. In a summary proceeding such circumstances are uncommon. <u>Wood</u>, however, appears to be an appropriate example. There, the parties apparently chose to waive speedy resolution of the issue of possession in favor of an extensive adjudication of their conflicting claims by a superior court invested with jurisdiction to deal with any issues the disputants agreed to try....
>
> The record herein fails to disclose that Vella had the fair adversary hearing contemplated by us in <u>Crow</u>. The municipal court, in Hudgins' unlawful detainer action, was empowered to examine the conduct of the trustee's sale (if its validity had been challenged), and properly could consider whatever equitable defenses Vella might have raised insofar as they pertained directly to the right of possession. The court had no jurisdiction, however, to adjudicate title to property worth considerably more than its $ 5,000 jurisdictional limit, nor could its judgment on the issue of possession foreclose relitigation of matters material to a determination of title except to the extent that the summary proceeding afforded Vella a full and fair opportunity to litigate such matters....
>
> The record offered in support of the plea of res judicata is virtually barren. Evidently the unlawful detainer proceedings were unrecorded or untranscribed, for no transcript of the municipal court hearing exists, and no findings of fact or conclusions of law were made, other than a notation in the trial judge's minute order to the effect that Vella had not proved her affirmative defenses of 'waiver and [equitable] estoppel and tender.' The sparse record presented to us fails to show either the precise nature of the factual issues litigated, or the depth of the court's inquiry. We decline to assume, given the summary character of this type of action, that the mere pleading of a defense without objection by the adverse party necessarily demonstrates adequate opportunity to litigate the defense. The fact that in the unlawful detainer action both parties submitted trial-length estimates of two hours, whereas trial of the second action consumed four days, while not controlling, does create a strong inference that the former proceeding was a conventional unlawful detainer action, unlike the elaborate and highly atypical proceeding considered in <u>Wood</u>.

<u>Vella v. Hudgins</u>, 20 Cal. 3d 251, 256-58 (Cal. 1977), citations omitted.  The exception only applies if the moving party can provide a record of full and fair litigation in the unlawful detainer action.  The Hamilton UDA suffers from the same lack of documentation that the <u>Vella</u> court found to be a bar to applying res judicata.  Plaintiffs raised issues of title as an affirmative defense in their answer.  The Stanislaus County Superior Court, Limited Civil Division issued a judgment

order that was summary in nature and did not touch on that affirmative defense. Doc. 846-3, Ex. D., at 52-53. There is no indication that a separate memorandum opinion was issued that explained the rationale for the judgment order. Further, the trial in the Hamilton UDA was completed within one day. Doc. 846-1, 3:1-3. Following Vella, other courts have required substantial evidence that an issue was actually litigated in an unlawful detainer proceeding before recognizing any preclusive effect:

> In the instant case, the record of the unlawful detainer proceedings regarding the litigation of Appellant Stein's discrimination defenses can be described as follows: (1) Appellant Stein's form answer with attachment raising as affirmative defenses the existence of discrimination in violation of the Constitution and laws of California, retaliation and religious discrimination; (2) a form judgment from the Superior Court in favor of Appellees against Appellant Stein with no findings of fact or conclusions of law regarding the issues or claims presented; and (3) Appellees counsel's declaration stating that '[t]he Unlawful Detainer trial lasted [a] [f]ew [h]ours' and that '[Appellant Stein] presented evidence that [he] had been unlawfully evicted due to...religious discrimination and...retaliation....' Such a record is insufficient to demonstrate the existence of a full and fair adversary hearing regarding Appellant Stein's discrimination defenses.

Stein v. Braum Inv. & Dev., Inc., 244 Fed. Appx. 816, 818-19 (9th Cir. 2007). The circumstances of the Hamilton UDA are comparable to those of Stein. The Hamilton UDA does not give rise to res judicata regarding title to the Hart Road Property.

The same deficiencies prevent the Mize UDA from having res judicata effect. In their answer, the Mizes stated "[the Mizes] possess and enjoy an irrevocable license to occupy the property by agreement with and payment to [Defendants'] predecessor in interest to the real property. [Defendants were] aware of said licens at the time [Defendants] purchased the 835 N. Hart Road property at the Trustee's Sale, 6/25/01." Doc. 869-3, Ex. I, ¶ 3j. The first exception does not apply as there is no record of the Mizes arguing defects in the process of foreclosure. The second exception does not apply as it does not appear that the Mizes even challenged Defendants' title to the Hart Road Property; that was an accepted fact in the Mize UDA. Additionally, Defendants have not established sufficient privity between the Mizes and Plaintiffs to apply res judicata.

