UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. HAMILTON, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>HENRY W. WILMMS, et al.,<br><br>    Defendants | CASE NO. 1:02-CV-6583 AWI SMS<br><br>ORDER DISMISSING ACTION WITH PREJUDICE AND AWARDING ATTORNEY'S FEES TO DEFENDANTS |

This is a longstanding case. Broadly, Defendants loaned Plaintiffs money. Plaintiffs gave Defendants deeds of trust on several pieces of property. Plaintiffs fell behind on payments. Defendants initiated foreclosure proceedings. Plaintiffs allege that Defendants agreed to postpone the sale of the properties in exchange for consideration. Plaintiffs allege that Defendants broke this agreement immediately and auctioned off the properties in a trustee's sale. Based on that conduct, Plaintiffs sued Defendants for fraud and breach of contract.

The trial proceedings started on the morning of Tuesday, April 12, 2016. Before a jury could be selected, the parties settled the case. The settlement was put on the record. The relevant terms are:

> Number 1. Plaintiffs shall dismiss this action with prejudice upon payment of $20,000 by defendants to plaintiffs or their assigns, which payment shall be made within 30 days and delivered to counsel for plaintiff[s].
>
> Number 2. In the event payment is made within 30 days and plaintiffs fail to apply

> to dismiss with prejudice, the defendants may apply ex parte for an order dismissing this action with prejudice.
>
> Number 3. Both parties shall bear their own costs and fees in this action other than in the event an application is made to enforce this agreement. In that event, the prevailing party in such a proceeding to enforce the settlement agreement shall be entitled to their reasonable attorney's fees and costs.
>
> Number 4. Upon payment of $20,000, the parties waive all claims and release on another and their agents and employees from all claims, known and unknown, and waive the provisions of California Civil Code section 1542.
>
> Number 5. This Court retains jurisdiction to enforce the terms of this agreement.
>
> Number 6. The parties agree to execute a written settlement agreement consistent with these terms, which agreement shall be prepared for counsel for defendants.
>
> Number 7. In the event plaintiffs fail to execute the written settlement agreement and defendants have paid the $20,000 within 30 days, defendants may apply for an order dismissing the action with prejudice.
>
> Number 8. Upon payment of the $20,000, the parties waive and release all appellate rights arising out of or related to this action or any orders or judgments entered therein.

Doc. 913, 13:25-15:5.  Subsequently, the parties initially cooperated to fulfill the terms of the settlement.  Plaintiffs' counsel and Defendants' counsel communicated back and forth and created a written draft agreement memorializing the content of the settlement agreement. See Doc. 915-3, Exs. A-C.  However, when the written agreement was presented to Plaintiffs, they did not sign it. Doc. 915-3, Ex. E.  Defendants sent a check for $20,000 made payable to Terry Hamilton and Sharon Hamilton on April 22, 2016; in the accompanying latter, Defendants made clear to if Plaintiffs did not dismiss this action with prejudice by April 25, 2016, Defendants would make a motion to dismiss this case with prejudice and seek attorney's fees and costs pursuant to the terms of the settlement agreement. Doc. 915-3, Ex. F.  Plaintiffs did not dismiss this case.  On April 26, 2016, Defendants filed an ex parte application to enforce the settlement agreement and for attorney's fees associated with making the motion. Doc. 915.  Defendants then modified their request to seek attorney's fees only from Terry Hamilton and not from Sharon Hamilton. Doc. 916.

"[C]ourts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it." Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978).  The terms of the settlement were clearly stated in open court.  Defendants had to prepare a written

settlement agreement and pay Plaintiffs $20,000 within 30 days.  Plaintiffs had to dismiss this case after receiving the $20,000.  Defendants have provided clear evidence that they have fulfilled the tasks the settlement agreement demanded of them.  Defendants' counsel has provided a declaration stating that a $20,000 check payable to Plaintiffs was given to Plaintiffs' counsel and has provided a photocopy of that check. Doc. 915-2, 4:1-9; Doc. 915-3, Ex. F.  Plaintiffs are supposed to dismiss this case with prejudice, but have failed to do so.  Defendants' request to enforce the settlement and dismiss this case is granted.

    Defendants also request a total of $1,620 to compensate for the 8.0 hours of effort put into this motion.  The terms of the settlement agreement permit Defendants to seek attorney's fees and costs for making this motion.  Defendants' counsel, Don Pool, is a litigator with over 20 years of experience. Doc. 915-2, 5:1-4.  Defendants request that his time be valued at the rate of $300 per hour.  Additionally, Defendants request that the paralegal's time be valued at $105 per hour.  Based upon the prior survey of the fees in the Fresno Division and the court's own knowledge, these are reasonable rates. See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (concluding "the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience" to determine reasonable hourly rates); Silvester v. Harris, 2014 U.S. Dist. LEXIS 174366, *12 (E.D. Cal. Dec. 17, 2014) ("the hourly rates generally accepted in the Fresno Division for competent experienced attorneys is between $250 and $380.... reasonable hourly rate for paralegals in the Fresno Division is between $75.00 and $150.00 per hour"). Defendants requests fees for a total of 8.0 hours. Doc. 915-2, p.4.  Mr. Pool spent 2.5 hours researching and drafting the motion and .5 hours communicating with clients. An additional 1.0 hours was budgeted for participation in a hearing on the motion.  As no hearing on this motion is being held, fees for that 1.0 hours of anticipated participation will be excised.  A paralegal spent 4.0 hours revising the brief, preparing the accompanying declaration, and gathering the exhibits.  The total time spent on these tasks to date appears to be reasonable.  Thus, $1,320 for 7.0 hours of work is awarded pursuant to the terms of the settlement agreement.

    Defendants' motion to enforce the settlement agreement is GRANTED.  This action is dismissed with prejudice.  Defendants' request for attorney's fees and costs is GRANTED.  A

total of $1,320.00 is awarded to Defendants against Plaintiff Terry Hamilton.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   June 6, 2016                                    _____
                                                                            SENIOR  DISTRICT  JUDGE