Plaintiffs' MIL is granted and Defendants' MIL is denied.

**B. Defendants' MIL 19**

Defendants seek to exclude any argument or evidence that Henry Willms had a duty to disclose the purchase of a senior priority note. Doc. 847.  Plaintiffs do not oppose the motion. Doc. 862.

Defendants' MIL is granted.

**C. Defendants' MIL 20**

Defendants seek to exclude any argument or evidence of claims held by Estates in Eagle Ridge, LLP, James Batemen Petroleum Services, DBA Semco, and Enviro-Safe, Inc. Doc. 848. Plaintiffs do not oppose the motion. Doc. 863.

**D. Defendants' MIL 21**

Defendants seek to exclude any argument or evidence regarding Plaintiffs' losses from the Group Five Properties. Doc. 850.  Plaintiffs do not oppose the motion. Doc. 864.

Defendants' MIL is granted.

**E. Defendants' MIL 22**

Defendants seek to exclude any argument or evidence regarding the amounts bid at the foreclosure sales for the Group Three and Group Four Properties. Doc. 851.  Plaintiffs do not oppose the motion. Doc. 865.

Defendants' MIL is granted.

**F. Defendants' MIL 23**

Defendants seek to bar Plaintiffs from arguing that the trustee's sale of the Group Three Properties be set aside unless they first make an offer of tender. Doc. 852.  Plaintiffs argue that a motion in limine is an improper vehicle for making this argument and if they win at trial, "they will receive time to find alternative financing based upon the contractual agreement and fair

market value of the Property in 2001." Doc. 866, 3:14-15.

"It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." Arnolds Management Corp. v. Eischen, 205 Cal. Rptr. 15, 17 (Cal. App. 2d Dist. 1984). If a party requests setting aside a trustee's sale but is unable to offer tender, then they can not obtain their desired relief even if they prevail on the merits of their case; allowing this form of relief to be litigated would be futile. United States Cold Storage v. Great Western Savings & Loan Assn., 165 Cal. App. 3d 1214, 1225 (Cal. App. 1st Dist. 1985). The two remaining claims are for fraud and breach of contract with regards to the forbearance agreement. The question of tender was raised at an earlier motion for summary judgment. With respect to the breach of contract claim, the court in 2005 stated "Plaintiffs appear to concede that they are unable to tender payment for the properties. Plaintiffs ask that the court award them monetary damages. Accordingly, the court will strike Plaintiffs' request to set aside the foreclosure sale and restore title from the second amended complaint." Doc. 359, 18:18-20. The present motion arises from Plaintiffs' attempt to set aside the trustee's sale based on the fraud cause of action. The tender requirement also applies to fraud claims. Adesokan v. U.S. Bank, N.A., 582 Fed. Appx. 672, 673 (9th Cir. 2014).

It is clear that Plaintiffs are not making an offer of tender. Plaintiffs' suggestion that tender could be proffered after the trial based on alternative financing (which appears to be completely speculative) is not an unambiguous offer of the full amount. As Defendants point out, such conditional procedures have been rejected by California courts: "The substitute tender is neither a tender nor a binding offer. It is a request by Karlsen predicated upon nothing except the facts herein recited that the court judicially decree that Karlsen is entitled to an option indefinite in duration to buy the property embraced in the trust deed upon such terms as the court may decree to be reasonable." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 119 (Cal. App. 2nd Dist. 1971). "[I]t is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." Gaffney v. Downey Sav. &

Loan Ass'n, 200 Cal. App. 3d 1154, 1165 (Cal. App. 3rd Dist. 1988).  There are circumstances which excuse the tender requirement. See Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919, 929 (Cal. 2016) ("foreclosure deed is facially void").  Plaintiffs have not argued that any excuse applies.  Enforcing the tender requirement through motions in limine is not impermissible.  The court has the inherent authority to manage trials and determine what issues and evidence are appropriately submitted to a jury.

Defendants' MIL is granted.  Plaintiffs may not ask the jury to set aside the trustee's sale of the Group Three Properties.

## IV. Order

Plaintiffs' MIL 1 is GRANTED.  Defendants' MIL 18 is DENIED.

Defendants MILs 19, 20, 21, 22, and 23 are GRANTED.

IT IS SO ORDERED.

Dated:   April 11, 2016                              _____
                                                     SENIOR DISTRICT JUDGE